UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBIN HOEY                                          :
2905 Charredwood Court
Forestville, Maryland 20747,                        :

      Plaintiff,                               :        Case Number:

      v.                                       :

DISTRICT OF COLUMBIA,                               :
A Municipal Corporation
Serve: Mayor Adrian M. Fenty                        :
c/o Tabitha Braxton
Office of the Secretary for the                     :
Mayor of the District of Columbia
John A. Wilson Building                             :
Suite 419
1350 Pennsylvania Avenue, N.W.                      :
Washington, D.C. 20004
                                       :

Serve: Attorney General
of the District of Columbia                         :
c/o Gale Rivers, Tonia Robinson
& Darlene Fields                                    :
441 4th St. NW
Suite 600S                                          :
Washington, D.C. 20001
                                       :

      and
                                       :

CATHY M. LANIER,
Chief of Police                                     :
Metropolitan Police Department
300 Indiana Avenue, N.W.                            :
Washington, D.C. 20001,
                                       :

      Defendants.

## **COMPLAINT**

Comes now Plaintiff ROBIN HOEY through his attorneys with HANNON LAW

GROUP, LLP and for his Complaint against Defendants states as follows:

## NATURE OF THE CASE

This is an action for Declaratory and Injunctive relief and Compensatory and Punitive Damages on behalf of ROBIN HOEY, a Career Service member of the Metropolitan Police Department. On April 19, 2007, Defendant CATHY M. LANIER, Chief of Police of the Metropolitan Police Department, demoted ROBIN HOEY from his position as Commander to the position of Captain and transferred ROBIN HOEY from his position as Commander of the Sixth District to a position in the Central Cell Block. The actions of Defendants violated the Fifth Amendment of the United States Constitution by depriving Plaintiff ROBIN HOEY of his constitutionally protected right to his rank without due process of law.

## JURISDICTION

Jurisdiction of this Court is found in Title 28 U.S.C. §§ 1331, 1342 and 1367, and in Title 42 U.S.C. §§ 1983 and 1988.

## PARTIES

1. Plaintiff ROBIN HOEY is a resident of Maryland and a Career Service member of the Metropolitan Police Department. On August 1, 2004, ROBIN HOEY was promoted from the rank of Inspector to the rank of Commander in his 20th year of service to the Metropolitan Police Department.

2. Defendant DISTRICT OF COLUMBIA is a municipal corporation that employs Defendant CATHY M. LANIER and Plaintiff ROBIN HOEY.

3. Defendant CATHY M. LANIER is a resident of the District of Columbia and the Chief of Police of the Metropolitan Police Department, formally sworn in to that position on May 4, 2007.

## FACTS COMMON TO ALL COUNTS

4. For the Performance Plan Period of October 1, 2005 to September 30, 2006, Plaintiff ROBIN HOEY was awarded the highest Performance Evaluation possible -- that of "Significantly Exceeds Expectations" -- as a result of his work as Commander of the Sixth District. Throughout his career, Plaintiff ROBIN HOEY has been ranked among the best officers in the city.

5. In November of 2006, Adrian M. Fenty was elected the new Mayor of the District of Columbia.

6. On January 2, 2007, Mayor Fenty named Defendant CATHY M. LANIER as Acting Chief of Police. Chief LANIER'S appointment was approved by the City Council on April 3, 2007, and she was formally sworn in on May 4, 2007.

7. On April 19, 2007, Plaintiff ROBIN HOEY was summoned to the Office of Defendant Chief CATHY M. LANIER. Chief LANIER, in the presence of another person, told Plaintiff ROBIN HOEY that she was transferring him from the command of the Sixth District to the D.C. Central Cellblock and reducing him in rank from Commander to Captain, a reduction of two grades. Chief LANIER gave no reason for the transfer and demotion other than to say she wanted to have her own command team. Chief LANIER took ROBIN HOEY'S Commander's badge and gave him Captain's bars and insignia. When ROBIN HOEY stated that the action was unfair, Chief LANIER addressed him as Captain HOEY and told him that the decision had been made. Chief LANIER falsely stated that Captain HOEY was an "at will" employee, when she knew full well that he is a member of the Career Service entitled to all the benefits of the District of Columbia Comprehensive Merit Protection Act ["CMPA"]. Plaintiff ROBIN

3

HOEY was given no statement of reasons or cause for the demotion, nor any opportunity to be heard. Indeed, there was no cause for the demotion. The demotion was instituted immediately.

8. Defendants caused news of the transfer and demotion to be published throughout the Metropolitan Police Department, through the public press, and in various community meetings with citizens of the District of Columbia, including citizens of the Sixth District where Plaintiff ROBIN HOEY is held in high esteem.

9. Plaintiff ROBIN HOEY is and has always been a Career Service employee while employed with MPD, entitled to the full protections of the District of Columbia Comprehensive Merit Protection Act. The CMPA creates a property interest in public employment and establishes a Career Service in which employees are guaranteed to be promoted based on merit. Career Service employees cannot be terminated without cause. D.C. Code § 1-608.01, et seq., § 1-616.51, and § 1-616.52. Under the CMPA, Career Service employees can only be disciplined after prior notice and an opportunity to be heard. Discipline to which these rights apply specifically includes reduction in grade or demotion. D.C. Code § 1-616.52(b).

10. Defendants' actions in demoting Plaintiff ROBIN HOEY, assigning him to the Central Cellblock, and publicizing their unlawful actions caused Plaintiff ROBIN HOEY to suffer present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, and the costs and attorneys' fees of this action.

### COUNT ONE – Violation of 42 U.S.C. § 1983

11. Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

12. As a Career Service employee under the CMPA, Plaintiff ROBIN HOEY had a vested property interest in his position as Commander with the MPD. Neither the CMPA nor any other section of the D.C. Code allowed Defendants to demote Plaintiff without cause, prior notice, and an opportunity to be heard. As such, Plaintiff was owed the due process protections enjoyed by all other Career Service employees under the CMPA.

13. Defendants, acting under color of law, did deny Plaintiff ROBIN HOEY, a public employee, his due process rights when depriving him of his Fifth Amendment rights to property and liberty, in that Defendants demoted him without any due process or cause. In so doing, Defendants violated 42 U.S.C. § 1983 and the Constitution of the United States.

14. As a direct and proximate result of Defendants' violating Plaintiff's Fifth Amendment rights, Plaintiff suffered loss of income and other employment benefits and damages to his professional reputation. Further, as a direct and proximate cause of Defendants' violating his Fifth Amendment rights, Plaintiff has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

**COUNT TWO – Intentional and Negligent Infliction of Emotional Distress**

15. Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

16. Defendants acted in an extreme and outrageous fashion and negligently in demoting Plaintiff ROBIN HOEY with the intent and/or result of causing him emotional distress.

17. Defendants knew or should have known that Commanders promoted from the uniformed ranks were and are Career Service employees protected under the CMPA.

18. As a result of the this Court's decision in Fonville v. District of Columbia, 448 F.Supp.2d 21 (D.D.C. 2006)(Sullivan, J.), holding that a Commander promoted from the ranks is not an at will employee, Defendant District of Columbia in November of 2006, held a "ceremony" for all Commanders and Inspectors of the MPD. At that ceremony, each of these Commanders and Inspectors was given a "Certificate of Appointment" by Chief of Police Charles H. Ramsey. This ceremony was a pretextual attempt to undo the decision of this Court in Fonville v. District of Columbia. Plaintiff ROBIN HOEY contends that this "ceremony" was orchestrated by the leadership of the Metropolitan Police Department in order to demote Career Service employees within the command staff of the Chief of Police. However, the ceremony did not constitute an "appointment" of Plaintiff ROBIN HOEY to Commander; nor did it revoke or modify the protections that Plaintiff ROBIN HOEY enjoys as a Commander promoted from the uniformed rank and file.\

19. Defendants intentionally demoted Plaintiff ROBIN HOEY and transferred him to the MPD Central Cellblock to humiliate him and to cause him harm in his personal and professional life.

20. As a direct and proximate result of Defendants' intentional and negligent infliction of emotional distress in the foregoing actions, Plaintiff ROBIN HOEY suffered loss of income and other employment benefits and damages to his personal and professional reputation. Further, as a direct and proximate cause of Defendants' conduct, Plaintiff ROBIN HOEY has endured mental and physical pain and suffering,

embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

### COUNT THREE – Declaration of Rights

21. Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

22. Plaintiff ROBIN HOEY requests the Court to declare that, as a result of Defendants' violation of his constitutional rights by demoting him without cause, he be reinstated to the position of Commander with the Metropolitan Police Department, with restoration of all back pay, lost benefits, and the costs and attorneys' fees of this action.

### COUNT FOUR – Injunctive Relief

23. Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

24. Plaintiff ROBIN HOEY requests the Court to enjoin Defendants' demotion of him and order that he be restored to his rightful position as Commander with the Metropolitan Police Department, with restoration of all back pay, lost benefits, and the costs and attorneys' fees of this action.

### COUNT FIVE – Punitive Damages

25. Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

26. Defendants acted with evil motive, actual malice, deliberate oppression, with intent to injure Plaintiff and in willful disregard for the rights of Plaintiff. Defendants' conduct was itself outrageous, grossly fraudulent, and reckless toward Plaintiff ROBIN HOEY, for which Plaintiff ROBIN HOEY demands punitive damages and the costs and attorneys' fees of this action in an amount to be determined by a jury.

WHEREFORE, Plaintiff ROBIN HOEY prays that he be awarded compensatory damages in an amount in excess of the jurisdictional amount in controversy, punitive

damages to be determined by a jury, costs and attorneys' fees of this action, a declaration that he is entitled to be reinstated to the rank of Commander, and a permanent injunction returning him to the position of Commander with all back pay and benefits.

## DEMAND FOR JURY TRIAL

Plaintiff ROBIN HOEY hereby demands a trial by jury of all Counts triable by jury and of all factual allegations required for the determination of his Complaint.

Respectfully submitted,

HANNON LAW GROUP, LLP

J. Michael Hannon, Bar No. 352526
1901 18th Street, N.W.
Washington, D.C. 20009
(202) 232-1907
(202) 232-3704, Facsimile
jhannon@hannonlawgroup.com

Attorneys for Plaintiff Robin Hoey

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-919
JDB

## I (a) PLAINTIFFS
Robin Hoey

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
District of Columbia and Cathy M. Lanier

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J. Michael Hannon, Esq.
Hannon Law Group, LLP
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907

Case: 1:07-cv-00919
Assigned To : Bates, John D.
Assign. Date : 5/16/2007
Description: Employ Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ G. *Habeas Corpus/ 2255* | ⦿ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Civil Rights - Violation of 42 U.S.C. 1983

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ Yes   Check YES only if demanded in complaint
JURY DEMAND:   YES ⦿   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE May 16, 2007   SIGNATURE OF ATTORNEY OF RECORD  /s/ Michael Hannon

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

