# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBIN HOEY,                                    :

        Plaintiff,                        :          Case Number: 1:07-cv-00919
                                            Judge John D. Bates

        v.                                :

DISTRICT OF COLUMBIA, et. al.,                 :

        Defendants.                      :

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Robin Hoey, through his attorneys HANNON LAW GROUP, LLP respectfully submits this Motion for Partial Summary Judgment. In support of this Motion, Plaintiff submits the Statement of Material Facts and Memorandum of Points and Authorities filed herewith.

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff's Motion for Partial Summary Judgment.

## REQUEST FOR HEARING

Plaintiff respectfully requests a hearing on this Motion.

Respectfully submitted,

HANNON LAW GROUP, LLP


_____*/s/ J. Michael Hannon*_____
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorney for Robin Hoey*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Motion for Partial Summary Judgment, Statement of Material Facts Not in Dispute, Affidavit of Robin Hoey, Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment and forms of Order were sent via electronic filing, this 12th day of June, 2007, to:

Leah Brownlee Taylor
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D.C.  20001


                                      */s/ J. Michael Hannon*
                                      J. Michael Hannon

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBIN HOEY                                          :

        Plaintiff,                          :          Case Number: 1:07-cv-00919
                                              Judge John D. Bates
        v.                                 :

DISTRICT OF COLUMBIA, et. al.               :

        Defendants.                          :

## PLAINTIFF ROBIN HOEY'S STATEMENT OF
## MATERIAL FACTS NOT IN DISPUTE IN SUPPORT
## OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Robin Hoey, through his attorneys HANNON LAW GROUP, LLP, respectfully submits this Statement of Material Facts Not in Dispute in Support of his Motion for Partial Summary Judgment.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.      Plaintiff Robin Hoey is a Career Service employee of the Metropolitan Police Department ("MPD") as reflected in his performance evaluations and based on his promotions through the MPD. *See Affidavit of Robin Hoey at ¶ 1.*

2.      On August 1, 2004, Robin Hoey was promoted from the rank of Inspector to the rank of Commander in his 20th year of service with the MPD and placed in command of the Sixth District where he was held in high regard in the community. Uniform employees of MPD promoted to Commander maintain their status as Career Service employees. *See Affidavit of Robin Hoey at ¶ 5.*

3.      Cathy M. Lanier is Chief of Police of the Metropolitan Police Department.

4.      For the Performance Plan Period of October 1, 2005 to September 30, 2006, Robin Hoey was awarded the highest Performance Evaluation possible – that of

"Significantly Exceeds Expectations" – as a result of his work as Commander of the Sixth District. *See Affidavit of Robin Hoey at ¶ 8.*

5.    For the Performance Plan Period of October 1, 2004 to September 30, 2005, Robin Hoey was awarded the second highest Performance Evaluation possible – "Exceeds Expectations" – as a result of his work as Commander of the Sixth District. *See Affidavit of Robin Hoey at ¶ 7.*

6.    All of the Performance Evaluations received by Robin Hoey during his career, including those while an Inspector and Commander, indicate he is a Career Service employee. *See Affidavit of Robin Hoey at ¶ 7.*

7.    All of the personnel action forms generated for Robin Hoey by MPD for his promotion to Inspector and Commander indicated the action was a "Promotion" and not an "Appointment." *See Affidavit of Robin Hoey at ¶ 7.*

8.    On April, 19, 2007, Commander Robin Hoey, was summoned to the office of Chief of Police Cathy M. Lanier.  Chief Lanier informed Commander Robin Hoey that she was transferring him from the command of the Sixth District to the D.C. Central Cellblock and reducing him in rank from Commander to Captain, a reduction of two grades.  Chief Lanier immediately took Robin Hoey's Commander's badge and replaced them with Captain's bars and insignia. *See Affidavit of Robin Hoey at ¶ 10.*

9.    Chief Lanier gave Robin Hoey no reason or cause for the demotion. Robin Hoey was not given an opportunity to be heard, and the demotion went into effect immediately. *See Affidavit of Robin Hoey at ¶ 12.*

10.   Chief Lanier stated that Robin Hoey was an "at will" employee.  However, Robin Hoey is a Career Service public employee entitled to all the benefits of the District

of Columbia Comprehensive Merit Protection Act ("CMPA").  *See Affidavit of Robin*

*Hoey at ¶ 11.*

      11.     Commanders promoted from within the uniformed ranks of the MPD are

Career Service employees protected under the CMPA.  D.C. Code § 1-608.01 (d-2)(1).

      12.     The CMPA creates a property interest in public employment and

establishes a Career Service in which employees are guaranteed to be promoted based on

merit.  D.C. Code § 1-608.01, et seq., § 1-616.51 and § 1-616.52.

      13.     Under the CMPA, Career Service employees can only be disciplined for

cause after prior notice and an opportunity to be heard.  Discipline to which these rights

apply specifically includes reduction in grade, reduction in pay and demotion.  D.C. Code

§1-1601.1, § 1-616.52(b).

                    Respectfully submitted,

                    HANNON LAW GROUP, LLP


                    _____*/s/ J. Michael Hannon*_____
                    J. Michael Hannon, #352526
                    1901 18th Street, N.W.
                    Washington, DC 20009
                    (202) 232-1907
                    (202) 232-3704 (facsimile)
                    jhannon@hannonlawgroup.com

                    *Attorneys for Robin Hoey*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBIN HOEY                  :

       Plaintiff,               :        Case Number: 1:07-cv-00919

                                              Judge John D. Bates

       v.                       :

DISTRICT OF COLUMBIA, et. al.     :

                                     :

       Defendants.

## AFFIDAVIT OF PLAINTIFF ROBIN HOEY

My name is Robin Hoey and I am competent to give this affidavit.

1.      I am a career service employee with the Metropolitan Police Department having begun my service on December 16, 1985, as an officer.

2.      On January 16, 2000, Robin Hoey, was promoted from Lieutenant, serving in the Special Services Command, Special Operations Division, to Captain, serving in the ROC-East, Sixth District. The Request for Personnel Action, in Field "A. Kind of Action Requested:" when asked to "Specify appointment, reassignment, resignation, etc." the form states, "Promotion." *See Request for Personnel Action, DC Standard Form 52, dated January 16, 2001. Exhibit A.*

3.      On April 22, 2001, I, Robin Hoey, was promoted from the rank of Captain, serving in the Special Investigative Division to the rank of Inspector in the Special Investigative Division. Again, the Request for Personnel Action, in Field "A. Kind of Action Requested:" when asked to "Specify appointment, reassignment, resignation, etc." the form states, "Promotion." *See Request for Personnel Action, DC Standard Form 52, dated April 22, 2001 Exhibit B.*

4.    Chief Ramsey personally authorized my promotion to Inspector from Captain in a letter to the Human Services Officer. *See letter dated May 3, 2001 from Charles H. Ramsey, Chief of Police. Exhibit C.*

5.    On August 1, 2004, I, Robin Hoey, was promoted from the rank of Inspector to the rank of Commander for the Sixth District, in my 20th year of service with the Metropolitan Police Department. Again, the Request for Personnel Action, in Field "A. Kind of Action Requested:" when asked to "Specify appointment, reassignment, resignation, etc." the form states, "Promotion." *See Request for Personnel Action, DC Standard Form 52, dated August 1, 2004. Exhibit D. See also, Personnel Action, Pers. Form 1, dated August 3, 2004. Exhibit E.*

6.    For my Performance Evaluation conducted on October 15, 2002 while I was an Inspector, my "Type of Service" was listed as "Career Service Supervisor" rather than "Excepted Service" and I received an "Exceeds Expectations" evaluation. The form provides check boxes for both "Career Service Supervisor," "MSS," and "Excepted Service." *See Performance Evaluation Form, dated October 15, 2002. Exhibit F.*

7.    For my Performance Plan Period of October 1, 2004 through September 30, 2005, I was awarded the second highest Performance Evaluation possible, "exceeds expectations," as a result of my work as Commander of the Sixth District. *See Performance Evaluation, October 1, 2004 to September 30, 2005. Exhibit G.*

8.    For my performance period of October 1, 2005 through September 30, 2006 I received the highest Performance Evaluation possible, that of "Significantly Exceeds Expectations," as a result of my work as Commander of the Sixth District. *See Performance Evaluation, October 1, 2005 to September 30, 2006. Exhibit H.*

9.     My performance evaluations reflect my standing as a Career Service employee. Significantly, my Performance Evaluations for October, 2004 through September, 2005, and October, 2005 through September, 2006, during my tenure as Commander of the Sixth District reflects my standing as "Full Time/Career" and not Excepted Service. *See Exhibits G and H.*

10.    On April 19, 2007, Police Chief Cathy M. Lanier summoned me to her office where she informed me that I was being transferred from the command of the Sixth District to the District of Columbia Central Cellblock. She further informed me that my rank was being reduced from Commander to Captain, a reduction of two grades. Police Chief Lanier immediately took my Commander's Badge and replaced them with Captain's bars and insignia.

11.    Chief Lanier stated that I was an "at will" employee. However, as my employee record indicates, I am a Career Service employee entitled to the benefits of the District of Columbia Comprehensive Merit Protection Act.

12.    Chief Lanier gave no reason or cause for the demotion, and I was not given an opportunity to be heard.

13.    The demotion took effect immediately.

14.    At the time of my promotion to Commander and assignment to the Sixth District, I reported directly to Regional Assistant Chief Willie Dandridge. Assistant Chief Willie Dandridge reported to Executive Assistant Chief Michael Fitzgerald, who in turn reported directly to Chief of Police Charles H. Ramsey.

15.    All exhibits provided are true and accurate copies of documents from my personnel file which I personally obtained and copied.

FURTHER AFFIANT SAYETH NOT.

I HEREBY SWEAR under the penalties of perjury of the United States of

America that the information I have provided above is true and correct to the best of my

knowledge and belief.

July 12, 2007

ROBIN HOEY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBIN HOEY,                                    :

        Plaintiff,                         :          Case Number: 1:07-cv-00919
                                                Judge John D. Bates

        v.                                        :

DISTRICT OF COLUMBIA, et. al.,                 :

        Defendants.                        :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' DISTRICT OF COLUMBIA AND CATHY LANIER'S MOTION TO DISMISS THE COMPLAINT, AND/OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF <u>PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

        Plaintiff Robin Hoey, by and through his attorneys HANNON LAW GROUP,

LLP, respectfully presents this Memorandum in support of his Motion for Partial

Summary Judgment against the Defendants the District of Columbia and Cathy Lanier,

Chief of Police.  Robin Hoey moves for Partial Summary Judgment against these

Defendants on Count III (Declaration of Rights) and Count IV (Injunctive Relief).

        Defendants have also moved to Dismiss, And/Or in the Alternative for Summary

Judgment on all counts in the Complaint.  This Memorandum is also filed in opposition

to the Defendants' Motion to Dismiss, And/Or, in the Alternative Motion for Summary

Judgment.

## <u>INTRODUCTION</u>

        In 2004, after 20 years as a Career Service Officer with the Metropolitan Police

Department ("MPD"), Robin Hoey was promoted from the rank of Inspector to the rank

of Commander, and Commander Hoey took command of the Sixth District where he is

held in high esteem.  On April 19, 2007, Chief of Police Cathy Lanier demoted Robin

Hoey, without explanation, from Commander to Captain and transferred him from the Sixth District to the D.C. Central Cellblock.  The demotion was given immediate effect without cause, notice, or an opportunity to be heard.

Having been promoted through the ranks, Robin Hoey is a Career Service Employee of the Metropolitan Police Department.  Under the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), Career Service employees are vested with a property interest in public employment; consequently, they cannot be disciplined absent a showing of cause.  Further, the CMPA requires that all members of the Career Service be given written notice and an opportunity to be heard prior to any disciplinary action including reductions in grade, reductions in pay, and demotions.

The actions of Chief of Police Cathy Lanier are a clear violation of the CMPA and the District of Columbia Code provisions which govern this matter.  There is no discovery required with respect to Defendants' violation of the statutory requirements of due process afforded Robin Hoey.  Consequently, Robin Hoey contends that this Court should grant Summary Judgment on Counts III (Declaration of Rights) and Count IV (Injunctive Relief).  Disposition of these claims and the Defendants' parallel contentions in their motion to dismiss would expedite the resolution of this action.

## FACTUAL BACKGROUND

Robin Hoey has been employed with the MPD for over 22 years.  Throughout his service with MPD, paperwork documenting his promotions and evaluations confirm that he was and is a Career Service employee.  On August 1, 2004, Hoey was promoted from the rank of Inspector to the rank of Commander.  See Statement of Material Facts ("SMF") ¶ 2.  At that time, Hoey took command of the Sixth District where he was held

in high regard by the community. <u>Id</u>. For the Performance Plan Period of October 1, 2005 to September 30, 2006, during his tenure as Commander of the Sixth District, Hoey received a 5 out of a possible 5 on his evaluation. <u>See</u> SMF ¶ 4; Exhibit H. This is the highest evaluation possible and signifies that he has significantly exceeded the expectations for an individual in his position. <u>See</u> SMF ¶ 4; Exhibit H. In addition, for the Performance Plan Period of October 1, 2004 to September 30, 2005, Hoey received a rating of 4.88, signifying that he exceeded the expectations of an individual in his position. <u>See</u> SMF ¶ 5; Exhibit G.

On April 19, 2007, Chief Lanier summoned Commander Robin Hoey to her office. <u>See</u> SMF ¶ 8. On that day, Chief Lanier informed Commander Hoey that she was transferring him from Command of the Sixth District to the D.C. Central Cellblock. <u>Id</u>. Chief Lanier reduced Hoey's rank, by two grades, from Commander to Captain. <u>Id</u>. Chief Lanier offered Hoey no reason for his demotion other than to say that she wanted her own command team. <u>See</u> SMF ¶ 9. Chief Lanier immediately took possession of Hoey's Commander's badge and replaced it with Captain's bars. Robin Hoey was given no written notice. The demotion went into effect immediately with no opportunity for him to be heard on the matter. <u>See</u> SMF ¶ 8. Hoey's demotion came after 20 plus years of service to the citizens of the District of Columbia as an MPD employee and following at least two years of exceptional service as Commander of the Sixth District, exemplified by Plaintiff's Performance Evaluations. See SMF ¶ 4-5; Exhibits G & H.

When Hoey questioned her about the demotion, Chief Lanier told Hoey that he was an at-will employee. <u>See</u> SMF ¶ 10. Captain Lanier's statement is not correct as a matter of law and fact. The CMPA establishes a Career Service track which guarantees

employees promotion based on merit.  <u>See</u> SMF ¶ 12; D.C. Code § 1-608.01.  As an

MPD official promoted into the rank of Commander, Robin Hoey qualifies as a Career

Service employee.  <u>Id</u>.  Chief Lanier knew that Captain Hoey was a member of the Career

Service when she demoted him.  Likewise, Chief Lanier knew she was violating the

applicable CMPA provisions.

 Robin Hoey has always been a Career Service employee of the MPD.  Every

Personnel Action Form and every Performance Evaluation received by Robin Hoey

throughout his career, including when he was an Inspector and Commander, reflect that

he is Career Service.

 The CMPA states very specifically that members of the Career Service may not

be disciplined without cause.  <u>See</u> D.C. Code § 1-616.51.  In establishing a Career

Service and subsequent disciplinary guidelines and provisions, the CMPA creates a

property interest in public employment.  <u>See</u> SMF ¶ 10.  Consequently, public

employees, in this case Hoey, cannot be disciplined without cause and proper prior

written notice and an opportunity to be heard.  <u>See</u> SMF ¶ 13; D.C. Code § 1-616.51.

Reductions in grade, reduction in pay and demotions are adverse actions for which the

CMPA provides procedural due process.  <u>See</u> SMF ¶ 13; D.C. Code § 1-616.52(b).

## **<u>ARGUMENT</u>**

 Robin Hoey has filed a Complaint against the District of Columbia and Chief of

Police Cathy M. Lanier alleging Violations of Constitutional Rights, Intentional and

Negligent Infliction of Emotional Distress, and seeking Declaratory and Injunctive Relief

as well as Punitive Damages.  Defendants have filed a motion to dismiss or, in the

alternative, for summary judgment on all counts of the Complaint.

Robin Hoey by way of crossmotion now seeks Partial Summary Judgment as to Count III for Declaration of Rights and Count IV for Injunctive Relief. Robin Hoey opposes Defendants' Motion to Dismiss, And/Or, in the Alternative for Summary Judgment on all Counts raised in the Complaint.

## I.     ROBIN HOEY IS ENTITLED TO SUMMARY JUDGMENT AS TO COUNTS III, DECLARATION OF RIGHTS, AND COUNT IV, INJUNCTIVE RELIEF

In Counts III and IV, Robin Hoey seeks a declaration from the Court that he is a Career Service employee of the MPD, that he was wrongly demoted without due process, and that he is entitled to reinstatement to the position of Commander.

### A.     <u>Standard for Summary Judgment</u>

Summary judgment is to be granted when the evidence and pleadings demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>Beaty v. Republic of Iraq</u>, 2007 U.S. Dist. LEXIS 19191, 18-20 (D.D.C. 2007). <u>See also</u> Fed R. Civ. P. 56 (c). In determining whether summary judgment is appropriate, the Court will judge the evidence and facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. <u>Hunter v. Rice</u>, 2007 U.S. Dist. LEXIS 20859 (D.D.C 2007). <u>See</u> <u>Waterhouse v. District of Columbia</u>, 298 F.3d 989, 991 (D.C. Cir. 2002). Any opposition by the non-moving party to a motion for summary judgment must be supported by evidence which demonstrates a genuine issue for trial. <u>Hunter v. Rice</u>, 2007 U.S. Dist. LEXIS 20859. In the absence of a genuine issue of fact for jury determination, summary judgment may be granted. <u>Id</u>.

**B.      Plaintiff Hoey is a Career Service Employee of the Metropolitan
Police Department With A Property Interest in His Employment.**

The City Council has created through legislation various categories of employees
to serve the needs of the citizens.  Among the various categories established are those of
Excepted Service employees and Career Service employees.  Excepted Service
employees are those employees whose primary duties are of a policy determining,
confidential, or policy advocacy character and who report directly to the head of an
agency.  D.C. Code § 1-609.02.  These employees have no tenure because they are
intended to serve at the discretion of the executive.

Career Service employees make up the bulk of the City's work force.  In order to
achieve organizational effectiveness, the City Council has instituted a positive approach
toward employee discipline within the Career Service.  This approach is codified, and
requires that discipline be taken only for cause, after prior written notice, and with an
opportunity to be heard.  D.C. Code § 1-616.51.

The City Council has also expressly provided that Inspectors and Commanders of
the MPD may either be Career Service or Excepted Service employees.  Career Service
Inspectors and Commanders are promoted to their positions, while Excepted Service
Inspectors and Commanders are appointed to their positions.  The former may not be
demoted by the Chief of Police without cause.  The latter may be demoted without cause.

Plaintiff Robin Hoey is among the category of Commanders who have been
promoted through the Career Service.

**1.      Creation of Career Service and an Excepted Service**

The District of Columbia Comprehensive Merit Personnel Act creates a Career
Service for District employees:

The Mayor shall issue rules and regulations governing employment, advancement, and retention in the Career Service which shall include all persons appointed to positions in the District Government, except persons appointed to positions in the Excepted, Executive, Educational, Management Supervisory, or Legal Service.

D.C. Code § 1-608.01.  All officers employed in the Metropolitan Police Department are Career Service employees unless they are specifically appointed to the Excepted Service.

Excepted Service appointments are also created by statute.

The qualifications for each Excepted Service position shall be developed and issued by the appropriate personnel authority in consultation with the Mayor.  Each employee appointed in the Excepted Service (except those included in § 1-609.08) must meet the minimum standards prescribed for the position to which he or she is appointed.  Each personnel authority may fill positions in the Excepted Service as provided in this subchapter. Excepted Service employees may be hired noncompetitively.  Persons appointed to the Excepted Service are not in the Career, Educational, Executive, Management Supervisory or Legal Service.

D.C. Code § 1-609.01.  These Excepted Service appointments are "intended to be an individual whose primary duties are of a policy determining, confidential, or policy advocacy character and who reports directly to the head of an agency."  § 1-609.02.  With respect to the Metropolitan Police Department, the City Council provides that "the Chief of Police may designate up to 1% of the total number of authorized positions within the Metropolitan Police Department as Excepted Service policy positions, no more than 10 of which may be filled with sworn members or officers."  D.C. Code § 1-609.03 (a)(2).

There are significant differences between these two classifications and the protections afforded employees.  Employees in the Excepted Service do not have any job tenure or protection, nor do they have any right to appeal a demotion.  See D.C. Code § 1-609.04.  Additionally, Excepted Service employees do not have a "property interest protected by the Fourteenth Amendment."  See Mulhall v. District of Columbia, 747 F.

Supp. 15 (D.D.C. 1990).  However, employees in the Career Service are afforded due

process rights in recognition that their employment is a property right.   These protections

include assurances that disciplinary actions may only be taken for cause.  Prior written

notice is required for any adverse action, and an opportunity to be heard within a

reasonable time after any action is proposed.  See D.C. Code §§ 1-616.51, 1-616.52.

Crucial to Robin Hoey's Complaint is that Career Service employees cannot be demoted

without cause.

### 2.    Career Service and Excepted Service in the Metropolitan Police Department

On September 30, 2004, District of Columbia Law 15-194, the Omnibus Public

Safety Agency Reform Amendment, became effective.  Included in this Amendment was

an addition to D.C.Code § 1-608.01 in the form of § 1-608.01(d-2)(1).  This subsection

states the following:

> The Chief of Police shall recommend to the Director of Personnel criteria
> for Career Service promotions and Excepted Service appointments to the
> positions of Inspector, Commander, and Assistant Chief of Police that
> addresses the areas of education, experience, physical fitness, and
> psychological fitness.  The recommended criteria shall be the same for
> Career Service promotions and Excepted Service appointments to these
> positions.

D.C. Code § 1-608.01(d-2) (1)(emphasis supplied).  Prior to the addition of subsection

(d-2)(1) to § 1-608.01, the Comprehensive Merit Personnel Act did not specifically

address the position of Commander and its status as Career Service or Excepted Service.

Subsection (d-1), which predated the September 30, 2004 amendment, stated only that

"the Assistant and Deputy Chiefs of Police and inspectors shall be selected from among

the captains of the force and shall be returned to the rank of captain when the Mayor so

determines." <u>See</u> D.C. Code § 1-608.01(d-1).  Notably absent is the position of Commander.

The language of subsection (d-1) in its former iteration became an issue in <u>Fonville v. District of Columbia</u>, 448 F. Supp. 2d 21, 28 (D.D.C. 2006). In that case, Judge Sullivan determined that the Commander position was not identified in the language of (d-1) and, therefore, a Commander cannot be deemed an "at will" employee. The <u>Fonville</u> decision did not discuss the Excepted Service and Career Service distinction, but it clearly established that the statute in existence in 1999, when Fonville was a Commander, did not permit Chief of Police Charles H. Ramsey to demote him without cause.

The September 30, 2004, amendment in § 1-608.01 does address the employment status of Commanders more specifically than subsection (d-1).  The amended language of subsection (d-2) clearly recognizes  two paths by which an MPD officer can become an Inspector, Commander or Assistant Chief of Police.  The statute states that there will be recommended criteria for both *Career Service promotions **and** Excepted Service appointments* and that these criteria shall be the same.  Twice, the statute makes clear that these positions (Inspector, Commander, and Assistant Chief of Police) can be achieved through Career Service promotion or Excepted Service appointment.  There obviously must be these two paths to the positions of Inspector, Commander and Assistant Chief of Police because the Chief of Police is prohibited from designating more than 10 uniformed officers as Excepted Service.  <u>See</u> D.C. Code § 1-609.03(a)(2).  The only way to have more than 10 such officers – which has been the case for some time – is to permit promotion to those positions through Career Service.

Oddly, the District argues in its motion that Robin Hoey may not rely on Judge

Sullivan's analysis in <u>Fonville v. District of Columbia</u>.  Defendants state as follows:

> The courts ruling in *Fonville* is inapplicable to the instant case.  The
> plaintiff in Fonville was demoted in 1999, *before* the enactment of § 1-
> 608(d-2)(1),  which clearly states that there is an Excepted Service
> Appointment to the position of Commander.

Defendants' Motion at 10.  Defendants' argument is without merit.  The statutory

language relied upon by Judge Sullivan is unchanged by subsection (d-2).  Judge Sullivan

wrote in <u>Fonville</u>:

> This regulation (§ 872.5) clearly conflicts with the enabling statute (D.C.
> Code § 4-104), which provided at the time of plaintiff's demotion, "the
> Assistant and Deputy Chief of Police and Inspectors shall be selected from
> among the captains of the force and shall be returned to the rank of captain
> when the Mayor so determines."

<u>Fonville v. District of Columbia</u>, 448 F.Supp.2d at 26.  D.C. Code § 4-104 has been

moved to D.C. Code § 5-105.01, and the language has remained the same with regard to

who may returned to the rank of captain.  Within the lengthy provision of § 5-105.01 is

the following language, "…the Assistant and Deputy Chiefs of Police and inspectors

shall be selected from among the captains of the force and shall be returned to the rank of

Captain when the Mayor so determines."  This is the exact same language Judge Sullivan

evaluated when determining that the Chief of Police could not demote a Commander to

Captain without due process.[1]

Defendants correctly assert in their Motion that § 1-608.01(d-2)(1) was enacted

after the <u>Fonville</u> decision.  That enactment, however, further strengthens Robin Hoey's

claim that he is Career Service and that the Chief of Police cannot simply demote a

commander at her discretion.  As previously discussed, the addition of (d-2)(1) to § 1-

---

[1]     The same language is found in D.C. Code § 1-608.01(d-1).

608.01 reiterates the two methods by which an officer can become a Commander: through Career Service promotion or Excepted Service appointment. Just as in <u>Fonville</u>, no statute at the time of Hoey's demotion authorized a discretionary demotion of a Commander to Captain. Rather, § 5-105 continues to exclude Commander from the list of positions which may be returned to Captain.

### 3.    Robin Hoey Was Promoted to the Career Service Position of Commander

Robin Hoey is a Career Service employee of the District of Columbia, which Defendants virtually concede in their motion where they ask this Court to assume "arguendo that plaintiff was a Career Service employee." Defendants' Motion to Dismiss at 1. One would think that Robin Hoey's employer would <u>know</u> whether he is a Career Service or Excepted Service employee and be able to prove either proposition to the Court's satisfaction. Robin Hoey is clearly within that class of officers who became Commanders via promotion and remain members of the Career Service.

Hoey began his career with the Metropolitan Police Department on December 16, 1985. He achieved the rank of Captain on January 16, 2000. <u>See</u> Affidavit of Robin Hoey at ¶ 2; Exhibit A. There is no disagreement in this case that the rank of Captain is a Career Service position. Therefore, it is uncontroverted that Hoey was a Career Service employee upon his promotion to Captain.

In April of 2001, Captain Hoey was promoted to the rank of Inspector. <u>See</u> Affidavit of Robin Hoey at ¶ 3. Former Chief of Police Charles H. Ramsey authorized and announced this promotion in a memorandum dated May 3, 2001 to the Human Services Officer. <u>See</u> Exhibit C. The Request for Personnel Action, in Field "A. Kind of Action Requested" requires the writer to "Specify appointment, reassignment,

resignation, etc."  The form in Inspector Hoey's case stated "Promotion."  See Affidavit of Robin Hoey at ¶ 3; Exhibit B.  In Hoey's Performance Evaluation for the period of April 22, 2001 through September 3, 2001, his first performance period as Inspector, it was noted that then Inspector Hoey was a "Career Service Supervisor" in the box provided for "Type of Service."  A box is also provided for "Excepted Service," but was not chosen. See Exhibit I.  Therefore, as of his promotion to Inspector, Hoey was still a member of the Career Service and was categorized as such.  A second evaluation performed on October 15, 2002, also has the "Career Service Supervisor" notation in "Type of Service" rather than the "Excepted Service" option provided.  See Affidavit of Robin Hoey at ¶ 6, Exhibit F.

On August 1, 2004, Hoey was promoted to Commander of the Sixth District.  The Personnel Form 1 which documents this change under "Nature of Action/Code" states "Promotion" as does the Request for Personnel Action, DC Standard Form 52, which states "Promotion" in the "Kind of Action Requested" field.  See Affidavit of Robin Hoey at ¶ 5; Exhibits D & E.  Hoey's Performance Evaluation for October 1, 2004 through September 30, 2005, the first evaluation upon his promotion to Commander, also shows his status as Career Service.  The "Employee Type" field, indicates that Hoey was "Full Time/Career," not "Full Time/Excepted," which the District could have indicated. See Affidavit of Robin Hoey at ¶ 7, Exhibit G.  On his second evaluation as Commander, for the period of October 1, 2005 through September 30, 2006, Hoey was again listed as "Full-Time/Career" in the "Employee Type" field.  See Affidavit of Robin Hoey at ¶ 8, Exhibit H.

Considering all of the documents and the language of the applicable statutes, Hoey was a member of the Career Service upon his promotion to Commander.  In Mulhall v. The District of Columbia, 747 F. Supp. 15 (D.D.C. 1990), the District Court held that an attorney working for the District of Columbia could not have legitimately expected a property interest in continued employment.  In support of that conclusion the court pointed to the fact that the "OCC's personnel action Form 1 listed plaintiff as a temporary employee whose term was not to exceed thirteen months."  Id at 23. Furthermore, "the communications between the parties could not have led plaintiff to legitimately expect a 'property' interest in continued employment."  Id.  Conversely, in the present case, Robin Hoey's personnel forms repeatedly use the terms "Promotion" and "Career Service" or "Full Time/Career."  Chief Ramsey's letter announcing Captain Hoey's promotion to Inspector, as well as the communication Hoey received from the MPD in the form of evaluations, repeatedly reinforced his legitimate understanding that he was a Career Service officer.

Judge Sullivan concluded that Commander Fonville had not relinquished his status as Career Service upon his promotion from Captain.  See Fonville, 448 F. Supp. 2d at 28.  Similarly, in the instant case, if Robin Hoey did experienced a change in status upon his promotion from Captain to Inspector, or Inspector to Commander, that change in status would have meant the loss of important protections afforded a Career Service employee.  There is no evidence of such a change in status.  Moreover, any loss of protected status without cause would be a deprivation of due process.  The rights and privileges of the Career Service cannot be stripped from an employee without notification

and an opportunity to consider the implications of that change in status, even by promotion. Robin Hoey was afforded no such notice or opportunity.

For these reasons, the Court should reject Defendants' argument that Robin Hoey was an "at will" employee.

### C.    Robin Hoey is Entitled to Declaratory and Injunctive Relief.

Declaratory judgments determine rights and obligations. As established by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), courts may exercise jurisdiction and declare the rights of the parties when there is an actual controversy between the parties. Citizen Elecs. Co. v. Osram GmbH, 377 F. Supp. 2d 149, 152 (D.D.C. 2005); EMC Corp. v. Norand Group., 89 F.3d 807, 810 (Fed. Cir. 1996). In order to determine whether an actual controversy exists, the court must evaluate each case individually and determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937).

Robin Hoey is seeking a judicial declaration that he: (1) is a Career Service member of the Metropolitan Police Department and (2) was demoted without cause in violation of his constitutional right to due process.

Injunctive relief is also warranted in this matter to enjoin Defendants' demotion of Robin Hoey and order that he be restored to his rightful position as Commander. As stated in Partido Revolucionario Dominicano Seccional Metropolitan de Washington –

14

<u>DC v. Partido Revolucionario Dominicano Seccional de Maryland y Virginia</u>, 312 F.

Supp. 2d 1, 11; (D.D.C. 2004):

> In determining whether to enter a permanent injunction, a court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction.

There are no facts in dispute.  From the undisputed facts, Robin Hoey is entitled to

judgment on his Count for Declaratory relief.  It follows that he is also entitled to a

permanent injunction.

> **II.    DEFENDANT DISTRICT OF COLUMBIA AND CATHY LANIER'S MOTION TO DISMISS, AND/OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, SHOULD BE DENIED.**

Robin Hoey submits that his argument in Part I sufficiently answers Defendants'

contentions that he is an "at will" employee.  The following addresses the Defendants'

remaining arguments in their motion.

### A.    <u>Robin Hoey is Not Required to Exhaust Administrative Remedies</u>.

Defendants assert that the Complaint must be dismissed because Robin Hoey has

not exhausted his administrative remedies.  Actions filed pursuant to 42 U.S.C. § 1983 do

not require an exhaustion of administrative remedies as a prerequisite.  See <u>Roache v.

District of Columbia</u>, 654 A.2d 1283 (D.C. 1995) <u>citing</u> <u>Patsy v. Board of Regents</u>, 457

U.S. 496 (1982).  Defendants' argument that Robin Hoey is required to exhaust

administrative remedies in the OEA prior to bringing this suit is therefore without merit.

The Supreme Court has held that, "exhaustion of administrative remedies was not

a prerequisite to a § 1983 action because Congress assigned to the courts the role of

protecting constitutional rights and did not intend under most circumstances for civil rights claims to be initially addressed through state administrative procedures." <u>Patsy v. Board of Regents of the State of Florida,</u> 457 U.S. 496 (1982).

While the CMPA procedures are designed to address employee grievances, its procedures do not address a deprivation of constitutional rights. As a Career Service employee, Robin Hoey has a property interest in his employment and therefore a constitutional right to due process when that property interest is implicated. Plaintiff need not exhaust administrative remedies before asserting his constitutional rights in federal court. The legislative history of civil rights legislation supports that position, as quoted in <u>Patsy.</u>  "The 1871 Congress intended § 1 (of the Civil Rights Acts of 1871) to 'throw open the doors of the United States courts' to individuals who were threatened with, or who had suffered, the deprivation of constitutional rights, and to provide these individuals ***immediate access*** to the federal courts notwithstanding any provision of state law to the contrary." <u>Patsy</u>, 457 U.S. at 504.

Further evidence of Congressional intent on this point can be seen in the legislative history of 42 U.S.C. § 1997e, The Civil Rights of Institutionalized Persons Act. During debate about whether to include an exhaustion requirement, the Chairman of the Subcommittee stated, "if we were to require it, particularly in § 1983, that would constitute regression from the current state of law. It would set the law back, because presently it is clearly held, that is the Supreme Court has held, that in § 1983 civil rights suits, the litigant need not necessarily fully exhaust state remedies." <u>Id</u> at 510.

Furthermore, as a practical matter there is no reason for this Court to defer to the Office of Employee Appeals. Both the Defendants and Robin Hoey have submitted the

issue of his status as a Career employee to this Court for summary determination.  The

Court should proceed to do so, since the law and the facts are clear.

  **B.**  **Hoey's Intentional and Negligent Infliction of Emotional Distress**
     **Claims Are Not Precluded by the CMPA**

  Defendants cite <u>Anderson v. Ramsey</u>, 2006 U.S. Dist. LEXIS 21034 (D.D.C.

2006) in support of their position that intentional infliction of emotional distress claims

are held to a heightened standard in employment cases in the District of Columbia.

While employer-employee based claims of intentional or negligent infliction of emotional

distress are subjected to scrutiny in the District of Columbia, it is still entirely possible for

a plaintiff, such as Robin Hoey, to plead and prove the essential elements of the claim.

Unlike the conflict in <u>Anderson</u>, Plaintiff Robin Hoey's claim is not simply "at bottom an

employer-employee dispute." <u>Anderson</u> at 26.  Cleary, Robin Hoey is disputing his

employer's decision to demote him from Commander to Captain; however, it is the

disrespectful, groundless, and public manner in which this demotion was carried out

which is the basis of this claim.  The Defendants chose not only to demote Robin Hoey in

obvious violation of CMPA provisions, but to take such an action without any respect for

the Career Service status of the Plaintiff.

  The District of Columbia and Cathy Lanier's actions towards Robin Hoey do rise

to the level of extreme and outrageous conduct that intentionally or recklessly caused the

Plaintiff severe emotional distress.  As the Commander of the Sixth District and a 20 year

veteran of the service, the Defendants were keenly aware of the Plaintiff's prominent

presence in the community and the value he placed on his role in the Metropolitan Police

Department.  When demoting the Plaintiff in the cavalier manner chosen, Defendants

willfully disregarded the impact their actions would have on Hoey's emotional state.

Recognizing Plaintiff's pride in his position and his close ties with the community, the Defendants' should have chosen a path that respected those relationships and the applicable regulations.  It is precisely this type of unprofessional and ultimately unlawful behavior that is "intolerable in a civilized society." Sere v. Group Hospitalization, Inc. 443 A.2d 33, 37 (D.C. 1982).

Finally, in an ordinary civil action**,** the Federal Rules of Civil Procedure require only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).  The "specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197 (2007).  Defendants' argument therefore that "plaintiff has not pled sufficient facts to support a finding…" is without merit.  Plaintiff has provided Defendants with the dates, characters, actions and statutes forming the basis of his claim.  Accepting the matters alleged as true, Plaintiff has amply pled these counts.

Defendants also argue that the CMPA is intended to address "virtually every conceivable personnel issue" and, therefore, Plaintiff's intentional infliction of emotional distress claim is preempted.  This argument overlooks the specific acts underlying Plaintiff's claim of emotional distress.  "The CMPA preempts a common law action only if the acts allegedly forming the basis of the claim relate to personnel issues such as performance ratings, adverse employment actions, and employee grievances." Wise v. District of Columbia, 2005 U.S. Dist. LEXIS 6361 (D.D.C. 2005).  However, the acts of Defendants complained of in this case do not arise out of an employment dispute with a

supervisor, the linchpin of <u>Thompson v. District of Columbia</u>, 593 A.2d 621 (D.C. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 942 (1991), upon which Defendants rely.

Unlike the plaintiff in <u>Thompson</u>, where the emotional distress claims were based on memoranda describing her job performance, Hoey's common law claims arise out of the unlawfulness of the demotion and Chief Lanier's post demotion conduct, when she gratuitously transferred Hoey to the Central Cell Block and made public comments regarding his demotion.  The basis of Hoey's claim lies beyond the simple act of demotion and focuses rather on the defamatory statements made by Chief Lanier and others authorized by her to do so, in various public outlets and in particular in the Sixth District.  Hoey maintains strong ties to that community where he was Commander for two years.  Chief Lanier's comments to that community and their effect on the Plaintiff do not fall within the preempted category of actions such as, "performance ratings, adverse employment actions, and employee grievances."  <u>Wise v. District of Columbia</u>, 2005 U.S. Dist. LEXIS 6361 (D.D.C. 2005).  Since Plaintiff's claim does not arise out of the type of employer conduct covered by the CMPA, he is not preempted from pursuing his common law claim resulting from that conduct.

Furthermore, in <u>Thompson</u> the District of Columbia Court of Appeals did not address whether the CMPA provides the same remedies available under the common law emotional distress claims.  Rather, the Court simply commented that, "the remedies available under CMPA are substantial and may, in some respects, afford more complete relief than the damages available at common law."  <u>Thompson</u>, 593 A.2d at 635. The Thompson court did balance the available remedies under CMPA with the common law remedies and concluded it was a fair trade off because the employee could obtain back

pay and reinstatement through the CMPA; whereas, those remedies might not be available at common law.  Therefore, the court determined that the lack of a jury trial under the CMPA was justified.  Id.  But the Thompson court did not examine the scope of remedies under the CMPA versus the common law.  While the CMPA provides for equitable remedies such as reinstatement and back pay, the CMPA's available remedies do not provide relief in the form of legal remedies (i.e. monetary damages) for common law claims of emotional distress arising from conduct NOT related to "performance ratings, adverse employment actions, and employee grievances."

Finally, the decision in Thompson fails to adequately address the Seventh Amendment right to jury trial.  To assert that a common law claim for intentional or negligent infliction of emotional distress where legal remedies are sought is preempted by the CMPA would violate the Seventh Amendment right to trial by jury.  The Supreme Court has carefully preserved the right to trial by jury where legal rights are at stake. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 528 U.S. 558 (1990), stating that, "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care" Id. (quoting Dimick v. Schiedt, 293 U.S. 474, 486 (1935)).  Given that the Plaintiff is also seeking the legal remedy of monetary damages and not merely the equitable remedies of back pay provided by the CMPA, this Court should find that this claim and its corresponding right to jury trial, cannot be preempted by a statute such as the CMPA.

Finally, it is premature to dismiss any of the common law claims.  The parties have submitted to the Court in the form of summary disposition the issue as to whether

the CMPA even applies: i.e., whether Hoey is a Career Service employee. If the Court decides that issue in Robin Hoey's favor, this matter will proceed on the constitutional claims. Only after that determination and after discovery should the Court address the pre-emption issues.

Similarly, in <u>Fonville</u> Judge Sullivan held that summary judgment was inappropriate on Plaintiff's reputation-plus claim. Plaintiff Fonville alleged that former Chief Ramsey's adverse employment action combined with defamatory statements resulted in the foreclosure of potential job opportunities. <u>Fonville</u>, 448 F. Supp 2d at 29. Judge Sullivan held that the statements made were sufficiently stigmatizing and a jury would need to determine whether they rose to the level of a constitutional violation. <u>Id</u>. The same is true of the actions alleged against the Defendants by Robin Hoey.

### C.     <u>Defendant Lanier is Not Entitled to Qualified Immunity</u>

Defendants argue that a public official qualifies for immunity if, "a reasonable officer could have believed that the action taken was not in violation of clearly established constitutional law." Defendants' Motion at 14; <u>see also Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987). Qualified immunity is intended to protect government employees from lawsuits where the government employee's actions are reasonable and not taken in knowing violation of the law. <u>Id</u>. However, qualified immunity is defeated if an employee's actions are unreasonable, "or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815 (1982).

Discovery may reveal that Chief Lanier acted maliciously in full knowledge of Robin Hoey's status as a Career Service employee. His personnel file was steps away

from Chief Lanier's office.  The manner in which Chief Lanier demoted Robin Hoey,

coupled with her transfer of him to the Central Cell Block, certainly bespeaks a level of

animosity that is unprecedented.  Robin Hoey alleged in his Complaint that a Captain has

never been assigned to the Central Cell Block in the history of the MPD.

Defendant Lanier, as Chief of Police, has a responsibility to educate herself as to

the policies and provisions of District of Columbia law.  The CMPA and D.C. Municipal

Regulation establish, with particular regard to Career Service members, the procedures

which Chief Lanier is to follow when proposing disciplinary action of employees.

Importantly, government agencies are precluded from ignoring regulations that "provide

the only safeguard [employees] have against unlimited agency discretion in hiring and

termination."  See Lopez v. Federal Aviation Administration, 318 F. 3d 242, 247 (D.C.

Cir. 2003).  Additionally, the discovery process may yet disclose further information as to

any legal advice Chief Lanier may have ignored or statements made prior to Hoey's

demotion signaling her intent to demote him regardless of his Career Service status.

Defendants argue that Defendant Lanier properly relied on statutory law and

personnel regulations when demoting Captain Hoey, but a quick perusal of the applicable

D.C. Code would have made clear to Defendant Lanier that Commander is not an "at

will" position.  D.C. § 1-608.01(d-2) is clear that the position of Commander can be

achieved either through appointment or promotion. This statute, along with Hoey's

service record, indicated to Defendant Lanier that Hoey was not simply an "at will"

employee who could be demoted freely and without notice or recourse.  Moreover, Chief

Lanier was free to transfer Robin Hoey to any position in the Department, so long as she

did not demote him.  Indeed, discovery will show that Chief Lanier transferred several

Commanders and Inspectors to other positions without demoting them. Proof of such disparate treatment would defeat qualified immunity.

Furthermore, the question of qualified immunity "turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." Anderson v. Creighton, 483 U.S. 635 (1987), citing Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). Prior to Defendant Lanier's demotion of Hoey, Charles Fonville had filed suit against the District of Columbia claiming a § 1983 violation based on his demotion from Commander to Captain without due process. Fonville v. District of Columbia, 448 F. Supp 2d 21 (2006). In that case, Judge Sullivan clearly found that Plaintiff Fonville was a "career service employee of the District of Columbia, not an 'at will' employee."

The language of D.C. Code § 1-608.01 and the Fonville decision, provided Defendant Lanier notice that Hoey was not an "at will" employee. "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." Harlow, 457 U.S. at 818-819. Defendant Lanier's action was not simply a mistake, but an unreasonable decision, which prevents her from claiming qualified immunity. In her enthusiasm to install have her own team, she may not also condemn those whom she may wish to punish for an improper purpose.

Finally, Rule 56 of the Federal Rules of Civil Procedure provides that disputed questions of fact are not to be decided on summary judgment. See Harlow, 457 U.S. at 816. Defendant Lanier's subjective good faith in the legality of her actions and any malicious intent she may have held is a question of fact requiring discovery. Defendant

Lanier's Motion to Dismiss and/or Summary Judgment based on her alleged entitlement to qualified immunity is therefore premature, as discovery in this matter will show that she and the Metropolitan Police Department knew that Hoey's demotion was in violation of the Comprehensive Merit Personnel Act.

D.    **Punitive Damages are Available Against the District of Columbia**

Defendants correctly assert that Smith v. District of Columbia supports the proposition that punitive damages are generally not available to a litigant absent a statute expressly authorizing such recovery.  However, Smith left open the possibility that in "extraordinary circumstances" punitive damages could be recovered against the District of Columbia.  Smith v. District of Columbia, 336 A.2d 831, 832 (D.C. 1975). Defendants incorrectly assert that Teart v. WMATA resolved this issue in favor of the District.  Defendants Motion at 15.  In Teart, the District Court reexamined the "extraordinary circumstances" language from Smith, when determining whether punitive damages could be recovered by the Plaintiff from WMATA.  See Teart v. WMATA, 686 F. Supp 12 (D.D.C. 1988).  The court determined that in *that case* the Plaintiff's allegations did not "rise to the level of misconduct for which punitive damages can be assessed in the District of Columbia."  Id at14.  That statement implies however that there are levels of misconduct which warrant punitive damages.

Rather than stating a bright line rule that under no circumstance are punitive damages available against the District of Columbia, the District Court in Teart merely examined whether extraordinary circumstances were present in that case.  Choosing not to "create a baseline definition of the term which was formulated in dicta, the Court simply examined the facts of the case before it and determined that the actions of

WMATA did not warrant punitive damages.  Id.  This case by case determination is the method this court should employ as well, and summary judgment should not be granted on this issue.  There is a genuine issue of material fact to be considered as to whether the method of Hoey's demotion constitutes the type of extraordinary circumstances warranting punitive damages.

WHEREFORE, Plaintiff Robin Hoey respectfully requests that the Court grant his motion for partial summary judgment and deny Defendants' motions to dismiss or for summary judgment.

Respectfully submitted,

HANNON LAW GROUP, LLP


_____/s/ J. Michael Hannon_____
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorneys for Plaintiff Robin Hoey*

# EXHIBIT A

DC Standard Form 52--
Office of Personnel
District of Columbia Personnel
Manual

# 790285

**REQUEST FOR PERSONNEL ACTION**

DEPARTMENT:

**Metropolitan Police Department**

**PART I. REQUESTING OFFICE: Unless otherwise instructed, fill in all items in this part, except those inside the heavy lines. If applicable, obtain resignations and separation data on page 2 of this form.Metropolitan Police Department**

| 1. SOCIAL SECURITY NUMBER | 2. NAME (Last, First, Middle) | | Mr-Mrs-Miss-Ms | 3. EFFECTIVE DATE | 4. BIRTH DATE |
|---|---|---|---|---|---|
| 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 | HOEY, Robin | Mr. | | 01/16/00 | 07/29/59 |

A. Kind of Action Requested:
(1) Personnel (Specify appointment, reassignment, resignation, etc.)
**Promotion**

B. Request No. | C. Date of Request

(2) Position (Specify establish, review, abolish, etc.)

D. Proposed Eff. Date | E. Position Sensitivity

| 5. VETERAN PREFERENCE | | | 6. DC SCD | 7. TOTAL SCD | 8. HANDICAP CODE | 9. RETIREMENT | |
|---|---|---|---|---|---|---|---|
| 1--None | 2--5 PT | 3--10 PT | 12/16/85 | 12/16/85 | 04 | (1-14)  **042:** | 03 |

| 10. FEGLI | Basic | Option A | Option B | Option C | 11. Bargaining Unit | 12. TENURE GROUP |
|---|---|---|---|---|---|---|
| | | | | | **XAA** | (1, 2, or 3) and (AD, A or B) |

13. NATURE OF ACTION/CODE
**702 Promotion-Comp**

NTE DATE: _____

14. AUTHORITY

15. HB Code: _____

Carrier Control No.: _____

| 16. FROM: Position Title and Number **Lieutenant** **0042655** | Service Code **D01** | 17. Pay Schedule and Series **PS-00000** | 18. (a) Grade **05** | (b) Step **04** | 19. Salary **63,985** | Time Service **80** Flag (1-8) |
|---|---|---|---|---|---|---|

20. Name and Location of Organizational Unit/Organizational Code
**Special Services Command**
**Special Operations Division**

Additional Comp.

21. Payroll Org. Code **13 029 000** | Pay Group **02**

| 22. TO: Position Title and Number **Captain** **0042655** | Service Code **D01** | 23. Pay Schedule and Series **PS-00000** | 24. (a) Grade **07** | (b) Step **02** | 25. Salary **67,909** | Time Service **80** Flag (1-8) |
|---|---|---|---|---|---|---|

26. Name and Location of Organizational Unit/Organizational Code
**ROC - East**
**Sixth District**

Additional Comp.

27. Payroll Org. Code **13 027 000**

| 28. Labor Distribution Rule | FUND | AGENCY | YR | RESP. CENTER | PDS | PSF | MRU | ARC | DRC | JOB | ACTIVITY | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 100 | FA | 0 | 7700 | 1 | 1 | 00 | APPR | 0000 | 00000 | 0000 | |

29. Labor Distribution Rule is Certified Correct

_Bly ley auy_
Agency Controller & Designee    Date 1/28/00

30. TARGET GRADE

31. Pay Group **02**

32. Physical Location Code **DC**

F. Remarks by Requesting Office (Continue in Item F on page 2 of this form, if necessary)

33. Employment Date

G. Requested By: (Signature and Title) (Leave blank on resignations)

I. Request Approved By: (*)
Department Head

H. For Additional Information Call: (Name and Telephone Number)

_____
(signature)

**PART II. TO BE COMPLETED BY PERSONNEL OFFICE (Items inside heavy lines in Part I also to be completed.)**

J. Position Classification Action:

☐ Identical Additional   ☐ New   ☐ Vice   ☐ Regraded

| K. Clearances | Initials or Signature | |
|---|---|---|
| (1) Ceil. or Pos. Control | | |
| (2) Budget Clearance | | |
| (3) Pers. Ofc. Control | | |
| (4) Classification | | |
| (5) Staffing | seldon | |
| (6) Employee Relations | | |
| (7) Appoved by: | | 1-30-03 |

(8) Remarks: (Note: Use Item 8 on page 2 of this form for Personnel Form-1 Remarks)

(9) Qualification Standards: _____

(10) Classification Determination: _____

NOTE: Additional approval concurrence blocks on page 2 of this form.

# EXHIBIT B

#546541

DC Standard Form 52--
Office of Personnel
District of Columbia Personnel
Manual

**DEPARTMENT:**

**REQUEST FOR PERSONNEL ACTION**          **Metropolitan Police Department**

**PART I. REQUESTING OFFICE:** Unless otherwise instructed, fill in all items in this part, except those inside the heavy lines. If applicable, obtain resignations and separation data on page 2 of this form. Metropolitan Police Department

| 1. SOCIAL SECURITY NUMBER | 2. NAME (Last, First, Middle) | | Mr-Mrs-Miss-Ms | 3. EFFECTIVE DATE | 4. BIRTH DATE |
|---|---|---|---|---|---|
| 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 | HOEY,  Robin | | Mr. | 04/22/01 | 07/29/59 |

| A. Kind of Action Requested: (1) Personnel (Specify appointment, reassignment, resignation, etc.) | B. Request No. | C. Date of Request |
|---|---|---|
| Promotion | 2001-890(kj) | 04/25/01 |
| (2) Position (Specify establish, review, abolish, etc.) | D. Proposed Eff. Date | E. Position Sensitivity |

| 5. VETERAN PREFERENCE | | | | 6. DC SCD | 7. TOTAL  SCD | 8. HANDICAP CODE | 9. RETIREMENT | |
|---|---|---|---|---|---|---|---|---|
| 1--None    2--5 PT    3--10 PT | | | 01 | 12/16/85 | 12/16/85 | 04 | (1-14)    042: | 03 |

| 10. FEGLI | Basic | Option A | Option B | Option C | 11. Bargaining Unit | 12. TENURE GROUP (1, 2 or 3) and (AD, A or B) |
|---|---|---|---|---|---|---|
| | | | | | XAA | |

| 13. NATURE OF ACTION/CODE | 14. AUTHORITY | 15. HB Code: |
|---|---|---|
| 702 Promotion | | |
| NTE DATE: ___ | | Carrier Control No.: ___ |

| 16. FROM: Position Title and Number | Service Code | 17. Pay Schedule and Series | 18. (a) Grade | (b) Step | 19. Salary | Time Service 80 |
|---|---|---|---|---|---|---|
| Captain 0042655 | D01 | PS-00000 | 07 | 02 | 67,909 | Flag (1-8) |

| 20. Name and Location of Organizational Unit/Organizational Code | | Additional Comp. | |
|---|---|---|---|
| Special Services Special Investigations Division | 21. Payroll Org. Code 13 056 000 | | Pay Group 02 |

| 22. TO: Position Title and Number | Service Code | 23. Pay Schedule and Series | 24. (a) Grade | (b) Step | 25. Salary | Time Service 80 |
|---|---|---|---|---|---|---|
| Inspector 0042655 | D01 | PS-00000 | 08 | 01 | 75,422 | Flag (1-8) |

| 26. Name and Location of Organizational Unit/Organizational Code | Additional Comp. |
|---|---|
| Special Services Special Investigations Division | 27. Payroll Org. Code 13 056 000 |

| 28. Labor Distribution Rule | FUND | AGENCY | YR | RESP. CENTER | PDS | PSF | MRU | ARC | DRC | JOB | ACTIVITY | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 100 | FA | 1 | 7800 | 1 | 1 | 00 | APPR | 0000 | 00000 | 0000 | |

| 29. Labor Distribution Rule is Certified Correct | | 30. TARGET GRADE | 31. Pay Group | 32. Physical Location Code |
|---|---|---|---|---|
| *[signature]* 5/20/01 | | | 02 | DC |
| Agency Controller or Designee    Date | | | | |

| F. Remarks by Requesting Office (Continue in Item F on page 2 of this form, if necessary) | 33. Employment Date |
|---|---|

| G. Requested By: (Signature and Title) (Leave blank on resignations) | I. Request Approved By: (*) Department Head |
|---|---|
| H. For Additional Information Call:   (Name and Telephone Number) Mr. Bert I. Ennis, Director, Human Services  727-4261 | *[signature]* (signature) |

**PART II. TO BE COMPLETED BY PERSONNEL OFFICE (Items inside heavy lines in Part I also to be completed.)**

| J. Position Classification Action: | | | | |
|---|---|---|---|---|
| | Identical Additional | New | Vice | Regraded |

| K. Clearances | Initials or Signature | | (8) Remarks: (Note: Use Item 8 on page 2 of this form for Personnel Form-1 Remarks) |
|---|---|---|---|
| (1) Ceil. or Pos. Control | | | |
| (2) Budget Clearance | | | |
| (3) Pers. Ofc. Control | seldon | | (9) Qualification Standards: ___ |
| (4) Classification | | | |
| (5) Staffing | | | |
| (6) Employee Relations | | | (10) Classification Determination: ___ |
| (7) Appoved by: | *[signature]* | C4-36-01 | |

NOTE: Additional approval concurrence blocks on page 2 of this form.

# EXHIBIT C

METROPOLITAN POLICE DEPARTMENT
Office of the Chief of Police

May 3, 2001

MEMORANDUM:

TO:         Human Services Officer

SUBJECT:    Personnel Action

The undersigned has authorized personnel actions for the following sworn
members:

    Captain Joel Maupin is promoted to the rank of INSPECTOR

    Captain Robin Hoey is promoted to the rank of INSPECTOR

For operational purposes, these promotions were effective April 11, 2001.
For time and pay purposes, these promotions are effective with the pay period
beginning April 22, 2001.

Please ensure that the appropriate personnel forms are prepared and reflect
such actions.

Charles H. Ramsey
Chief of Police

# EXHIBIT D

DC Standard Form 52
Office of Personnel
District of Columbia Personnel Manual
Rev. 9/21/03

**REQUEST FOR PERSONNEL ACTION**

EPARTMENT:
Metropolitan Police

**PART I.** REQUESTING OFFICE: Unless otherwise instructed, fill in all items in this part, except those inside the heavy lines. If applicable, obtain resignation and separation data on reverse side.

| 1. SOCIAL SECURITY NUMBER | | | 2. NAME (Last, First, Middle)    Mr.-Mrs.-Miss-Ms. | | | 3. EFFECTIVE DATE | | | 4. BIRTH DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 237 | 19 | 1591 | HOEY, Robin | | | 08 | 01 | 2004 | 07 | 29 | 59 |

| A. Kind of Action Requested: | B. Request No. | C. Date of Request |
|---|---|---|
| (1) Personnel (Specify appointment, reassignment, resignation, etc.)   **Promotion** | 220 | 07/14/04 |
| (2) Position (Specify establish, review, abolish, etc.) | D. Proposed Eff. Date | E. Workforce Plan No. |

| 5. VETERAN PREFERENCE 1--None 2--5 PT 3 --10 PT | | 6. DC SCD | | 7. TOTAL SCD | | 8. Handicap Code: | 9.Retirement (1 – 15) | |
|---|---|---|---|---|---|---|---|---|
| | | 12 | 16 | 85 | 12 | 16 | 1985 | 04 | | 3 |

| 10. FEGLI | Basic | Option A | Option B | Option C | 11A. Pay Schedule ID | 11B. Bargaining Unit: XAA | 12. Tenure Group (1, 2, 3) and (AD, A or B) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 13. NATURE OF ACTION/CODE: **Promotion** | 14. AUTHORITY: | 15. HB Code: Carrier Control No: |
|---|---|---|
| NTE DATE: | | |

| 16. FROM: Position Title and Number | Service Code | 17. Pay Plan and Series | 18. (a) Grade | (b) Step | 19. Salary | Time Service: 80 |
|---|---|---|---|---|---|---|
| Inspector          0042655 | D01 | PS-00000 | 08 | 02 | $90,111 | Flag (1-8) |

| 20. Name and Location of Organizational Unit | Additional Comp. $ | |
|---|---|---|
| **Third District** | 21. Payroll Org Code 13 024 000 | Pay Group 02 |

| 22. TO: Position Title and Number | Service Code | 23. Pay Plan and Series | 24. (a) Grade | (b) Step | 25. Salary | Time Service: 80 |
|---|---|---|---|---|---|---|
| **Commander**  37183  ~~0042655~~ | D01 | PS-00000 | 09 | 01 | $100,521 | Flag (1-8) |

| 26. Name and Location of Organizational Unit | Additional Comp. $ | |
|---|---|---|
| **Sixth District** | 27. Payroll Org Code 13 027 000 | Pay Group 02 |

28. Labor Distribution Rule

| AGCY | YR | | INDEX | | | PCA | | | | PROJ | | PP | | GRANT | | GP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| F A 0 | 0 4 | A | P P | R 0 | | 3 0 0 C | | | | | | | | | | |

| 28a. Employment Type 1. Full-Time  4. Part-Time Temp 2. Part-Time 5. Intermittent 3. Full-Time Temp | 29. Labor Distribution Rule is Certified Correct | 30. Target Grade | 31. Physical Location Code |
|---|---|---|---|
| / | Agency Controller or Designee        7/21/04        Date | | |

| F. Remarks by Requesting Office (Continue in Item F on Reverse Side, if necessary) | 32. Employment Date |
|---|---|
| | |

| G. Requested By: (Signature and Title) (Leave blank on resignations) | I. Request Approved By: (*) |
|---|---|
| H. For Additional Information Call: (Name and Telephone Number) **Lieutenant Richard Mattiello  (202) 727-4411** | Department Head _____ (Signature) |

**PART II.  TO BE COMPLETED BY PERSONNEL OFFICE (Items inside heavy lines in Part I also to be completed.)**

J. Position Classification Action:

| | ☐ Identical Additional | ☐ New | ☐ Vice | ☐ Regraded |
|---|---|---|---|---|

| K. Clearances | Initials or Signature | (8) Remarks: (Note: Use Item 8 on Reverse side for Personnel Form-1 Remarks) |
|---|---|---|
| (1) Ceiling or Position Control | | |
| (2) Budget Clearance | | |
| (3) Pers. Ofc. Control | | (9) Qualification Standards: |
| (4) Classification | | |
| (5) Staffing | | |
| (6) Employee Relations | | (10) Classification Determination: |
| (7) Approved By: | Alex Pita   7/15/04 | |

*NOTE:  Additional approval concurrence blocks on the reverse side.

# EXHIBIT E

**GOVERNMENT**
**OF THE**
**DISTRICT OF COLUMBIA**

**PERSONNEL ACTION**

**AUTO**
PERS. FORM 1
(REV. 2/85)

| ACTION CODE | | | | | **ORIGINATING AGENCY** | | | |

| | 002 MJC | 2. NAME | 008 | | | | |
| SOCIAL SECURITY NUMBER | | | LAST   FIRST   MIDDLE | 2A. 1. MR. 4. MS. 2. MRS. 3. MISS | 009 | 3. DATE/ACTION NO. | 4. EFFECT. DATE MO DY YR |

| 5. DEPARTMENT | 6. ADDRESS | 013 | STREET | | 7. DATE OF BIRTH 221 MO DY YR | 8. PHYSICAL HANDICAP | 236 |

| | CITY 014 | STATE 015 | ZIP 016 | 9. VETERANS PREFERENCE 1. NONE   3. 10 PT. DISAB   5. 10 PT. OTHER 2.5 PT.   4. 10 PT. COMP | | 238 |

| 10. NATURE OF ACTION/CODE | NTE DATE 232 MO DY YR | 11. AUTHORITY | EMPLOYMENT DATE MO DY YR | 223 |

| 12. SERVICE 222 COMP. DATE MO DY YR | 13. D.C. SERVICE COMP. DATE MO DY YR | 14. FEGLI REGULAR 1. COVERED 2. INELIGIBLE 3. WAIVED | 064 | FEGLI OPTIONAL 1. UNDER 35   5. 50-54 2. 35-39   6. 55-59 3. 40-44   7. 60 AND UP 4. 45-49 | 086 | 15. HEALTH BENEFITS CODE | 081 |
| | | | | | CARRIER CONTROL NO. | 080 |

| 16. FROM: POSITION TITLE AND NUMBER | 17. PAY SCHEDULE SERIES | 18. GRADE | STEP | 19. SALARY | FLAG | TIME SERVICE |
| | 20. ORGANIZATIONAL UNIT | | | SCHOOLS – TENURE IN SYSTEM | | |
| | 21. PAYROLL ORG CODE | | PAY GROUP | TENURE IN POSITION | | |

| 22. TO: POSITION TITLE AND NUMBER | 23. PAY SCHEDULE SERIES 225 | 24. GRADE 031 | STEP 032 | 25. SALARY 033 FLAG | TIME SERVICE 043 |
| | 26. ORGANIZATIONAL UNIT | | | SCHOOLS – TENURE IN SYSTEM | |
| | 27. PAYROLL ORG CODE 004 | | | TENURE IN POSITION | |

| 28. LABOR DISTRIBUTION RULE IS CERTIFIED CORRECT | 29. RETIREMENT 070 | | |
| AGENCY CONTROLLER OR DESIGNEE   DATE | 01 CS RETIRE   05 JUDGES (3.5%)   09 UDC (12.5%)   13 FICA NO TIAA/CREF 02 TEACHERS   06 JUDGES (6.5%)   10 UDC (15%)   14 CS LAW ENFORCEMENT 03 POLICE/FIRE   07 RESERVED   11 FICA   15 04 JUDGES (3%)   08 UDC (10%)   12 NONE | | |

| 30. PAY 001 GROUP | 31. RETAINED GRADE | EXPIRATION DATE 224 MO DY YR | 32. CORRESPONDING GRADE | 33. SERVICE CODE 026 | 34. | 35. LEAVE CEILING | 196 |

| 36. EMPLOYMENT TYPE 1. FULL-TIME   4. PART-TIME TEMP 2. PART-TIME   5. INTERMITTENT 3. FULL-TIME TEMP. | 027 | 37. POSITION TYPE 1. CAREER   5. JUDICIAL 2. EDUCATIONAL 3. EXECUTIVE 4. EXCEPTED | 235 | 38. TERMINATION CODE 1. RESIGN   5. DECEASED 2. RETIRE   6. TERMINATED 3. TRANSFER 7. VOLUNTARY SEPARATION 4. MILITARY  8. INVOLUNTARY SEPARATION | 183 | 39. CERTIFICATE TO EMPLOY NO. |

| Multiple Rules | RULE | FUND | AGENCY | YR | RESP. CENTER | PDS | PSF | MRU | ARC | DRC | JOB | ACTIVITY | ITEM | % |
| Yes No | Primary | | | | | | | | | | | | | |
| | Other | | | | | | | | | | | | | |

☐ SUBJECT TO SATISFACTORY MEDICAL EXAMINATION AND CHEST X-RAY.

☐ SUBJECT TO COMPLETION OF_____ YEAR _____ PERIOD BEGINNING _____.

REMARKS:

Action taken in accordance with DPM chapter section 872.2.

| 44. DEPARTMENT HEAD OR DESIGNEE (SIGNATURE) Eric Coard Senior Executive Director Corporate Support (Title) | DATE Mo Dy Yr | 45. APPROVING OFFICER AND AGENCY (SIGNATURE) Shannon P. Cockett Asst Chief Human Vices (Title) | APPROVAL DATE Mo Dy Yr |

# EXHIBIT F



# The Government of the District of Columbia
# Performance Management Program

## *Performance Evaluation Form*

Name of Employee: <u>Robin Hoey</u>

Agency: <u>Metropolitan Police Departmentt</u>                     Resp. Center / Dept: _____

Position Title: <u>Inspector</u>          Grade: <u>8</u>          Name of Supervisor or Manager: <u>Nola Joyce</u>

Employee E-mail Address:  RobinHoey@MPDC.org                     Phone:  202-7277752

Type of Service:     ☒ Career Service Supervisor     ☐ MSS     ☐ Excepted Service

Type of Evaluation:     ☐ Mid-Year Evaluation     ☐ Self-Evaluation     ☒ Annual Evaluation

Rating Period : <u>10-1-2001</u>  to September 30, 2001                Date of Evaluation: <u>10-15-02</u>

**Note:**     **All FY'01 Performance Evaluations must be completed, signed and submitted to DCOP by November 7, 2001.**
            **Forms should be sent to:**

DCOP, Performance Management Unit
One Judiciary Square, Suite 310South
441 4th Street, NW
Washington, DC  20001
Phone: 202-442-9644  Fax:  202-727-5486

## Rating Scale

The following scale should be used to rate employee performance.

| | | |
|---|---|---|
| _____ | **5 - Significantly Exceeds Expectations** | Performance consistently and significantly exceeds expectations. Exceptional accomplishments obvious to manager and peers. |
| **X** | **4 - Exceeds Expectations** | Performance consistently exceeds expectations in some areas and meets expectations in all others. |
| _____ | **3 - Meets Expectations** | Performance consistently meets key expectations and may occasionally exceed expectations. |
| _____ | **2 – Needs Improvement** | Performance meets some expectations but requires further development in one or more areas.  Formal action should be taken to ensure improved performance. |
| _____ | **1 - Does Not Meet Expectations** | Performance consistently does not meet expectations.  Formal action should be taken to ensure improved performance. |

# EXHIBIT G

## Government of the District of Columbia
## Performance Management Program
### *Performance Evaluation*

| | | | |
|---|---|---|---|
| Employee Name: | ROBIN HOEY | | |
| Position Title: | COMMANDER | Grade: | 09 |
| Agency: | Metropolitan Police Department | | |
| Employee Type: | Full-Time/Career | Supervisor: | WILLIE E DANDRIDGE |
| Performance Plan Period: 10/1/2004 to 9/30/2005 | | Type of Evaluation: Annual | |
| Date: | | Rating: | 4 |

**Rating Scale**

| | |
|---|---|
| 5 - Significantly Exceeds Expectations | Performance consistently and significantly exceeds expectations. Exceptional accomplishments obvious to manager and peers. |
| 4 - Exceeds Expectations | Performance consistently exceeds expectations in some areas and meets expectations in all others. |
| 3 - Meets Expectations | Performance consistently meets key expectation and may occasionally exceed expectations. |
| 2 - Needs Improvement | Performance meets some expectations but requires further development in one or more areas. Formal action should be taken to ensure improved performance. |
| 1 - Does Not Meet Expectations | Performance consistently does not meet expectations. Formal action should be taken to ensure improved performance. |

**STEP I:  Evaluate Competencies**
*Use the five-point rating scale to rate employee's performance relative to each competency. Comments must be included to support performance ratings.*

View the Competency definitions

| 1. Communication - Presents ideas and information both verbally and in writing in a clear, concise manner. Shares the information people need to know to be successful. Informs others on a timely basis. Consistently shows a great deal of understanding, courtesy, tact, empathy, and concern when addressing others. Demonstrates very effective listening, questioning skills. | |
|---|---|
| **Comments** | **Rating** |
| Good Communications skills. | 4 |

# EXHIBIT H

# Government of the District of Columbia
## Performance Management Program
### *Performance Evaluation*

| | | | |
|---|---|---|---|
| Employee Name: | ROBIN HOEY | | |
| Position Title: | COMMANDER | Grade: | 09 |
| Agency: | Metropolitan Police Department | | |
| Employee Type: | Full-Time/Career | Supervisor: | WILLIE E DANDRIDGE |
| Performance Plan Period: 10/1/2005 to 9/30/2006 | | Type of Evaluation: Annual | |
| Date: | | Rating: | 5 |

## Rating Scale

| | |
|---|---|
| 5 - Significantly Exceeds Expectations | Performance consistently and significantly exceeds expectations. Exceptional accomplishments obvious to manager and peers. |
| 4 - Exceeds Expectations | Performance consistently exceeds expectations in some areas and meets expectations in all others. |
| 3 - Meets Expectations | Performance consistently meets key expectation and may occasionally exceed expectations. |
| 2 - Needs Improvement | Performance meets some expectations but requires further development in one or more areas. Formal action should be taken to ensure improved performance. |
| 1 - Does Not Meet Expectations | Performance consistently does not meet expectations. Formal action should be taken to ensure improved performance. |

## STEP I: Evaluate Competencies
*Use the five-point rating scale to rate employee's performance relative to each competency. Comments must be included to support performance ratings.*

1. Customer Service - Demonstrates a commitment to working with the community to resolve crime and disorder problems in operational units by utilizing the Policing for Prevention strategy and managing the members of his or her team toward that end. Establishes positive partnerships with people in the community to get information, assess needs, and resolve issues and concerns, and consistently acts with the community in mind. Educates and works with the community on ways to prevent crime and individual victimization. Displays good community relations by ensuring that team members demonstrate commitment to devising workable solutions to crime, disorder, and mission-related problems and to providing high quality services and programs in an efficient, effective, and timely manner.

| Comments | Rating |
|---|---|
| Commander Hoey has excellent Customer Service skills. He is always available and responsive to community needs. He devotes a significant amount of time personally patrolling the community and speaking with residents. He demands action from his subordinates and ensures the appropriate and timely response to problems is taken. | 5 |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBIN HOEY,                                    :

        Plaintiff,                    :       Case Number: 1:07-cv-00919
                                         Judge John D. Bates
        v.                            :

DISTRICT OF COLUMBIA, et. al.                  :

        Defendants.                   :

## <u>ORDER</u>

On consideration of Plaintiff's Motion for Partial Summary Judgment and the Court being duly advised in the premises, it is, by the Court, this ____ day of ____, 2007,

**ORDERED**, that the Plaintiff Robin Hoeys Motion for Partial Summary Judgment is hereby, **GRANTED.**

It is further **DECLARED** that,

Robin Hoey is a Career Service member of the Metropolitan Police Department and was demoted without cause in violation of his constitutional right to due process.

It is further **ORDERED** that,

Defendants District of Columbia and Cathy Lanier are enjoined from demoting Robin Hoey from the rank of Commander and,

Defendants are **ORDERED** to reinstate Robin Hoey to his rightful position as Commander with the Metropolitan Police Department, with restoration of all back pay, lost benefits, and the costs and attorney's fees of this action.

 

_____
THE HONORABLE JOHN D. BATES
District Judge

Copies to:

Leah Brownlee Taylor
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D.C.  20001

Patricia A. Jones
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D.C.  20001

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C.  20009

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

ROBIN HOEY,                                          :

             Plaintiff,                              :       Case Number: 1:07-cv-00919
                                                                      Judge John D. Bates

      v.                                             :

DISTRICT OF COLUMBIA, et. al.,       :

             Defendants.                          :

<u>**ORDER**</u>

On consideration of Defendants' District of Columbia and Cathy Lanier's Motion to

Dismiss, And/Or, In The Alternative, Motion for  Summary Judgment and the Court being duly

advised in the premises, it is, by the Court, this _____ day of July 2007,

**ORDERED**, that the Defendants' District of Columbia and Cathy Lanier's Motion to

Dismiss, And/Or, In The Alternative, Motion for Summary Judgment is hereby, **DENIED.**

_____
THE HONORABLE JOHN D. BATES
District Judge

Copies to:

Leah Brownlee Taylor
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D.C.  20001

Patricia A. Jones
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D.C.  20001

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C.  20009