UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| ROBIN HOEY, | : | |
| Plaintiff, | : | Case Number: 1:07-cv-00919 |
| | | Judge John D. Bates |
| v. | : | |
| DISTRICT OF COLUMBIA, et. al., | : | |
| Defendants. | : | |

**REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Robin Hoey, through his counsel, HANNON LAW GROUP, LLP, and presents his Reply Memorandum in support of his Motion for Partial Summary Judgment.

**INTRODUCTION**

Plaintiff Robin Hoey has filed a Motion for Partial Summary Judgment as to Count III (Declaration of Rights) and Count IV (Injunctive Relief). Defendants have filed a Motion to Dismiss the Plaintiff's Complaint or in the Alternative for Summary Judgment and filed an Opposition to Plaintiff's Motion for Partial Summary Judgment. Plaintiff supplements his Motion for Partial Summary Judgment with this Reply.

**FACTUAL BACKGROUND**

Robin Hoey has been employed with MPD for over 22 years, achieving the rank of Commander on August 1, 2004. At that time, Hoey took command of the Sixth District where he was held in high regard by the community. As a sworn police officer, Hoey was a member of the Career Service and remained so upon his promotion to Commander.

On April 19, 2007, Chief of Police Cathy Lanier summoned Commander Robin Hoey to her office where she informed Commander Hoey that she was transferring him from Command

of the Sixth District to the D.C. Central Cellblock. Chief Lanier reduced Hoey's rank, by two grades, from Commander to Captain, offering Hoey no reason for his demotion other than to say that she wanted her own command team. Chief Lanier immediately took possession of Hoey's Commander badge and replaced it with Captain's bars. The demotion went into effect immediately. When Hoey questioned Chief Lanier about the demotion, Hoey was told that he was an at-will employee, and could be demoted without cause. The Defendants have not contested these material facts in their Opposition.

Robin Hoey has always been a Career Service employee of the MPD. Every Personnel Action Form and every Performance Evaluation received by Robin Hoey, including when he was an Inspector and Commander, reflect that he is Career Service. Defendants have not contested either the authenticity or veracity of the documents appended to Plaintiff Hoey's affidavit on these points. The Comprehensive Merit Protection Act (CMPA) states very specifically that members of the Career Service may not be disciplined without cause. See D.C. Code § 1-616.51. In establishing a Career Service and subsequent disciplinary guidelines and provisions, the CMPA creates a property interest in public employment.

## ARGUMENT

### I.     PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW

In Counts III and IV, Robin Hoey seeks a declaration from the Court that he is a Career Service employee of the MPD, that he was wrongly demoted without cause, and that he is entitled to reinstatement to the position of Commander.

#### A.     Exhaustion of Administrative Remedies is Not Required

Plaintiff is not required to exhaust any administrative remedies prior to seeking summary judgment from this Court on Counts III and IV (Declaratory and Injunctive Relief). Plaintiff,

through his Motion for Partial Summary Judgment, is simply asking this Court to examine the applicable law and undisputed facts and declare that Plaintiff Hoey is Career Service and must be reinstated to his position as Commander. Plaintiff is not asking that an administrative hearing be ordered, nor is he requesting that Defendants prove the reasons for his demotion. Rather, Plaintiff seeks a declaration from this Court, through the vehicle of summary judgment, that he cannot be demoted from his rank of Commander because he is in the Career Service. Plaintiff Hoey is not seeking to be given any elements of procedural due process. Plaintiff Hoey simply seeking a declaration that he has been deprived of a substantive property right.

1. **The "Exception" To the Rule That Exhaustion Is Not Required in § 1983 Cases Presented by Defendants Is Inapplicable.**

Defendants Opposition to Plaintiff's Partial Motion for Summary Judgment argues that Plaintiff must first exhaust administrative remedies before seeking recourse in this venue. Defendants acknowledge that "actions filed pursuant to 42 USC § 1983 do not require exhaustion of remedies"; however, they go on to argue that an exception to that rule exists when a Plaintiff seeks to enforce a procedural due process right. See Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment at 3. Defendants' argument is both overstated and irrelevant to the current Motion.

Plaintiff's Motion for Partial Summary Judgment is not seeking relief through procedural due process and therefore Defendants' "exception" argument is irrelevant. There is no process or administrative measure that Plaintiff is seeking as a remedy. Rather, Plaintiff points to DC Code 1-608(d-2)(1), and asserts that he is a member of the Career Service, vested with a property interest in his job, and entitled to immediate reinstatement to that position since he cannot be demoted without cause. Regardless of any exception to the general rule that exhaustion is not

required, Plaintiff's Counts III and IV do not seek procedural due process but rather a declaration that he has been deprived of a substantive property right.

Plaintiff asks this Court to declare that 1-608(d-2)(1) in fact creates both Career Service and Excepted Service Commander positions and that given the uncontested facts of Plaintiff Hoey's personnel record, Hoey was a Career Service Commander. Seeking that declaration from this Court in no way implicates a failure to utilize "state" remedies, as alleged by Defendants. The District Court is the chosen venue, and there is no obligation to defer to the local courts. A judicial declaration of Plaintiff Hoey's status under the Comprehensive Merit Protection Act, specifically in § 1-608(d-2)(1), does not implicate any procedures established under the Act..

Furthermore, the exception argued for by Defendants that, "when the underlying constitutional right plaintiff seeks to enforce is procedural due process, exhaustion is required" is not a mandate that requires this Court to abstain from ruling on Plaintiff's motion. Defendants cite the Memorandum Opinion of Judge Friedman in Stanley v. Proctor in support of this exception to the exhaustion rule. See Stanley v. Proctor, Civil Action No. 98-2780. They also cite appellate holdings in other circuits. See Defendant's Opposition at 3-4. The Stanley opinion, however, is an unpublished memorandum opinion which has not been commented on, positively or negatively, by the appellate courts of this jurisdiction. Moreover, in Stanley the commanders alleged that they had been "constructively terminated", a far different procedural posture than that of Plaintiff Hoey. Plaintiff Hoey need not "prove" that he was demoted. Nor must Plaintiff Hoey "prove" that he is entitled to procedural due process before he can be demoted. He need only prove that Defendants were wrong in demoting him.

While the 5th, 7th and 2nd Circuit cases cited by the Defendants may have found, based on the particular facts of those cases, that those plaintiffs had prematurely sought relief in the

4

federal courts, this Court is free to determine the legal issue in this case based on its own unique facts. The cases cited by Defendants turned heavily on the procedural facts of those circumstances, while Plaintiff Hoey's case turns exclusively on an issue of statutory interpretation. The facts of Plaintiff's personnel record certainly support his claim and are uncontested. Unlike the complexity of issues of Plaintiffs in the 5th, 7th and 2nd Circuit cases, judicial interpretation of the D.C. Code will ultimately determine Plaintiff Hoey's rights.

### 2. Defendants Have Waived Any Exhaustion of Remedies Argument

Defendants have themselves requested this Court to make a declaration on the legal issue of Career Service versus Excepted Service. Defendants' Motion to Dismiss included an Alternate Motion for Summary Judgment on the very issue on which Plaintiff also seeks a declaration. See Defendants' Motion to Dismiss or in the Alternative for Summary Judgment at 8. Defendants' Motion included a developed argument citing case law and statutes as to why Plaintiff was an at-will employee. Plaintiff's Motion for Summary Judgment merely echoes Defendants' argument to the extent it states that this Court should determine Plaintiff Hoey's status. Having moved for Summary Judgment and having stated in their Opposition that, "the position of Commander, is an at-will position as a matter of law," Defendants have invited this Court to make a declaration on precisely this point. See Defendants' Opposition ¶ 1.

The Defendants' have waived any potential argument that exhaustion of administrative remedies is appropriate in this case. In Burton v. District of Columbia, the District of Columbia Court of Appeals stated that, "While the exhaustion doctrine is well established and of long standing, both in CMPA cases and generally, that doctrine is simply a rule of judicial administration rather than a jurisdictional requirement." Burton v. District of Columbia, 835 A.2d 1076, 1079 (D.C. 2003) citing Barnett v. District of Columbia Dep't of Employment

Services, 491 A.2d 1156, 1160 (D.C. 1985). Further, "the Supreme Court has made clear that exhaustion is not a jurisdictional prerequisite to a court proceeding, but merely a requirement analogous to a statute of limitations which is subject to waiver, estoppel, or other mitigating factors." Id. (emphasis supplied). In this matter, the requirement has clearly been waived by the Defendants' actions seeking summary judgment on the issue of Plaintiff's employment status.

As stated by Chief Justice Burger, "when the question before the a federal court is whether to enforce exhaustion of state remedies, interests of federalism and comity make the analysis strikingly similar to that appropriate when the question is whether federal courts should abstain from interference with ongoing state judicial proceedings." Moore v. City of East Cleveland, 431 U.S. 494, 530 (1977), quoted in Johnson v. District of Columbia, 368 F. Supp 2d 30, 32 (D.D.C. 2005). The federal analysis requires an examination of the individual rights violated and any important state interests. Id. Defendants' rely on Judge Lamberth's decision in Johnson. However, it is clear that even Judge Lambert does not recognize that the exhaustion doctrine is a jurisdictional bar in the ordinary sense. Based on the facts of that case, "it is a simple matter to conclude that the exhaustion requirement should be imposed in this case." Id. However, as Judge Lamberth later acknowledged, he had applied the "CMPA exhaustion requirement strictly." Id. That type of strict constriction is inappropriate in this case, particularly where the highest court of the District of Columbia itself has held that exhaustion is not a jurisdictional bar to federal action. Clearly, the interests of the District of Columbia are minimal in having Plaintiff Hoey's claim referred to a local administrative process because its highest Court has no objection to a federal determination of Plaintiff's Hoey's rights. Moreover, the District of Columbia itself as defendant in this case has no objection, submitting the issue to this Court for decision.

6

Having submitted their arguments as to why Plaintiff is not a Career Service employee, Defendants have consented to this Court determining the issue. The absention concerns voiced by Chief Justice Burger are satisfied here in that the District of Columbia itself has invited the federal court to rule on state law. Judicial economy supports this Court ruling on this Summary Judgment motion, as the parties have fully developed the applicable statutory and legal precedents supporting their respective positions. Moreover, a decision by this Court will resolve the dispute much more speedily than resort to the local administrative process. The Office of Employee Appeals is notoriously slow, and no decision is final until resort to the Superior Court and then the District of Columbia Court of Appeals. Plaintiff Hoey should not be subject to this process under the circumstances.[1] Summary Judgment is appropriate because there is no genuine issue of material fact and Plaintiff's Motion and Defendants' Opposition have created no issue of fact, rather a difference of interpretation of the law. Hence, the exhaustion doctrine is no bar to the Court's ruling on the cross-motions for summary judgment.[2]

**B.      Plaintiff Hoey's Commander Position Is a Career Service Position**

    **1.      District of Columbia Code and Municipal Regulations**

Plaintiff reiterates his position stated in the Motion for Partial Summary Judgment that the Commander position can be either a Career Service or Excepted Service position, and in Plaintiff's case is a Career Service position. Contrary to Defendants' position, section 1-608(d-2)(1) does not state that Commander is exclusively an Excepted Service position. Rather, section

---

[1]      As we indicate below, Plaintiff Hoey will soon file a First Amended Complaint. In that Complaint, he will allege that Chief Lanier stated to a City Councilmember that Hoey will be back in his position as Commander before his case will be decided.

[2]      Defendants emphasize that Plaintiff Hoey has filed an action with the Office of Employee Appeals. That filing is purely a defensive one, as that office allows only 30 days to appeal an adverse action. That protective act has no impact on Plaintiff Hoey's resort to this Court.

1-608(d-2)(1) directs the chief of police to recommend criteria for both Career Service promotions and Excepted Service appointments.

If the language of the 608(d-2)(1) is not clear enough on that point, it is obvious that not all Commanders, Inspectors and Assistant Chief of Police are Excepted Service employees when D.C. Code § 1-609.03 (a)(2) is also taken into account.  In that statute, the City Council provides that "the Chief of Police may designate up to 1% of the total number of authorized positions within the Metropolitan Police Department as Excepted Service policy positions, no more than 10 of which may be filled with sworn members or officers."  D.C. Code § 1-609.03 (a)(2).  At present there are approximately 30 people serving in the positions of Assistant Chief, Inspector and Commander, of which more than 10 are sworn officers.  Applying the language of 1-609.03(a)(2) to these facts, it is clear that all 30 of the people in those positions cannot be Excepted Service and therefore some Assistant Chiefs, Inspectors and Commanders must remain Career Service upon promotion (not appointment) to their position.  Defendants do not contest or address this issue at all.

Additional evidence that the Plaintiff was not a member of the Excepted Service can also be found in the description of the Excepted Service.  These Excepted Service appointments are "intended to be an individual whose primary duties are of a policy determining, confidential, or policy advocacy character and who reports directly to the head of an agency."  <u>See</u> D.C. Code § 1-609.02.  Plaintiff Hoey's role as Commander does not fit within this description.  Significantly, the Plaintiff did not report directly to the head of an agency.  At the time of Plaintiff's promotion to Commander and assignment to the Sixth District, he reported directly to Regional Assistant Chief Willie Dandridge.  Assistant Chief Willie Dandridge then reported to Executive Assistant Chief Michael Fitzgerald, who in turn reported to Chief of Police Charles H. Ramsey.  These

facts were set forth in Plaintiff Hoey's Affidavit, and Defendants have neither contested these facts nor addressed their legal implication in their opposition.

### 2. District Personnel Manual § 872.5 Is An Unauthorized Extension of the Applicable D.C. Law.

Defendants' Opposition argues that if the Plaintiff is in fact Career Service then his promotion "contradicts the District's Personnel Manual § 872.5 and his claim fails as a matter of law." See Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment at 8. Defendants' argument completely reverses the interaction between statutory authority and municipal regulation. The District of Columbia Code supersedes Municipal Regulations and in fact creates the parameters in which the regulations must function. Therefore, as Plaintiff previously argued, the DPM contradicts the D.C. Code and therefore is ultra vires. Defendants cannot use a regulation that exceeds its statutory authority to declare that Plaintiff is not Career Service. Instead, this Court should declare that the regulation exceeds the authority granted the mayor and clearly conflicts with the statutory scheme for Career Service promotions and Excepted Service appointments.

Additionally, Defendants citation to Cambriello is inapplicable to the instant case. MPD has not given "a property interest to an employee in direct contradiction with a state statute or regulation." Cambriello v. County of Nassau, 292 F.3d 307, 314 (2d Cir. 2002). Rather, MPD promoted Plaintiff Hoey to a position as Career Service Commander, one fully authorized by the D.C. Code. Defendants in their argument attempt to strip a property interest from an employee, by use of a regulation, that is in violation of a statute. The facts of Cambriello are a stark contrast to this case. Cambriello's promotion violated the Collective Bargaining Agreement which clearly applied to him because he was a unit member. Plaintiff Hoey cannot be a unit member under the MPD Collective Bargaining Agreement because he is part of management.

9

Moreover, his promotion is clearly authorized by statute. That he was promoted to Commander is evidenced by MPD's own personnel records.

### 3. District Personnel Manual § 872.5 Is Not A Reasonable and Consistent Interpretation of 1-608(d-2)(1).

The Defendants have argued that DPM § 872.5 is reasonable and consistent with 1-608(d-2)(1) and therefore the agency interpretation should receive deference and the Court should find that Commander is an Excepted Service position. The agency interpretation is not reasonable and is certainly inconsistent with the language of 608(d-2)(1). An administrative interpretation of a statute that is inconsistent with the plain language of the statutory text exempts courts from an obligation to defer to such interpretation. See generally Brown v. Gardner, 513 U.S. 115 (1994). Further, "when a regulation conflicts with its authorizing statute, the regulation is null and void." See Davis v. Univ. of District of Columbia, 603 A.2d 849, 853 (D.C. 1992).

Judge Sullivan has already declared that the agency's interpretation of the relevant statute is improper stating that, "this regulation (DPM 872.5), however, clearly conflicts with the enabling statute." Fonville v District of Columbia, 448 F. Supp. 2d 21, 27 (D.D.C. 2006). The enabling statute Judge Sullivan was referring to, D.C. Code § 4-104, has now become D.C. Code § 5-105.01, but the language he examined remains the same, save for the addition of §5-105.01(b)(1). Section 5-105.01(b)(1) is identical to the language of 1-608(d-2)(1), at issue in this case. The addition of (b)(1) to § 5-105.01 and of (d-2)(1) to 1-608 does not change the impact of Judge Sullivan's ruling on this case.

Defendants argument that the Fonville ruling is inapplicable to the current case is not accurate. Plaintiff has acknowledged that the Fonville decision predated 1-608(d-2)(1); however, the new language of (d-2)(1) still fails to authorize DCMR 872.5, which Defendants' cite as justification for Plaintiff's groundless demotion. Judge Sullivan held that the D.C. Code

10

did not authorize a regulation that purported to make all Commanders Excepted Service upon his determination that Deputy Chief and Commander are "far from equivalent." Id at 28. The opinion further held, "There is no evidence that plaintiff became an "at-will" employee when he was promoted to Commander." Id. The changes to the D.C. Code subsequent to that ruling do not lessen its application and value to this case. Section 1-608(d-2)(1) does not state that all Commanders are Excepted Service; therefore, any municipal regulation making such a declaration is void.

In the alternative, even if the language of (d-2)(1) was interpreted in such a way that Commanders are intended to be exclusively Excepted Service positions, Hoey was promoted to Commander prior to the addition of (d-2)(1) to the D.C. Code. Hoey's promotion was effective August 1, 2004 while the D.C. law which included the addition to § 1-608.01 of (d-2)(1) did not become effective until September 30, 2004. Therefore, Hoey was a Career Service Commander at the time of his promotion (pursuant to the law at the time, as supported by Fonville) with all of the protections associated with that status. It is unconstitutional to strip him of that status without notice. Plaintiff was never informed of any change in his status upon the addition of (d-2)(1) to the D.C. Code, and his performance reviews and personnel action forms reflect do not reflect any change. Therefore, regardless of the addition of (d-2)(1), Hoey was and remained a Career Service employee during his tenure as Commander. Defendants again do not address Plaintiff's argument that if his status had changed from Career Service to Excepted Service, that change in status would need to be evidenced to him because it would result in a loss of substantive rights. He is therefore entitled to be Partial Summary Judgments on Counts III and IV.

### 4. Plaintiff's Personnel Records and the Collective Bargaining Agreement

Defendants have argued that, "A public employee has a property interest in employment 'only if the law or contract defining the employee's job expressly provides that the employee can be discharged and only for cause.'" See Defendants' Opposition to Plantiff's Motion for Partial Summary Judgment at 7, citing Tribe, L. American Constitutional Law (2nd Ed. 1998). Plaintiff does not disagree with this statement and has previously demonstrated that his "contract" of employment does create a property interest. Arguing that Plaintiff is not covered by the Collective Bargaining Agreement or that Plaintiff cannot rely on paperwork to create a property interest does little to undermine Plaintiff's position that the D.C. law itself makes Plaintiff a member of the Career Service.

It is true that Plaintiff is not covered by the Collective Bargaining Agreement. A review of the "Unit" as defined by the Agreement itself makes clear that it is not intended to cover anyone in a management position, including not only commanders but also inspectors, assistant chiefs, and lieutenants. The Unit is defined as consisting of the following employees of the Metropolitan Police Department:

> All police privates including investigators and desk sergeants, detectives, and police sergeants employed in the uniformed and plainclothes forces of the Metropolitan Police Department, unless assigned to the Internal Affairs Division, excluding management executives, confidential employees, supervisors, and employees engaged in personnel work in other than a purely clerical capacity.

See Collective Bargaining Agreement, Article 2, Recognition. The Unit definition excludes anyone in management; however, this exclusion does not speak to an employee's status as Career Service or Excepted Service. As demonstrated previously, every management employee cannot be Excepted Service given the limitation of § 1-609.03(a)(2). At present there are at least

30 people serving in the roles of Inspector, Commander and Assistant Chief of Police alone, while only 10 Excepted Services positions may be filled with sworn officers per § 1-609.03(a)(2). Cleary then, not everyone excluded from the Unit is automatically Excepted Service and not everyone acting as Inspector, Commander and Assistant Chief is Excepted Service.

Contrary to Defendants assertion, Plaintiff does not rely on his personnel paperwork to establish "as a matter of law" that he had a property interest in his position as Commander. See Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment at 7. In this case, the statute itself establishes his status. Plaintiff's "numerous personnel exhibits" are elements of his "contract" of employment demonstrating not only his understanding of his employment status but also the agency's understanding. Truly, a personnel form cannot create a right where none existed or in violation of a law, but a personnel form can memorialize and evidence the agency and the employee's understanding and application of the law. In Plaintiff's situation, these documents demonstrate that he was repeatedly promoted (not appointed) and repeatedly informed that he was Career Service.

**C.     Plaintiff Incorporates His Arguments as to CMPA Preemption of the Intentional Infliction of Emotional Distress, Qualified Immunity and Punitive Damages**

Plaintiff incorporates his arguments stated in the Memorandum of Points in Support of the Motion for Partial Summary Judgment and in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment as to why Plaintiff's Intentional or Negligent Infliction of Emotional Distress claims are not within the exclusive jurisdiction of the Comprehensive Merit Protection Act. Defendants' position that the CMPA preempts claims such as Intentional or Negligent Infliction of Emotional Distress has been thoroughly briefed by

Plaintiff previously in his Opposition to Defendants' Motion to Dismiss.  Additionally, Plaintiffs reassert that the questions of qualified immunity and punitive damages are best considered after discovery has allowed the parties to develop the factual elements of this case.

Plaintiff will further be filing a First Amended Complaint with this Court Monday August 20th alleging a "reputation plus" claim, comprising of defamation accompanied by an adverse employment action.  Defendants and their agents have repeatedly made public defamatory statements about the reasons for Plaintiff's demotion and about his service record in general.  Plaintiff's Complaint's will outline personal statements from the Chief of Police to other public officials, emails emanating from MPD employees on the Chief's personal staff, and media articles which defame the Plaintiff and impugn his character and his work.  This Court clearly must hear "reputation plus" defamation in spite of any exhaustion argument.  See Fonville v District of Columbia, 444 F. Supp. 2d 21 (D.D.C. 2006) and Leonard v. District of Columbia, 794 A.2d 618 (D.C. 2002).  Given the substance of the First Amended Complaint, there is no reason for this Court not to decide the Career Service issue through Plaintiff's Motion for Partial Summary Judgment.

## CONCLUSION

For the above reasons, Robin Hoey respectfully requests the Court grant his Motion for Partial Summary Judgment on Counts III and IV in this case.

Respectfully submitted,

HANNON LAW GROUP, LLP


_____*/s/ J. Michael Hannon*_____
J. Michael Hannon
1901 18th Street, N.W.
Washington, D.C. 20009
(202) 232-1907
(202) 232-3704 Facsimile

Attorney for Plaintiff Robin Hoey


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing **REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT** was sent via electronic filing this 16th day of August, 2007 to:

Leah Brownlee Taylor
Office of the Attorney General
441 Fourth Street, NW
6th Floor-South
Washington, DC 20001-2714


_____*/s/ J. Michael Hannon*_____
J. Michael Hannon