## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBIN HOEY,                                          :

        Plaintiff,                          :        Case Number: 1:07-cv-00919
                                           Judge John D. Bates
        v.                                :

DISTRICT OF COLUMBIA, et. al.,           :

        Defendants.                      :

### FIRST AMENDED COMPLAINT

Comes now Plaintiff ROBIN HOEY through his attorneys with HANNON LAW
GROUP, LLP and for his First Amended Complaint against Defendants states as follows:

### NATURE OF THE CASE

This is an action for Declaratory and Injunctive relief and Compensatory and
Punitive Damages on behalf of ROBIN HOEY, a Career Service member of the
Metropolitan Police Department.  On April 19, 2007, Defendant CATHY M. LANIER,
Chief of Police of the Metropolitan Police Department, demoted ROBIN HOEY from his
position as Commander to the position of Captain and transferred ROBIN HOEY from
his position as Commander of the Sixth District to a position in the Central Cell Block.
The actions of Defendants violated the Fifth Amendment of the United States
Constitution by depriving Plaintiff ROBIN HOEY of his constitutionally protected right
to his rank without due process of law.

### JURISDICTION

Jurisdiction of this Court is found in Title 28 U.S.C. §§ 1331, 1342 and 1367, and
in Title 42 U.S.C. §§ 1983 and 1988.

## PARTIES

1.      Plaintiff ROBIN HOEY is a resident of Maryland and a Career Service member of the Metropolitan Police Department.  On August 1, 2004, ROBIN HOEY was promoted from the rank of Inspector to the rank of Commander in his 20th year of service to the Metropolitan Police Department.

2.      Defendant DISTRICT OF COLUMBIA is a municipal corporation that employs Defendant CATHY M. LANIER and Plaintiff ROBIN HOEY.

3.      Defendant CATHY M. LANIER is a resident of the District of Columbia and the Chief of Police of the Metropolitan Police Department, formally sworn in to that position on May 4, 2007.

## FACTS COMMON TO ALL COUNTS

4.      For the Performance Plan Period of October 1, 2005 to September 30, 2006, Plaintiff ROBIN HOEY was awarded the highest Performance Evaluation possible -- that of "Significantly Exceeds Expectations" -- as a result of his work as Commander of the Sixth District.  Throughout his career, Plaintiff ROBIN HOEY has been ranked among the best officers in the city.

5.      In November of 2006, Adrian M. Fenty was elected the new Mayor of the District of Columbia.

6.      On January 2, 2007, Mayor Fenty named Defendant CATHY M. LANIER as Acting Chief of Police.  Chief LANIER'S appointment was approved by the City Council on April 3, 2007, and she was formally sworn in on May 4, 2007.

7.      On April 19, 2007, Plaintiff ROBIN HOEY was summoned to the Office of Defendant Chief CATHY M. LANIER.  Chief LANIER, in the presence of another

2

person, told Plaintiff ROBIN HOEY that she was transferring him from the command of

the Sixth District to the D.C. Central Cellblock and reducing him in rank from

Commander to Captain, a reduction of two grades.  Chief LANIER gave no reason for

the transfer and demotion other than to say she wanted to have her own command team.

Chief LANIER took ROBIN HOEY'S Commander's badge and gave him Captain's bars

and insignia.  When ROBIN HOEY stated that the action was unfair, Chief LANIER

addressed him as Captain HOEY and told him that the decision had been made.  Chief

LANIER falsely stated that Captain HOEY was an "at will" employee, when she knew

full well that he is a member of the Career Service entitled to all the benefits of the

District of Columbia Comprehensive Merit Protection Act ["CMPA"].  Plaintiff ROBIN

HOEY was given no statement of reasons or cause for the demotion, nor any opportunity

to be heard.  Indeed, there was no cause for the demotion.  The demotion was instituted

immediately.

8.     Defendants caused news of the transfer and demotion to be published

throughout the Metropolitan Police Department, through the public press, and in various

community meetings with citizens of the District of Columbia, including citizens of the

Sixth District where Plaintiff ROBIN HOEY is held in high esteem.

9.     Plaintiff ROBIN HOEY is and has always been a Career Service

employee while employed with MPD, entitled to the full protections of the District of

Columbia Comprehensive Merit Protection Act.  The CMPA creates a property interest in

public employment and establishes a Career Service in which employees are guaranteed

to be promoted based on merit.  Career Service employees cannot be terminated without

cause.  D.C. Code § 1-608.01, et seq., § 1-616.51, and § 1-616.52.  Under the CMPA,

Career Service employees can only be disciplined after prior notice and an opportunity to be heard.  Discipline to which these rights apply specifically includes reduction in grade or demotion.  D.C. Code § 1-616.52(b).

10.    Defendants' actions in demoting Plaintiff ROBIN HOEY, assigning him to the Central Cellblock, and publicizing their unlawful actions caused Plaintiff ROBIN HOEY to suffer present and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, and the costs and attorneys' fees of this action.

10(a).    After the filing of the initial Complaint, Defendant Cathy Lanier took steps to defame Plaintiff ROBIN HOEY in an effort to deflect criticism of her decision to demote him.  Defendant Lanier told Councilmember Yvette Alexander that Plaintiff ROBIN HOEY is under investigation within the Metropolitan Police Force, a confidential personnel matter even if true.  Defendant Lanier further directed Councilmember Alexander to tell any citizen who inquired about Plaintiff ROBIN HOEY that he was under investigation.  Plaintiff ROBIN HOEY had no knowledge of any investigation at the time these statements were made, and Chief Lanier's assertions to the contrary were false.  Defendant Lanier acted with malice in making these false statements, anticipating that they would be further publicized by Councilmember Alexander.  In a further effort to placate citizens who had protested the demotion of Plaintiff HOEY, Chief Lanier told Councilmember Alexander that he would be returned to his rank within a year, before this lawsuit would ever be completed.  This statement evidences Defendant Lanier's disregard for the rights of Plaintiff HOEY, in that she is forcing him to proceed with this lawsuit knowing that her position that he is an "at will" employee is without merit.

10(b).  Defendant Lanier further defamed Plaintiff ROBIN HOEY by stating to Councilmember Yvette Alexander that Plaintiff ROBIN HOEY has had several sexual harassments complaints placed against him, a claim which is untrue.

10(c).  Plaintiff ROBIN HOEY was further defamed in an email sent by Yvonne Smith, Acting Director of the Office of Community Outreach in the Executive Office of the Chief of Police, to Yvonne Moore, Advisory Neighborhood Commissioner for ANC 7B.  Yvonne Smith's email repeatedly implies that Plaintiff ROBIN HOEY had private personnel matters which would justify his demotion, without disclosing what those might be.  This assertion is both false and damaging to his professional career.

10(d).  Yvonne Smith, writing from her DC.gov account on behalf of Chief of Police Lanier and within the scope of her employment, further states, "I know that many many many many many many complaints passed through that office on that one person" a claim which is entirely untrue and unfounded.  Yvonne Smith acknowledges that "I honestly don't know what those reasons were" when speaking of Plaintiff's demotion but goes on to state how, "embarrassing it is going to be for all of those people who fought so hard and picketed and yelled and demanded answers when they learn all of the reasons why this man had to be removed."  See the full text of the email attached from Yvonne Smith to Yvonne Moore dated May 11, 2007.

### COUNT ONE – Violation of 42 U.S.C. § 1983

11.     Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

12.     As a Career Service employee under the CMPA, Plaintiff ROBIN HOEY had a vested property interest in his position as Commander with the MPD.  Neither the CMPA nor any other section of the D.C. Code allowed Defendants to demote Plaintiff

without cause, prior notice, and an opportunity to be heard. As such, Plaintiff was owed the due process protections enjoyed by all other Career Service employees under the CMPA.

13. Defendants, acting under color of law, did deny Plaintiff ROBIN HOEY, a public employee, his due process rights when depriving him of his Fifth Amendment rights to property and liberty, in that Defendants demoted him without any due process or cause. In so doing, Defendants violated 42 U.S.C. § 1983 and the Constitution of the United States.

14. As a direct and proximate result of Defendants' violating Plaintiff's Fifth Amendment rights, Plaintiff suffered loss of income and other employment benefits and damages to his professional reputation. Further, as a direct and proximate cause of Defendants' violating his Fifth Amendment rights, Plaintiff has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

## COUNT TWO – Intentional and Negligent Infliction of Emotional Distress

15. Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

16. Defendants acted in an extreme and outrageous fashion and negligently in demoting Plaintiff ROBIN HOEY with the intent and/or result of causing him emotional distress.

17. Defendants knew or should have known that Commanders promoted from the uniformed ranks were and are Career Service employees protected under the CMPA.

18. As a result of the this Court's decision in Fonville v. District of Columbia, 448 F.Supp.2d 21 (D.D.C. 2006)(Sullivan, J.), holding that a Commander promoted from

the ranks is not an at will employee, Defendant District of Columbia in November of 2006, held a "ceremony" for all Commanders and Inspectors of the MPD.  At that ceremony, each of these Commanders and Inspectors was given a "Certificate of Appointment" by Chief of Police Charles H. Ramsey.  This ceremony was a pretextual attempt to undo the decision of this Court in <u>Fonville v. District of Columbia</u>.  Plaintiff ROBIN HOEY contends that this "ceremony" was orchestrated by the leadership of the Metropolitan Police Department in order to demote Career Service employees within the command staff of the Chief of Police.  However, the ceremony did not constitute an "appointment" of Plaintiff ROBIN HOEY to Commander; nor did it revoke or modify the protections that Plaintiff ROBIN HOEY enjoys as a Commander promoted from the uniformed rank and file.

19.    Defendants intentionally demoted Plaintiff ROBIN HOEY and transferred him to the MPD Central Cellblock to humiliate him and to cause him harm in his personal and professional life.

20.    As a direct and proximate result of Defendants' intentional and negligent infliction of emotional distress in the foregoing actions, Plaintiff ROBIN HOEY suffered loss of income and other employment benefits and damages to his personal and professional reputation.  Further, as a direct and proximate cause of Defendants' conduct, Plaintiff ROBIN HOEY has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

## <u>COUNT THREE – Declaration of Rights</u>

21.    Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

22.     Plaintiff ROBIN HOEY requests the Court to declare that, as a result of Defendants' violation of his constitutional rights by demoting him without cause, he be reinstated to the position of Commander with the Metropolitan Police Department, with restoration of all back pay, lost benefits, and the costs and attorneys' fees of this action.

## COUNT FOUR – Injunctive Relief

23.     Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

24.     Plaintiff ROBIN HOEY requests the Court to enjoin Defendants' demotion of him and order that he be restored to his rightful position as Commander with the Metropolitan Police Department, with restoration of all back pay, lost benefits, and the costs and attorneys' fees of this action.

## COUNT FIVE – Punitive Damages

25.     Plaintiff ROBIN HOEY incorporates the prior paragraphs herein.

26.     Defendants acted with evil motive, actual malice, deliberate oppression, with intent to injure Plaintiff and in willful disregard for the rights of Plaintiff. Defendants' conduct was itself outrageous, grossly fraudulent, and reckless toward Plaintiff ROBIN HOEY, for which Plaintiff ROBIN HOEY demands punitive damages and the costs and attorneys' fees of this action in an amount to be determined by a jury.

## COUNT SIX – Defamation Plus

27.     Plaintiff ROBIN HOEY repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

28.     Following Plaintiff ROBIN HOEY'S demotion, Defendant Cathy Lanier, and others authorized by her to do so, negligently made and published false statements to others, both inside the D.C. government, and publicly about Plaintiff that were

defamatory and defamatory <u>per se</u>, as a consequence of which the Plaintiff suffered actual injury in his trade, profession, and community standing.

29.    While defamation and slander typically do not provide a basis for recovery in a due process claim, "a plaintiff may prevail, however, if he can demonstrate either a 'reputation plus' claim, that is defamation accompanied by an adverse employment action, or 'foreclosure claims,' in which the government's actions foreclosed potential job opportunities."  <u>See</u> <u>Fonville</u> at 28 (internal citations omitted).  "Such interests will arise when employees are terminated in a manner that stigmatizes them by impugning their reputations or foreclosing their future employment opportunities."  <u>Leonard v District of Columbia</u>, 794 A.2d 618, 627 (D.C. 2002).

30.    In <u>Fonville</u>, Judge Sullivan defined the requirements for "reputation plus" defamation as those "comments that imply an inherent or persistent personal condition."  <u>Id</u>.  Specific examples of those behaviors that rise to a constitutional violation include "accusations of dishonesty, commission of a serious felony, manifest racism, serious mental illness, or a lack of intellectual ability."  <u>See</u> <u>Fonville</u> at 29.

31.    Here, the Defendants have engaged in behavior that rises to the level of a constitutional violation and meets the "reputation plus" standard.  Defendant Lanier has made or caused to be made statements that Plaintiff ROBIN HOEY is unfit for position due to malfeasance.  One example of this is her statement to Councilmember Yvette Alexander that community members should be told that Plaintiff ROBIN HOEY is presently under investigation.  Defendant Lanier further repeated the erroneous claim that Plaintiff ROBIN HOEY is the subject of several sexual harassment claims.  These

statements, as well as those made in Yvonne Smith's email several stigmatize Plaintiff ROBIN HOEY by impugning his reputation both professionally and personally.

32.    As a direct and proximate result of Defendants' defamatory acts, Plaintiff has suffered loss of income and other employment benefits and damage to his professional and personal reputation.  Further, as a direct and proximate cause of Defendants' defamatory acts, Plaintiff has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

WHEREFORE, Plaintiff ROBIN HOEY prays that he be awarded compensatory damages in an amount in excess of the jurisdictional amount in controversy, punitive damages to be determined by a jury, costs and attorneys' fees of this action, a declaration that he is entitled to be reinstated to the rank of Commander, and a permanent injunction returning him to the position of Commander with all back pay and benefits.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff ROBIN HOEY hereby demands a trial by jury of all Counts triable by jury and of all factual allegations required for the determination of his Complaint.

Respectfully submitted,

HANNON LAW GROUP, LLP


_____//s// J .Michael Hannon_____
J. Michael Hannon, Bar No. 352526
1901 18th Street, N.W.
Washington, D.C.  20009
(202) 232-1907
(202) 232-3704, Facsimile
jhannon@hannonlawgroup.com

Attorneys for Plaintiff Robin Hoey


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **First Amended Complaint** was sent via electronic filing, this 20th day of August, 2007 to:

Leah Brownlee Taylor
Office of the Attorney General
441 Fourth Street, NW
6th Floor-South
Washington, DC 20001-2714


_____/s/ J. Michael Hannon_____
J. Michael Hannon


11

EXHIBIT A

**From:** lmoore6577@aol.com [mailto:lmoore6577@aol.com]
**Sent:** Fri 7/27/2007 9:50 AM
**To:** Hoey, Robin (MPD)
**Subject:** Fwd: Contract and Retirement Package


-----Original Message-----
From: Smith, Yvonne (MPD) <yvonne.smith@dc.gov>
To: lmoore6577@aol.com
Sent: Fri, 11 May 2007 1:59 pm
Subject: RE: Contract and Retirement Package

All is well here, Ms. Moore.   I know many 6D residents are still smoking from this heated issue.  In the meantime, I think the momentum should be used to strengthen the relationships with the police, not destroy them.

The Sixth District can either be made stronger or weaker, and I totally believe it is up to the people.  If Commander Hoey had been promoted, he still would be gone from the Sixth District.

This e-mail is confidential, just for your eyes only.  This is my own personal opinion.  Based on what I have read in the newspapers, it seems that way too much energy is going into finding out exactly why Commander Hoey was transferred and demoted.  As an outsider, looking in, I would say that the Chief has taken the high road, meaning, while there is so much pressure on her to reveal all of the reasons she did not want Commander Hoey on her command staff, she is choosing not to disclose his personnel or personal matters.  The DC Examiner tried to expose some of his issues, but the Chief has refused to release his information.  I commend her for choosing this route.  Not too many people would do it.  It's hard having a community who doesn't know much about the good work you have done in policing focus on this one issue and sum you up and beat you up over it.  The Chief has a ton of support around here, because she is a real person who treats people with respect and expects us all to do our jobs where crime fighting is concerned.  Even Councilmember Mendelson's comments in a recent news article on this matter hinted that he might be helpful to release some of Commander Hoey's private personnel matters.

How embarrassing is it going to be for all of those people who fought so hard and picketed and

yelled and demanded answers when they learn all of the reasons why this man had to be removed. I honestly don't know what those reasons were, even though I work directly for the Chief. That's how adamant she is that she is not going to spread his business. But I can tell you that prior to working for the Chief, I worked in ROC-East, where Commander Hoey was supervised. I know that many many many many many many complaints passed through that office on that one person. That's all I will say. I'm not sure how valid they were, because everyone has a right to file a complaint, but I have never seen that many complaints on any one person since I have been employed anywhere.

The Examiner recently published quotes from Commander Hoey, where he boasted about his harsh treatment to officers. I believe that everyone has a right to be treated with dignity and respect on their jobs, especially adults. I had a jerk for a boss a few years ago, she literally made me sick. She was young and stupid and I could not believe I had to work under someone that dumb. She took off for every Jewish Holiday, because her grandparents were Jewish, but the rest of her lifestyle was far from any connections to the religion. She was insensitive and just plain rude. I ended up leaving, but we cannot afford that at this department. We cannot afford to have officers refuse to come to work. I am told that even at graduation exercises, when it was announced that people were being sent to the Sixth District, there was booing amongst the crowd.

This is crazy.

All I am saying to you, Ms. Moore is think about the cause you are fighting for and whether or not it is best to remain neutral for a while, until everything is out. As women, we already have it tough in the workforce. Stop beating up on a person who earned this right to be chief. She's smart, she's educated, she's passionate about fighting crime, she's well versed on homeland security and intelligence, she's fair, and she is reasonable. She is also well-liked at this department by men, women, Blacks, Whites, Latinos, Straight, Gay, etc.

Think about all that I have said to you, now pray about it. Ask God to assist you in your steps on this matter. You will find that if and when the full story comes out, this chief is probably justified in her actions. No other chief in this country has had to ask a community if they can promote, transfer or demote someone. Why should Chief Lanier? The deal is, officers can take tests to get promoted on this job, no matter who likes them, they can become sergeants, lieutenants, and captains, without anyone liking them or their style, but once you reach anything above Captain, it is because the Chief has personally chosen you to be on his/her command staff. When new chiefs arrive, they look at who they have in those command level positions and make the adjustments according to their own policing style. Chief Cathy Lanier and Commander Robin Hoey did not share policing styles. She had every right to make the changes. On that particular day last month, she made more than 70 changes to this department. The action with Commander Hoey was just 1 out of 70. Another thing, Commander Hoey was not like the man people currently describe him to be when he was the Inspector in the Third District. This is where I first worked with him. We worked on listserv groups and enhancing them and being responsive to the community. When he was promoted to the Sixth District, the first thing he asked me to do was create a listserv for him in 6D and get materials out to the community so that they knew who he was. As time went on, it seems that things got really bad. In a recent news article, Phil Mendelson referred to Commander Hoey as a man with more than one face. This is why I am urging you to back down for a minute and pray for guidance. Then, if you feel you still need to pursue this, fine. I even told Commander Hoey the last time he was in this office, no matter what life takes you through, you will be okay. He was raised in the south, just like me. He will be okay. I just want the

residents of 6D to be okay.

I hope this helps.

I like you, Ms. Moore.  First, we share the same name.  Secondly, I know that you genuinely care about your community.  In my hometown, we had an activist like you who rocked the city whenever he saw injustice.  We need people like you.  I promise you, we do.  I'm just saying to you, the transfer of Robin Hoey from Commander Lanier's command staff was NOT injustice by a longshot.

Yvonne Smith
Office of Community Outreach
Executive Office of the Chief of Police
Metropolitan Police Department
300 Indiana Avenue, NW, Suite 5080
Washington, DC 20001
202.727.8809 phone
202.727.9524 fax
yvonne.smith@dc.gov e-mail
www.mpdc.dc.gov website
