IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 07-00919(JDB) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| And CATHY LANIER | ) |
| Defendants. | ) |

**THE DEFENDANT DISTRICT OF COLUMBIA'S AND CATHY LANIER'S
MOTION
TO DISMISS THE COMPLAINT, AND/OR, IN THE ALTERNATIVE, MOTION
FOR SUMMARY JUDGMENT**

The Defendants District of Columbia and Cathy Lanier, by and through the

undersigned counsel, move this court to dismiss Plaintiff's Complaint and/or grant the

defendants' motion for summary judgment. As reasons for the motions, the Defendants

state the following:

1. As Commander, plaintiff was an "at will" employee and therefore did not

possess a protected interest in continued employment in that position                .

2.  Assuming arguendo that plaintiff was a Career Service employee, plaintiff has

failed to exhaust his administrative remedies under the Comprehensive Merit Personnel

Act and dismissal is appropriate.

3.  Plaintiff's Intentional and Negligent Infliction of Emotional Distress Claims

Fail As a Matter of Law.

4.  Defendant Cathy Lanier is entitled to Qualified Immunity.

5. Punitive Damages are Not Available Against the District of Columbia.

6. Plaintiff is Not Entitled to Injunctive Relief.

The Defendants District of Columbia and Cathy Lanier have appended a

Memorandum of Points and Authorities in support of this motion.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Patricia Jones[1]____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____//Leah  Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor South
Washington, D.C.  20001
(202) 724-7854; (202) 727-6295

---

[1] by Phillip Lattimore, Chief, General Litigation, Section III.

IN THE UNTED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBIN HOEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vi. | ) | Civil Action No. 07-00919(JDB) |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

In support of their Motion for Summary Judgment, these defendants herein submit their Statement of Material Facts Not in Genuine Dispute, and state as follows:

1. Plaintiff, who was demoted from the rank of Commander to Captain on or about April 19, 2007, filed an administrative appeal of that action to the Office of the Employee Appeals on or about May 16, 2007. See Complaint, generally, See Exhibit A, Office of Employee Appeals ("OEA") Petition For Appeal of Agency Action.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/ Leah Brownlee Taylor_____
LEAH BROWNLEE TAYLOR [0488966]

Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295

IN THE UNTED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

ROBIN HOEY,                          )
                                    )
            Plaintiff,               )
                                    )
vii.                                 )          Civil Action No. 07-00919(JDB)
                                    )
THE DISTRICT OF COLUMBIA,            )
                                    )
            Defendant.               )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THE DEFENDANT DISTRICT OF COLUMBIA'S MOTION
TO DISMISS THE COMPLAINT, AND/OR, IN THE ALTERNATIVE, MOTION
FOR SUMMARY JUDGMENT**

Preliminary Statement

Robin Hoey, plaintiff, brings this action claiming that the Defendants

District of Columbia and Chief of Police Cathy Lanier deprived him of a cognizable

property interest as a career service employee without due process of law, a violation of

the Fifth Amendment of the United States Constitution. Plaintiff avers that the defendants

demoted him from the rank of Commander in the Metropolitan Police Department

("MPD") to the rank Captain without an opportunity to be heard or other means of

redress afforded to career service employees under the Comprehensive Merit Personnel

Act (hereinafter "CMPA"). *See* Complaint, generally.  Although plaintiff claims that he is

a career service employee, he fails to allege that he exhausted his administrative remedies

through the Office of Employee Appeals, the administrative agency authorized to

adjudicate workplace disputes. *See* Complaint, generally. Captain Hoey has initiated an

action challenging Lanier's demotion with the Office of Employee Appeals.  See Exhibit

A, OEA petition.

5

<u>Relevant Facts</u>

Plaintiff alleges that on April 19, 2007, he was informed by Chief of Police Cathy M. Lanier, that she was transferring him to the D.C. Central Cellblock and reducing him from the rank of Commander to Captain. Compl. at ¶ 7.  Plaintiff claims that Chief of Police Lanier told him that she wanted to have her own command team and that plaintiff was an "at-will" employee. Compl. at ¶ 7.  Despite his presumed participation in a ceremonial appointment for all Commanders and Inspectors, at will employees, in November 2006, plaintiff asserts that he is a career service employee under the Comprehensive Merit Personnel Act, See Compl. at ¶ 18.  In his complaint, plaintiff does not allege that he has exhausted his administrative remedies through the Office of Employee Appeals, which career service employees of the District are required to do under the CMPA to adjudicate workplace disputes. See Complaint, generally. Captain Hoey has filed a petition challenging Lanier's demotion before the Office of Employee Appeals.  See Exhibit A, OEA petition.

The position of Commander is an "at will" , excepted service position within the Metropolitan Police Department.  *See* D.C. Official Code §1-608(d-2)(1); DPM 872.5. These persons serve at the pleasure of the Chief of MPD and can be removed at any time without cause. "At will", excepted service employees are not afforded the protections provided by the Comprehensive Merit Protection Act, D.C. Official Code § 1.601 (2001 ed.), ("CMPA"), and are not entitled to a hearing or any other due process protections provided for in this statute. See D.C. Official Code §1-609.05.  Plaintiff's claims that he was deprived of his right to due process are, therefore, without merit and the separate counts in plaintiff's complaint, as outlined below, should be dismissed.

<u>The Complaint</u>

In the first count of his complaint, plaintiff alleges that he was deprived of his right to property without due process of law in violation of the Fifth Amendment of the United States Constitution. Compl. at ¶¶ 11-14. The second count alleges intentional and negligent infliction of emotional distress as a result of the demotion, and the third and fourth counts request a declaration of reinstatement back to the position of Commander, back and front pay, and damages and injunctive relief, respectively. Compl. at ¶¶ 15-24. Finally, the fifth count requests punitive damages against the defendants. Compl. at ¶¶ 25-26. All counts lack merit and must be dismissed as a matter of law.

<u>Argument</u>

<u>Standard to be Applied</u>

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a Court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)). The Court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts. *Id*.

Summary judgment is proper when there is no genuine issue of material fact and judgment in favor of the movant is proper as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Kitt v. Capital Concerts, Inc</u>., 742 A.2d 856, 858 (D.C. 1999).

No class of cases, including employment discrimination claims, is exempt from this rule, Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000); Evans v. New York Botanical Garden, 253 F. Supp. 2d 650, 657 (S.D.N.Y. 2003) ("The salutary purposes of summary judgment . . . apply no less to discrimination cases than to commercial or other areas of litigation.").  The Supreme Court has expressly authorized early summary judgment when public officials face insubstantial claims such as those now before the Court.  Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982) ("In identifying qualified immunity as the best attainable accommodation of competing values . . . we relied on the assumption that this standard would permit '[insubstantial] lawsuits [to] be quickly terminated.'") (internal citations omitted).  As the non-movant, Tabb must make a showing with "specific facts showing that there is a genuine issue[.]" Celotex, 477 U.S. at 324, in opposition to the qualified immunity defense.  These facts must have "significant probative" force "tending to support the complaint."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

A.      **Plaintiff was an "at will" employee and was not vested with a protected interest**.

Under the Fifth Amendment of the United States Constitution, an at-will employee does not possess a protected property or liberty interest in continued employment. *O'Donnell v. Barry,* 148 F.3d 1126, 1139 (D.C. Cir. 1998) *citing Board of Regents v. Roth* 408 U.S. 564 (1972). Nor does the District of Columbia Official Code create such an interest. *O'Donnell,* 148 F.3d at 1139*, citing* D.C. Official Code § 4-104*.* The question of whether a particular job action against a public employee implicates a

constitutionally protected property interest is a question of law. *Deen v. Darosa,* 414 F.3d 731 (7th Cir. 2005).

In this case, plaintiff was appointed to the position of Commander and returned to the rank of captain. Under District law, a Commander can be appointed to an Excepted Service position. D.C. Official Code §1-608(d-2)(1) . D.C. Code §1-608(d-2)(1) states that "the chief of police shall recommend to the Director of Personnel criteria for Career Service promotion and **Excepted Service appointment to the positions of Inspector, Commander and Assistant Chief of Police**."(emphasis added). D.C. Code §1-608(d-2)(1). "Employees in the Excepted Service do not have any job tenure or protection". See D.C. Official Code §1-609.05. Consistent with the statutory provision, the District Personnel Manual states unequivocally, "Assistant Chiefs of Police, Commanders and Inspectors **are excepted** [from Career Service], who serve at the pleasure of the Chief of Police. The Chief of Police has the discretion to return Assistant Chiefs of Police, Commanders and Inspectors to their previous rank/position."(emphasis added).*See* DPM §872.5. The Mayor has delegated personnel and decision making authority to the Chief of Police. See DCMR 6A-800.7 ("Subject to applicable law, rules, regulations , and orders of the Mayor or directives pursuant to order of the Mayor, the Chief of Police shall have full power and authority over the department and all functions, resources, officials, and personnel assigned thereto.")

Captain Hoey was appointed to an Excepted Service position of Commander and demoted to the rank of captain within the statutory and regulatory authority granted to the Chief of Police under §1-608, §1-609.05; DPM §872.5 and DCMR 6A-800.7. In this instance, because the position of Commander is an excepted service position within the

ambit D.C. Official Code §1-608.01(d-2)(1), plaintiff's employment was "at will", he

had no job tenure or protection, and he is not entitled to a review of MPD's decision. He

did not possess any property interest protected by the Due Process Clause. As such, the

defendants are entitled to dismissal of Count I, II, III, and IV of plaintiff's complaint.

It is important to note that plaintiff incorrectly cites to *Fonville v. District of*

*Columbia*, 448 F.Supp.2d 219 (D.D.C. 2006) (Sullivan, J) for the broad proposition that

a "commander promoted from the rank is not an at will employee". See Complaint, at ¶

18. The courts ruling in *Fonville* is inapplicable to the instant case. The plaintiff in

Fonville was demoted in 1999, *before* the 2004 enactment of §1-608(d-2)(1), which

clearly states that there is an Excepted Service Appointment to the position of

Commander. See D.C. Reg. 11/30/2004. See also *Fonville v. DC*, 448 F.Supp.2d 219

(D.D.C. 2006 )(Sullivan, J). Here, Hoey was demoted after the 2004 enactments. As

previously stated, an Excepted Service position is an "at will" position, without job

tenure or protection.

**B.**      **Plaintiff Has Not Pled that He Exhausted his Administrative Remedies in Challenging His Demotion as a Career Service Employee, and Consequently, Dismissal is Appropriate.**

The plaintiff's constitutional challenge to his demotion arises out of his claim to

a property interest he alleges to have as a "career service employee". (Complaint, ¶ 9.)

Assuming arguendo that plaintiff is a career service employee, the plaintiff is correct in

stating that career service employees are protected by the provisions of the District's

Comprehensive Merit Personnel Act, which state that covered employees are not at-will

employees but can be removed only for "cause." D.C. Code § 1-606.1, *et seq.* It is this

"protection" that is the basis of the plaintiff's claim that he was entitled to due process of law prior to his removal from his career service position.  (Complaint, ¶9.)

Pursuant to the CMPA, a claim arising out of an employment dispute cannot be initiated in Superior or District Court.  *Armstead v. District of Columbia*, 810 A.2d 398, 400-01 (D.C. 2002); *Thompson v. District of Columbia*, 593 A.2d 621 (D.C. 1991); *cert. denied*  502 U.S. 942 (1991).  Instead, the plaintiff must first seek relief from the D.C. Office of Employee Appeals ("OEA"), which the plaintiff has failed to plead he has done. See Complaint, generally. Only after the OEA issues a ruling can a plaintiff bring an action in **Superior Court** for judicial review.  *Id.*  The D.C. Court of Appeals has held that:

> "with few exceptions, the **CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind**."  *Baker v. District of Columbia 785 A.2d 696, 697 (D.C. 2001)* (citations omitted).  As such, "'the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by CMPA procedures.'"  *Id. at 698* (internal quotations omitted).

*Armstead*, 810 A.2d at 400.

In *Thompson*, the D.C. Court of Appeals held that the CMPA constitutes the exclusive remedy for virtually all "instances where an employee claimed wrongful treatment cognizable under" the CMPA provisions addressing "performance ratings," "adverse actions," and employee "grievances."  593 A.2d at 635.  There, the plaintiff brought suit for emotional distress and defamation, based on twenty-two memoranda written by her supervisor during her two-year employment with the District.  *Id.* at 625, 635.  The court upheld the dismissal of those claims, writing:

> It would seem, therefore, from the purpose and text of CMPA, including its judicial review provisions, that the Council "plainly intended" CMPA to create a mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions – with a reviewing

> role for the courts as a last resort, not a supplementary role for the courts as
> an alternative forum.

*Id.* at 634 (footnote omitted).

The court also emphasized that the breadth of the CMPA—which covers any employee "grievance"—is expansive; it encompasses "'any matter under the control of the District government which impairs or adversely affects the interest, concern, or welfare of employees.'" *Thompson,* 593 A.2d at 626, n.6, quoting D.C. Code, §1-603.1(10). Thus, the court found that the D.C. Council, in enacting the CMPA, clearly intended to foreclose in-court litigation of all employee grievances "arising out of the employment relationship." *Thompson*, 593 A.2d at 624.

In the case at bar, the plaintiff's challenge to his demotion falls within the exclusive jurisdiction of the CMPA. Plaintiff is administratively barred from seeking relief in this Court because the CMPA requires that plaintiff's exhaust his administrative remedies before the Office of Employee Appeals and seek further redress, if necessary, in Superior Court. In short, plaintiff cannot have his cake and eat it too- plaintiff cannot claim he is a career service employee who is "entitled to all the benefits of the CMPA" and ignore the CMPA's requirement that career service employees who have workplace disputes file an OEA action and exhaust their administrative remedies. See Complaint at 3. Upon information and belief, Captain Hoey has already filed a petition challenging Lanier's demotion before the Office of Employee Appeals. See Exhibit A, OEA petition. If Captain Hoey receives an unfavorable ruling in the OEA, the Superior Court is the only court he can properly challenge the demotion. See *Baker v. District of Columbia 785 A.2d 696, 697 (D.C. 2001)* (citations omitted)(finding that 'the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by

CMPA procedures.") Accordingly, even if the plaintiff is a career service employee, this Court lacks jurisdiction to adjudicate this workplace dispute and the defendants are entitled to dismissal of Count I, II, III, and IV of plaintiff's complaint.

**C.**    **Plaintiff's Intentional and Negligent Infliction of Emotional Distress Claims Fail as Matter of Law.**

As previously stated, the District of Columbia Council "plainly intended" CMPA to create a mechanism for addressing virtually every conceivable personnel issue among District employee, inclusive of claims involving suits for emotional distress. See *Thompson* at 625 (dismissing suit for emotional distress and defamation). Count II, plaintiff's Intentional and Negligent Infliction of Emotional Distress, therefore fails because plaintiff under *Thompson* is barred from litigating these claims in this Court. Plaintiff did not exhaust his administrative remedies with respect to these claims.

Furthermore, District of Columbia courts have held a heightened standard to intentional infliction of emotional distress claims in employment cases. See *Anderson v. Ramsey*, Civil Action No. 04-56, (April 19, 2006)(2006 U.S. Dist. LEXIS 21034 at pg 10.) *See also Howard University v. Best*, 484 A.2d 958 (D.C. 1984); *Drejza v. Vaccaro* 650 A.2d 1308 (D.C. 1984). Courts in this jurisdiction are "especially skeptical of intentional infliction of emotional distress claims in an employment" context because "employer employee conflicts do no generally rise to the level of outrageous conduct"- even in cases where an employee is discharged. *Id.* at 9; *See also Kerrigan v. Britches of Georgetown, Inc.*, 705 A.2d 624, 628 (D.C. 1997). Courts require that the employer's behavior "must go beyond all bounds of decency" and be "intolerable in a civilized society." *Id at 10. See also Crowley v. North Am. Telecoms. Ass'n*, 691 A.2d 1169, 1172 (D.C. 1997). In the instant case, the plaintiff has not pled sufficient facts to support a

finding that the defendants engaged in "extreme or outrageous conduct" "beyond all bounds of decency" against the plaintiff.  Plaintiff's intentional infliction of emotional distress claims must fail as a matter of law.

**D.    Defendant Lanier is Entitled to Qualified Immunity**

Defendant Cathy Lanier is entitled to dismissal and/or summary judgment because the plaintiff has not pled any facts to show that defendant Lanier acted unreasonably and violated any clearly established right pursuant to 42 U.S.C. §1983. The purpose of qualified immunity is to protect governmental employees against insubstantial lawsuits that have the following societal costs: l) expenses of litigation; 2) diversion of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald*, 457 U.S. 800, 8l4 (l982).

Qualified immunity shields officials, such as Lanier, from liability as long as their action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638 (l987). An officer should prevail on the qualified immunity defense even if he is mistaken, if a reasonable officer could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson*, 483 U.S. at 64l. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law.

In this case, it cannot be said that defendant Lanier knowingly violated plaintiff's constitutional rights. As argued above, under District of Columbia law, the position of Commander is an excepted service position, which is an "at will" position. The Mayor

delegated personnel and decision making authority to the Chief of Police. Defendant

Lanier, as Chief of Police, relied on statutory law and personnel regulations to demote

Captain Hoey under the authority granted to her by the Mayor. Thus, the facts pled by the

plaintiff are insufficient to support a finding that defendant Lanier acted in any

unreasonable manner in making personnel decisions that resulted in Captain Hoey's

demotion. Accordingly, she is qualifiedly immune from suit.

**E.      Punitive damages are not available against the District of Columbia.**

In *Smith v. District of Columbia*, 336 A.2d 831 (D.C. 1975), the District of

Columbia Court of Appeals, after a lengthy discussion of the policy considerations and

weight of authority against allowing punitive damages against municipalities, found that

punitive damages were ***not*** available against the District absent a statute expressly

authorizing it. The purpose of a punitive damages award, the *Smith* court held, was to deter

wrongful behavior and to benefit those wronged by such behavior. The court found that

assessing punitive damages against the District (which would require payment by tax

dollars) would be in conflict with the purpose of punitive damages because it would only

serve to punish the taxpayers, who are the exact people who should benefit from such an

award. *Id.*

While the Court in *Smith* mentioned in dicta that there may be a theoretical

possibility that punitive damages might be available against the District of Columbia under

certain undefined "extraordinary circumstances," this issue was resolved in favor of the

District in *Teart v. WMATA*, 686 F.Supp. 12 (D.D.C. 1988). In *Teart*, the Court first

reiterated the long standing precedent that "[i]n the absence of express statutory authority,

punitive damages are not recoverable against the District of Columbia." *See Teart,* 686

F.Supp. at 13.  The *Teart* Court reviewed the "extraordinary circumstances" language included in the *Smith* decision, holding that this language was nothing but dicta, and stated specifically that ***no*** court had ever imposed punitive damages against the District.  *Id*. at 14. The Court further held that "[t]his court will not create a baseline definition of a term which was formulated in dicta."  *Id.*  Accordingly, because existing case law does not allow for punitive damages against the District of Columbia, and, because even if there did exist a possibility for imposition of such damages under "extraordinary circumstances," clearly this case is not within such a category.  Thus, the claim for punitive damages must be dismissed.

**F.**      **Plaintiff is Not Entitled to Injunctive Relief.**

Plaintiff avers that while he seeks compensatory damages under 42 U.S.C. § 1983, he also seeks injunctive relief.  The defendants have moved for dismissal of the entire case because plaintiff has not demonstrated that there has been any constitutional violation or common claims.  In order to obtain injunctive relief, plaintiff must demonstrate that there is a strong likelihood of prevailing on the underlying claims. Since dismissal of the underlying claims is appropriate, plaintiff is not entitled to injunctive relief.

<div style="margin-left:40%">

LINDA SINGER
Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

        /s/ Patricia Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

</div>

16

_____//Leah  Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor South
Washington, D.C.  20001
(202) 724-7854; (202) 727-6295
Respectfully submitted,

IN THE UNTED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

ROBIN HOEY,                              )
                                         )
            Plaintiff,                   )
                                         )
viii.                                    )        Civil Action No. 07-00919(JDB)
THE DISTRICT OF COLUMBIA,                )
                                         )
            Defendant.                   )

ORDER

Upon consideration of the Defendants District of Columbia's and Cathy Lanier's

Motion to Dismiss the Complaint and/or in the Alternative, Motion for Summary

Judgment, the memorandum of points and authorities in support thereof, any opposition

thereto, the facts, the law and the record herein, it is this_____day of

_____2007, and it is,

            **ORDERED:** that the Defendants District of Columbia's and Cathy Lanier's

Motion to Dismiss the Complaint and/or in the Alternative, Motion for Summary

Judgment  is hereby **GRANTED**; and it is,

            **FURTHER ORDERED:** that the complaint in Civil Action No. 07-00919 is

hereby **DISMISSED**.

_____
John D. Bates
United States District Court Judge

18

**OFFICE OF EMPLOYEE APPEALS**
**FOR THE DISTRICT OF COLUMBIA**

ROBIN HOEY                                        :
2905 Charredwood Court
Forestville, Maryland 20747,                      :

      Petitioner,                              :        Case Number:

    v.                                            :

CHIEF CATHY M. LANIER,                           :
METROPOLITAN POLICE DEPARTMENT
300 Indiana Avenue, N.W.                          :
Washington, D.C. 20001,

                  :

        Respondent.

## PETITION FOR APPEAL OF AGENCY ACTION

    Comes now Petitioner ROBIN HOEY through his designated representative,

HANNON LAW GROUP, LLP and for his Petition for Appeal of Agency Action states

as follows:

## NATURE OF THE CASE

    This is a Petition on behalf of ROBIN HOEY, a Career Service member of the

Metropolitan Police Department. On April 19, 2007, Respondent's Agency Head,

CATHY M. LANIER, Chief of Police of the Metropolitan Police Department, demoted

ROBIN HOEY from his position as Commander to the position of Captain.

The actions of Respondent violated the District of Columbia Comprehensive Merit

Protection Act by depriving Petitioner ROBIN HOEY of his constitutionally protected

right to his rank without due process of law.

# CONCISE STATEMENT OF THE FACTS

1.    For the Performance Plan Period of October 1, 2005 to September 30, 2006, Petitioner ROBIN HOEY was awarded the highest Performance Evaluation possible -- that of "Significantly Exceeds Expectations" -- as a result of his work as Commander of the Sixth District. The Performance Rating properly reflects that Petition HOEY is a member of the Career Service. Throughout his career, Petitioner ROBIN HOEY has been ranked among the best officers in the city.

2.    In November of 2006, Adrian M. Fenty was elected the new Mayor of the District of Columbia.

3.    On January 2, 2007, Mayor Fenty named CATHY M. LANIER as Acting Chief of Police. Chief LANIER'S appointment was approved by the City Council on April 3, 2007, and she was formally sworn in on May 4, 2007.

4.    On April 19, 2007, Petitioner ROBIN HOEY was summoned to the Office of Respondent Chief CATHY M. LANIER. Chief LANIER, in the presence of another person, told Petitioner ROBIN HOEY that she was transferring him from the command of the Sixth District to the D.C. Central Cellblock and reducing him in rank from Commander to Captain, a reduction of two grades. Chief LANIER gave no reason for the transfer and demotion other than to say she wanted to have her own command team. Chief LANIER took ROBIN HOEY'S Commander's badge and gave him Captain's bars and insignia. When ROBIN HOEY stated that the action was unfair, Chief LANIER addressed him as Captain HOEY and told him that the decision has been made. Chief LANIER falsely stated that Captain HOEY was an "at will" employee, when she knew full well that he is a member of the Career Service entitled to all the benefits of the

2

District of Columbia Comprehensive Merit Protection Act ["CMPA"]. Petitioner ROBIN HOEY was given no statement of reasons or cause for the demotion, nor any opportunity to be heard. Nor was there any cause for the demotion. The demotion was effective immediately.

5.      Petitioner ROBIN HOEY is and has always been a Career Service employee while employed with MPD, entitled to the full protections of the District of Columbia Comprehensive Merit Protection Act. The CMPA creates a property interest in public employment and establishes a Career Service in which employees are guaranteed to be promoted based on merit. Career Service employees cannot be terminated or demoted without cause. D.C. Code § 1-608.01, et seq., § 1-616.51, and § 1-616.52. Under the CMPA, Career Service employees can only be disciplined after prior notice and an opportunity to be heard. Discipline to which these rights apply specifically includes reduction in grade or demotion. D.C. Code § 1-616.52(b).

6..      Respondents' actions in demoting Petitioner ROBIN HOEY without cause are unlawful and a violation of the CMPA.

WHEREFORE, Petitioner ROBIN HOEY prays that he be reinstated to his position as Commander with the Metropolitan Police Department, with all costs and attorneys' fees of this action pursuant to D.C. Code § 1-606.08(a).

### ADDITIONAL INFORMTION REQUIRED FOR THE PETITION

1.      The name and address of Petitioner ROBIN HOEY are contained in the caption. His telephone number is (301) 736-0180.

2.      The Agency Action was a demotion that was effective on April 19, 2007.

3

3.      The name, address, and telephone number of the Petitioner's designated representative are below.

4.      There is no written record of the Respondent's decision.

5.      Petitioner has not filed an appeal under any negotiated review procedure pursuant to a collective bargaining agreement or a complaint with any other agency regarding this matter.

6.      Petitioner is not a member of a collective bargaining unit.

7.      Petitioner requests an evidentiary hearing and oral argument.

Respectfully submitted,

HANNON LAW GROUP, LLP


J. Michael Hannon, Bar No. 352526
1901 18th Street, N.W.
Washington, D.C.  20009
(202) 232-1907
(202) 232-3704, Facsimile
jhannon@hannonlawgroup.com

Designated Representative for Petitioner
Robin Hoey


Robin Hoey, Petitioner

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILFRED L. STANLEY, et al.,                      )
                                                 )
        Plaintiffs,                              )
                                                 )
    v.                                           )        Civil Action No. 98-2780 (PLF)
                                                 )
SONYA PROCTOR, et al.,                           )        **FILED**
                                                 )
        Defendants.                              )        DEC   9 2002
                                                 )
                                                          NANCY MAYER WHITTINGTON, CLERK
                                                          U.S. DISTRICT COURT

## MEMORANDUM OPINION

On October 2, 2000, the Court heard oral argument on defendants' motions to dismiss or for summary judgment. At the conclusion of the hearing and in an order issued on October 4, 2000, the Court granted judgment for defendants with respect to Counts I (deprivation of due process property rights–defendant Sonya Proctor), III (deprivation of due process liberty interests–defendant Proctor), and IV (deprivation of due process liberty interests–defendants Metropolitan Police Department and the District of Columbia). It reserved ruling on Counts II (deprivation of due process property rights–defendants MPD and the District of Columbia), V (common law defamation–defendant Proctor), and VI (common law defamation–MPD and the District of Columbia).

With respect to Counts II, V and VI, the parties were encouraged to submit further briefs or points or authorities on the following issues: (1) whether plaintiffs must exhaust administrative remedies prior bringing these procedural due process claims under 42 U.S.C. § 1983; (2) whether the District of Columbia Comprehensive Merit Personnel Act precludes D.C. employees from filing civil suits for common law defamation; (3) whether a



87

municipality can be held liable under a theory of *respondeat superior* for the allegedly

defamatory remarks of one of its employees; and (4) whether the Metropolitan Police

Department is *non sui juris*. Upon consideration of the supplemental briefs addressing these

issues, the arguments of counsel at the motions hearing, and the voluminous briefing that

preceded the hearing, the Court finds that the three counts remaining in this case – Counts II, V

and VI – must be dismissed.

## I. BACKGROUND

Plaintiffs, three commanders of different districts of the Metropolitan Police

Department, claim that they were constructively terminated from their positions and that

they suffered injury from false and defamatory statements made by Interim Police Chief

Sonya Proctor to the press, to the public and to the City Council. In the three counts

remaining in this case, the officers allege that they were deprived of their Fifth Amendment

due process property rights under 42 U.S.C. § 1983 when they were constructively

discharged (Count II against defendants District of Columbia and MPD) and that they were

defamed when Chief Proctor stated that they were discharged for performance reasons

(Count V against defendant Proctor, and Count VI against defendants District of Columbia

and MPD). Plaintiffs seek reinstatement, back pay and benefits, front pay, compensatory

damages of $250,000 each, punitive damages of $750,000 each, a determination that their

due process rights were violated, an injunction against further due process violations, a fair

opportunity to clear their names, and attorneys' fees.

2

## II. SECTION 1983 DUE PROCESS CLAIM

Plaintiffs allege that Interim Police Chief Sonya Proctor terminated them without providing them with proper notice or an opportunity to be heard, thereby depriving them of their property right to continued employment without due process of law under 42 U.S.C. § 1983. The Court already has ruled that defendant Sonya Proctor enjoys qualified immunity with respect to this claim. See Order and Partial Judgment, Oct. 4, 2000 (dismissing Count I). What remains, then, is plaintiffs' Section 1983 due process claim against defendants the District of Columbia and the MPD (Count II). The District and the MPD asserted several defenses, among them that plaintiffs could not have been deprived of a property right in continued employment because an act of Congress — the Omnibus Consolidated 1997 Appropriations Act, P.L. 104-208 — had already deprived them of that right and authorized Chief Proctor to terminate them without first providing notice or showing cause. For the reasons stated in open court at the hearing on October 3, 2000, the Court rejected that defense by finding that the 1997 Appropriations Act did not trump the property rights of D.C. government employees to continued employment.[1]

---

[1]     Generally, there is no "legitimate claim of entitlement" to a particular position within the federal government. Molerio v. Federal Bureau of Investigation, 749 F.2d 815, 823 (D.C. Cir.1984) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972) and citing MacFarlane v. Grasso, 696 F.2d 217, 221-22 (2d Cir.1982)). In the context of public employment, a property right will exist "only if the law or contract defining the employee's job expressly provides that the employee can be discharged only for cause." TRIBE, L., AMERICAN CONSTITUTIONAL LAW (2nd Ed. 1998), at 697; see Arnett v. Kennedy, 416 U.S. 134, 167, n.2 (1974) (citing Board of Regents v. Roth, 408 U.S. at 577). In the District of Columbia, however, the Police Department can remove permanent employees "only for cause." D.C. Code § 1-617.1(b), see Fox v. District of Columbia, 83 F.3d 1491, 1495 (D.C. Cir. 1996) ("Permanent career employees of the District of Columbia may be fired only for cause."). The three plaintiffs were permanent employees. Defendants argued that the D.C. Code provision and the Fox decision were overridden by Section 5204(a) of the 1997 Appropriations Act. Section 5204(a) was relied upon by the Control Board in making its delegation of authority to

3

The Court reserved ruling, however, on a second defense raised by the District of Columbia and the MPD, namely, that plaintiffs' due process claim must be dismissed because they failed to exhaust their administrative remedies before bringing their Section 1983 action in federal court. Specifically, on February 23, 1998, approximately nine months before this action was filed, each plaintiff appealed his alleged termination to the District of Columbia Office of Employee Appeals ("OEA"), but plaintiffs failed to obtain final decisions from the OEA before filing suit in this Court. Defendants argue that plaintiffs' due process claims therefore must be dismissed, and the Court agrees.

As a general proposition, exhaustion of state administrative remedies is not required as a prerequisite to bringing an action under Section 1983. See Patsy v. Florida Board of Regents, 457 U.S. 496, 516 (1982). There are certain exceptions to this rule, however, where exhaustion is required. Among those exceptions is the very situation presented here: when a plaintiff claims violations of procedural due process, yet has failed to take advantage of the process made available to him or her. See Burns v. Harris County Bail Bond Board, 139 F.3d 513, 519 (5th Cir. 1998) ("[A] plaintiff cannot argue that her due process rights have been violated when she has failed to utilize the state remedies available to her."); Kauth v. Hartford Ins., 852 F.2d 951, 955 (7th Cir. 1988) (plaintiff "simply cannot refuse to pursue available state remedies and then come into federal court complaining that he was not afforded due process."); Aronson v. Hall, 707 F.2d 693, 694 (2d Cir. 1983) ("Having failed to pursue available administrative review, Dr. Aronson is hardly in a position to claim that such review denied him due process."). In sum, while it is true that

---

the Interim Chief of Police, who in turn relied upon it when she allegedly terminated the three plaintiffs without due process.

exhaustion generally is not required before suing under Section 1983, it is required when

the underlying constitutional right plaintiffs seek to enforce is procedural due process.[2]

In Alexis v. District of Columbia., 44 F. Supp. 2d 331, 334-35 (D.D.C. 1999),

a case with facts very similar to those here, nine former District of Columbia employees

alleged that their due process property interest in continued employment had been violated

when then Chief Financial Officer Anthony Williams summarily terminated them. Judge

Urbina dismissed the due process property interest claim of one of the plaintiffs who still

had a pending OEA appeal, finding that the plaintiff "was obligated to obtain an OEA Final

Decision on his due process claim before seeking relief in this court. By failing to obtain a

final administrative decision, the plaintiff failed to exhaust his administrative remedies." Id.

at 343.

Plaintiffs' attempt to distinguish Alexis from this case is unsuccessful.

Plaintiffs suggest that the holding in Alexis is limited only to individuals who have filed

OEA appeals and have received an Initial Decision, but have not yet received a Final

Decision.  Plaintiffs reason that because they have not yet received an Initial Decision, they

need not exhaust their administrative remedies as the plaintiff in Alexis was obligated to do.

Plaintiffs read more into Judge Urbina's opinion than is there, however, as such a

---

[2]    All but one of the cases cited by plaintiffs involve Section 1983 claims that assert
the deprivation of something other than procedural due process.  See Patsy v. Florida Board of
Regents, 457 U.S. 496 (1982) (plaintiff alleging race and sex discrimination); Silverman v.
Barry, 727 F.2d 1121 (D.C. Cir. 1984) (plaintiff asserting taking without just compensation);
Ifill v. District of Columbia, 665 A.2d 185 (D.C. 1995) (plaintiff asserting First Amendment
retaliation); Roache v. District of Columbia, 654 A.2d 1283 (D.C. 1995) (plaintiff alleging race
discrimination); but see Tri-County Industries, Inc. v. District of Columbia, 104 F.3d 455 (D.C.
Cir. 1997) (holding in dicta, and without explication, that an individual pursuing a procedural
due process claim need not exhaust local administrative remedies).

5

distinction is neither stated nor implied. Indeed, Judge Urbina's reasoning was straightforward: If a D.C. employee believes that he or she has been deprived of a property interest in continued employment without due process and files an OEA complaint, that individual must exhaust all administrative remedies prior to filing suit in federal court. Here, each plaintiff appealed his alleged termination to the OEA prior to filing suit. Because they failed to obtain final administrative decisions before seeking relief here, they failed to exhaust their administrative remedies. Plaintiffs' due process claims under 42 U.S.C. § 1983, asserted in Count II of the Compliant, therefore will be dismissed without prejudice.[3]

## III. DEFAMATION CLAIMS

At the hearing on defendants' motions and in the subsequent Order and Partial Judgment, the Court also reserved ruling on whether defendants should be granted summary judgment with respect to plaintiffs' common law defamation claim against Chief Proctor (Count V) or against defendants the District of Columbia and the MPD (Count VI). Defendants argue that the Court must dismiss these counts because District of Columbia law bars plaintiffs from bringing a common law defamation action in either this Court or the

---

[3]    The points and authorities offered by defendants after the motions hearing in support of their exhaustion argument are not helpful. By citing Zinermon v. Burch, 494 U.S. 113 (1989), and Fox v. District of Columbia, 83 F.3d 1491 (D.C. Cir. 1996), and providing only minimal commentary, defendants appear to be offering a new defense rather than additional support for their exhaustion argument. Zinermon would apply only if defendants were asking the Court to enter judgment on the merits of plaintiffs' claim on the theory that the available state remedies in fact satisfy the requirements of procedural due process. In the earlier briefing and at the motions hearing, defendants maintained that plaintiffs' procedural due process claims must be dismissed for failure to exhaust, not because they are substantively satisfied by the administrative procedures available to them.

6

Superior Court without first exhausting their remedies under the Comprehensive Merit

Personnel Act, D.C. Code §§ 1-601 *et seq.* ("CMPA"). Specifically, defendants argue that

plaintiffs' exclusive remedy for defamation lies within the District of Columbia government

and its administrative agencies under the CMPA. Defendants point specifically to Section

1-623.16(c) of the statute (2001ed.) (formerly Section 1-624.16(c)), which provides:

> The liability of the District of Columbia government under this
> subchapter . . . with respect to the injury or death of an
> employee, is exclusive and instead of all other liability of the
> District of Columbia government . . . to the employee . . . in a
> direct judicial proceeding, in a civil action, . . . .

Defendants argue that because plaintiffs, employees of the District of Columbia, claim

injury based on alleged defamation in connection with their employment, the CMPA

provides the exclusive remedy.

Plaintiffs assert that they are not required to exhaust remedies under the

CMPA for two reasons. First, they suggest that because Chief Proctor's alleged statements

were made after plaintiffs were terminated, they technically were no longer employees of

the District of Columbia and therefore were no longer subject to the requirements of the

CMPA. As an initial matter, plaintiffs have failed to convince the Court that Chief Proctor

made any defamatory statements, much less have they established that such statements were

made after the alleged terminations. Even plaintiffs allege that such statements were made

"during the days incident to and immediately following their termination," Complaint at 5,

and that no such statement was made more than a week after termination. See id. at 4-5.

Plainly plaintiffs are claiming that the defamatory statements were made in connection with

their employment and termination; otherwise, they would not have sued the District of

Columbia and the Metropolitan Police Department for these alleged statements.

Second, plaintiffs claim that they need not exhaust administrative remedies because even if they were to prevail at the administrative level, the CMPA does not offer the panoply of remedies that plaintiffs seek in this case. District of Columbia case law, however, makes plain that the CMPA is the exclusive remedy regardless of the relief sought by and available to District employees. The District of Columbia Court of Appeals has consistently held that the CMPA provides District employees with a comprehensive and exclusive process for presenting employee grievances. See Baker v. District of Columbia, 785 A.2d 696, 697-98 (D.C. 2001) (CMPA is exclusive remedy for D.C. public employee; "the Superior Court is not an alternative forum . . ., but rather serves as a last resort for reviewing decisions generated by CMPA procedures"); Robinson v. District of Columbia, 748 A.2d 409, 411 (D.C. 2000) ("With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind."); Stockard v. Moss, 706 A.2d 561, 567 (D.C. 1997) ("[T]he CMPA provides the exclusive remedy for claims falling within its ambit."); District of Columbia v. Thompson, 593 A.2d 621, 634-36 (D.C. 1991) (dismissing plaintiff's defamation claim "for lack of subject matter jurisdiction" because "the Council intended CMPA to provide District employees with their exclusive remedies for claims arising out of employer conduct in handling personnel ratings, employee grievances, and adverse actions.").

Furthermore, the District of Columbia Court of Appeals has specifically held that the CMPA covers defamation actions brought by a District of Columbia employee against the District and his or her supervisor, and has held that any civil suit for common law defamation must be dismissed for lack of subject matter jurisdiction. See Baker v. District of Columbia, 785 A.2d at 698 (CMPA is exclusive remedy for litigation of

8

employee's mental distress and defamation claims); Stockard v. Moss, 706 A.2d at 565 (slander); District of Columbia v. Thompson, 593 A.2d at 634-36 (defamation). "The [CMPA] is jurisdictional and provides the exclusive remedy for almost all claims against public employers, with the opportunity to appeal to Superior Court." Robinson v. District of Columbia, 748 A.2d at 411 n.4 . Plaintiffs' common law defamation claims, asserted in Counts V and VI of the complaint therefore must be dismissed for lack of subject matter jurisdiction.[4]

Finally, it established that the Metropolitan Police Department would have to be dismissed in any event because it is not suable as a separate entity; the District of Columbia is the only proper institutional defendant. See Kundrat v. District of Columbia, 106 F. Supp. 2d 1, 5 (D.D.C. 2000); Aleotti v. Baars, 896 F. Supp. 1, 6 (D.D.C. 1995), aff'd summarily, 107 F.3d 922 (D.C. Cir. 1996).

An Order and Judgment consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/9/02

---

[4]    At the motions hearing and in their supplemental briefing, defendants also raised issues of whether Chief Proctor enjoys absolute immunity and whether defendants District of Columbia and the MPD could be held liable under a theory of respondeat superior for Chief Proctor's allegedly defamatory statements. Because the Court does not have jurisdiction to hear plaintiffs' defamation claims in the first instance, it need not reach these issues.

9