IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00919(JDB) |
| ) | Oral Argument Requested |
| THE DISTRICT OF COLUMBIA, ) | |
| And CATHY LANIER ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS DISTRICT OF COLUMBIA AND CATHY LANIER'S
AMENDED [1]MOTION TO DISMISS THE AMENDED COMPLAINT, AND/OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

The Defendants District of Columbia and Cathy Lanier, by and through the

undersigned counsel, move this court to dismiss Plaintiff's Amended Complaint and/or

grant the defendants' motion for summary judgment. As reasons for the motions, the

Defendants state the following:

1.     By law, the position of Commander is an Excepted Service position. As

Commander, plaintiff was an "at will" employee and does not possess a protected interest

in continued employment in that position                          .

2.     Defendant Cathy Lanier is entitled to Qualified Immunity for her

complained-of conduct.

3.     Assuming arguendo that plaintiff was a Career Service employee, plaintiff

has failed to exhaust his administrative remedies under the Comprehensive Merit

Personnel Act and dismissal is appropriate

---

[1] This amended motion is filed in light of the Defendants' previously filed Motion to Dismiss
filed on 10/10/07, which was administratively filed in error and amended to reflect such.

4.    Plaintiff Has Failed to Allege Sufficient Facts to Sustain His "Defamation Plus" Claim.

5.    Plaintiff's Intentional and Negligent Infliction of Emotional Distress Claims Fail As a Matter of Law.

6.    Punitive Damages May Not Be Awarded Against the District.

7.    Plaintiff Is Not Entitled to Punitive Damages Against Defendant Chief Lanier.

8.    Plaintiff is Not Entitled to Injunctive Relief.

The Defendants District of Columbia and Cathy Lanier have appended a Memorandum of Points and Authorities in support of this motion.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Patricia Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____//Leah  Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor South
Washington, D.C.  20001
(202) 724-7854; (202) 727-6295

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 07-00919(JDB) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE
DISPUTE</u>**

In support of their Motion for Summary Judgment, these defendants herein submit
their Statement of Material Facts Not in Genuine Dispute, and state as follows:

1.      Plaintiff, who was demoted from the rank of Commander to Captain on
or about April 19, 2007, filed an administrative appeal of that action to the Office of the
Employee Appeals on or about May 16, 2007, which is still pending. See previously filed
Defendants' Motion to Dismiss, attachment 1- Exhibit A, Office of Employee Appeals
("OEA") Petition For Appeal of Agency Action.

2.      The plaintiff has no contract or collective bargaining agreement that
expressly provides that he could only be discharged for cause. See previously filed
Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, attachment
1-Collective Bargaining Agreement. See record herein.

3.      Statements concerning the reasons for plaintiff's discharge were not
publicly disseminated.  See Amended Complaint, ¶¶ 10(a)-(d).

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia


GEORGE C. VALENTINE

Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


_____/s/ Leah Brownlee Taylor_____
LEAH BROWNLEE TAYLOR [0488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBIN HOEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vi. | ) | Civil Action No. 07-00919(JDB) |
| | ) | Oral Argument Requested |
| THE DISTRICT OF COLUMBIA, | ) | |
| And CATHY LANIER | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS DISTRICT OF COLUMBIA AND CATHY LANIER'S MOTION
TO DISMISS THE AMENDED COMPLAINT, AND/OR, IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

I.    <u>Preliminary Statement</u>

On April 19, 2007, D.C. Metropolitan Police Department Police Chief Cathy Lanier (hereafter defendant Lanier) demoted plaintiff Robin Hoey from the rank of Commander to the rank of Captain. Plaintiff initiated an action challenging defendant Lanier's demotion with the Office of Employee Appeal. See previously filed Defendants' Motion to Dismiss, attachment 1- Exhibit A, Office of Employee Appeals ("OEA") Petition For Appeal of Agency Action. Upon information and belief, OEA has not issued a "Final Decision" regarding plaintiff's claims and plaintiff's action before OEA is still pending.

On May 16, 2007, plaintiff filed an initial action against defendants District of Columbia and Lanier pursuant to 42 U.S.C. § 1983, claiming that they deprived him of a cognizable property interest as a career service employee without due process of law, a violation of the Fifth Amendment of the United States Constitution. On August 20, 2007,

plaintiff amended his complaint.  Plaintiff avers that he was demoted him from the rank

of Commander to the rank Captain without an opportunity to be heard or other means of

redress afforded to career service employees under the Comprehensive Merit Personnel

Act (hereinafter "CMPA").  See Amended Complaint, ¶¶ 7, 9, 11-14.  Plaintiff also seeks

to pursue a "defamation plus" claim based on alleged statements made by Chief Lanier

and Yvonne Smith concerning his work performance, and intentional and negligent

infliction of emotional distress claims.  *See* Amended Complaint, ¶¶ 27-32, and 15-20.

Plaintiff seeks injunctive relief and  punitive damages against both defendants.  See

Amended Complaint, ¶¶ 23-26.

     The position of Commander is an excepted service, "at will," position within the

Metropolitan Police Department.  *See* D.C. Official Code § 1-608(d-2)(1); DPM 872.5.

These persons serve at the pleasure of the Chief of the D.C. Metropolitan Police

Department (hereafter "MPD") and can be removed at any time without cause.

     As set forth below, the defendants are entitled to judgment as a matter of law on

all claims set forth in plaintiff's Amended Complaint.

II.    Argument

    A.    Standard to be Applied for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

     The Supreme Court has recently clarified the standard by which a complaint

challenged  by a Rule 12(b)(6) motion must be judged.  In *Bell Atlantic Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1965 (May 21, 2007), the Court held that, while a complaint

so attacked "does not need detailed factual allegations, [it] requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Slip op.* at 8 (citing, *inter alia*, *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

The Court specifically disavowed *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which innumerable courts have cited over the decades for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The *Bell Atlantic* Court wrote:

> *Conley*'s "no set of facts language has been questioned, criticized, and explained away long enough. [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Bell Atlantic*, *supra*, 127 S.Ct. at 1969.

The Court has determined that for a complaint to survive a Rule 12(b)(6) motion to dismiss, there must be a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Id.* at n.8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

B.    Standard to be Applied Pursuant to Fed. R. Civ. P. 56

Pursuant to the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Kitt v. Capital Concerts, Inc*., 742 A.2d 856, 858 (D.C. 1999). No class of cases, including employment discrimination claims, is exempt from this rule. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148 (2000); *Evans v. New York Botanical Garden*, 253 F.

8

Supp. 2d 650, 657 (S.D.N.Y. 2003) ("The salutary purposes of summary judgment . . .
apply no less to discrimination cases than to commercial or other areas of litigation.").

The mere existence of a factual dispute will not preclude summary judgment.
Only factual disputes that may determine the outcome of a suit may effectively preclude
the entry of summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).
To be a genuine fact, the assertion must be supported by sufficiently admissible evidence
and cannot be based on conclusory allegations, denials or opinions.  *Crenshaw v.
Georgetown University,* 23 F.Supp. 2d. 11 (D.D.C. 1998).  The Supreme Court has
expressly authorized early summary judgment when public officials face insubstantial
claims such as those now before the Court.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 814
(1982).

    **C.**    **Defendants District and Lanier Are Entitled to Dismissal and/or
Summary Judgment As A Matter of Law.**

        **1.**    <u>**The Commander Position is an Excepted Service/At Will
Position and Plaintiff Was Not Vested With a Protected
Interest In Employment**</u>.

A public employee has a property interest in employment "only if the law or
contract defining the employee's job expressly provides that the employee can be
discharged only for cause."  *See* Tribe, L. American Constitutional Law (2nd Ed. 1998), at
697; *see also*, *Arnett v. Kennedy*, 416 U.S. 134, 167, n.2 (1974)(citing *Board of Regents
v. Roth*, 408 U.S. at 577).  Under the Fifth Amendment of the United States Constitution,
an at-will employee does not possess a protected property or liberty interest in continued
employment.  In this case, plaintiff was appointed to the position of Commander, an
Excepted Service, "at will" position, and returned to the rank of captain.  The Mayor
delegated personnel and decisionmaking authority to the Chief of Police. See DCMR 6A-

800.7 ("Subject to applicable law, rules, regulations, and orders of the Mayor or directives pursuant to order of the Mayor, the Chief of Police shall have full power and authority over the department and all functions, resources, officials, and personnel assigned thereto.")  D.C. Official Code § 1-608(d-2)(1) provides that "the chief of police shall recommend to the Director of Personnel criteria for Career Service promotion and **Excepted Service appointment to the positions of Inspector, Commander and Assistant Chief of Police**."(emphasis added). DPM § 872.5 specifically defines Commanders as excepted service employees who serve at the pleasure of the Chief of Police.  "Employees in the Excepted Service do not have any job tenure or protection". See D.C. Official Code § 1-609.05.

Under D.C. Official Code § 1-608, §1-609.05; DPM §872.5 and DCMR 6A-800.7, Commanders "serve at the pleasure of the Chief of Police".  Plaintiff Hoey did not possess a protected property or liberty interest in the position of Commander since by law it is an Excepted Service position.  Plaintiff has no contract with MPD that provides that he can only be discharged for cause. Moreover, the Collective Bargaining Agreement between MPD employees and MPD provides that discipline of police privates, including investigators and desk sergeants, detectives, and police sergeants employed in the uniformed and plainclothes forces of the Metropolitan Police Department, unless assigned to the Internal Affairs Division may be imposed only for cause.  See previously filed Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, attachment 1-Collective Bargaining Agreement, Article II at p.1, Article XII § 1(b) at p.9. Commanders are not mentioned or referenced in the Collective Bargaining Agreement because it does not govern the position of Commander.  The Collective Bargaining

Agreement expressly excludes the positions of inspector, **commander**, and assistant chiefs of police- all positions which are at-will positions. See previously filed Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, attachment 1-Collective Bargaining Agreement, Article II at p.1, Article XII § 1(b) at p.9, emphasis added.

In this instance, because the position of Commander is an excepted service position within the ambit of § 1-608.01(d-2)(1), and plaintiff has no contract that provides otherwise, plaintiff's employment was "at will", he had no job tenure or protection, and he is not entitled to a review of MPD's decision. Plaintiff did not possess any property interest protected by the Due Process Clause. As such, the defendants are entitled to dismissal and/or summary judgment of Count I, II, III, IV and V of plaintiff's Amended Complaint.

## 2.    <u>Defendant Lanier is Entitled to Qualified Immunity</u>

The purpose of qualified immunity is to protect governmental employees against insubstantial lawsuits that have the following societal costs: l) expenses of litigation; 2) diversion of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald*, 457 U.S. 800, 8l4 (l982). Qualified immunity shields officials, such as defendant Lanier, from liability as long as their action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638 (l987). An officer should prevail on the qualified immunity defense even if he is mistaken, if a reasonable officer could have believed that the action taken was not in violation of clearly

established constitutional law. *Anderson*, 483 U.S. at 64l. Qualified immunity thus protects

all but the plainly incompetent or those who knowingly violate the law.

Plaintiff has failed to pled any facts to show that defendant Lanier acted

unreasonably and violated any clearly established right pursuant to 42 U.S.C. § 1983.

See Amended Complaint, generally.  Defendant Lanier, as Chief of Police, reasonably,

and consistent with the law, demoted plaintiff from his Commander position and returned

him back to the rank of Captain.  See D.C. Official Code §§ 1-608(d-2)(1), 1-609.05;

DPM §872.5 and DCMR 6A-800.7.   Because defendant Lanier believed in good faith

that she was exercising the authority given to her by the Mayor, her decision to demote

plaintiff and return him to the rank of Captain could reasonably be believed to be

consistent with the rights she is alleged to have violated. Thus, the facts pled by the

plaintiff are insufficient to support a finding that defendant Lanier acted in any

unreasonable manner in making personnel decisions that resulted in his demotion.

Accordingly, she is qualifiedly immune from suit.

### 3.  Career Service Employees Must Exhaust Their Administrative Remedies Prior to Filing Suit.

Plaintiff avers that the position of Commander is a Career Service position, and

his demotion violated his due process rights.  See Amended Complaint, generally.

Assuming arguendo, for the purpose of legal argument only, that the position of

Commander is a Career Service position and the CMPA applies, plaintiff has failed to

exhaust his administrative remedies with the D.C. Office of Employee Appeals ("OEA")

prior to filing suit.  Therefore, dismissal is appropriate.

When the underlying constitutional right plaintiff seeks to enforce is procedural

due process, exhaustion is required.  See *Stanley v. Proctor* , Civil Action No. 98-2780,

(PLF)(D.D.C 2002). See also, *Burns v. Harris County Bail Bond Board,* 139 F.3d 513, 519 (5th Cir. 1998)([A] plaintiff cannot argue that her due process rights have been violated when she has failed to utilize the state remedies available to her."); *Kauth v. Harford Ins.,* 852 F.2d 951,955 (7th Cir. 1988)(plaintiff simply cannot refuse to pursue available state remedies and then come into federal court complaining that he was not afforded due process); *Aronson v. Hall*, 707 F.2d 963, 694 (2d. Cir. 1983)("Having failed to pursue available administrative state review, Dr. Aronson is hardly in a position to claim that such review denied him due process."

In *Stanley v. Proctor,* Civil Action No. 98-2780, (PLF)(D.D.C 2002), three plaintiffs, all of whom were Commanders, were terminated from their positions by Interim Police Chief Sonya Proctor. See previously filed Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, attachment 2-, *Stanley v. Proctor* decision. Those plaintiffs, like Robin Hoey, claimed that they were deprived of their Fifth Amendment due process rights under 42 U.S.C. § 1983. *Id.* The Court held that the plaintiffs, who filed an OEA complaint but did not receive a Final Decision from OEA, were required to exhaust ***all*** administrative remedies prior to filing suit in federal Court and dismissed their due process claims accordingly. *Id* at 4-5. *See also*, *Alexis v. District of Columbia*, 44 F.Supp. 2d 331, 334-35 (D.D.C. 1999)(Court dismissed due process property interest claim, holding that terminated employees covered under CMPA were obligated to obtain an OEA Final Decision before seeking relief in Court).

Plaintiff Hoey filed an action in the OEA, but has not received and/or pled that he received a Final Decision from OEA, and has not exhausted his administrative remedies under the CMPA. See Amended Complaint, generally. Plaintiff must first exhaust all his

administrative remedies from OEA prior to filing suit against these defendants.  Only <u>after</u> OEA issues a ruling can a plaintiff bring an action for judicial review.  *Id.*  The D.C. Court of Appeals has held that:

> "with few exceptions, the **CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind**."  *Baker v. District of Columbia*, 785 A.2d 696, 697 (D.C. 2001) (citations omitted).  As such, "'the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by CMPA procedures.'"  *Id. at* 698 (internal quotations omitted).

*Armstead*, 810 A.2d at 400.

To the extent this Court finds that plaintiff's position was Career Service, his failure to exhaust his administrative remedies requires dismissal of this lawsuit.  Plaintiff cannot claim he has a career service property interest in the Commander position and is "entitled to all the benefits of the CMPA" and ignore the CMPA's requirement that career service employees who have workplace disputes must file an OEA action and fully exhaust their administrative remedies with the OEA. *See Baker*, 785 A.2d at 697. Accordingly, if the plaintiff has a career service property interest in his Commander position as he alleges, this Court lacks jurisdiction to adjudicate this workplace dispute and the defendants are entitled to dismissal of Counts I, II, III, and IV,V and VI of plaintiff's complaint.

### 4.    <u>Plaintiff Has Failed To Allege Sufficient Facts to Sustain A "Defamation Plus" Claim</u>

Plaintiff seeks to hold both defendants Lanier and the District liable for defendant Lanier's purported statements to Councilmember Yvette Alexander, as well as Yvonne Smith's email, a District of Columbia employee, concerning his work performance.  See Amended Complaint, at 10(a) through (d).  Plaintiff acknowledges that "defamation and

slander typically do not provide a basis for recovery in a due process claim." See

Amended Complaint, ¶ 29.   In fact, according to the Supreme Court, damage to

reputation alone, which is what plaintiff Hoey essentially alleges in his amended

complaint, is best vindicated with a state, not federal defamation claim. *See Paul v.*

*Davis*, 42 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1976).   Not every claim of

defamation by the government is sufficient to create a liberty interest which triggers due

process requirements. *See Orange v. District of Columbia,* 313 U.S. App. D.C. 279, 286,

59 F.3d 1267, 1274 (1995).  To sustain a claim of defamation, the claim must ". . . call

into serious question those personal characteristic that are central or enduring in nature

and cannot amount to mere commentary concerning the person's job performance. *See*

*Alexis*, 44 F.Supp. 2d at 338, citing *Harrison v. Bowen*, 815 F.2d 1505, 1518 (D.C. Circ.

1987).

        Defamatory statements of constitutional proportions include accusations of

dishonesty, commission of a serious felony, manifest racism, serious mental illness, or a

lack of intellectual. *Harrison*, 815 F.2d at 1518. Statements about inadequate job

performance are not sufficiently stigmatizing. *Id.*  Chief Lanier and Yvonne Smith's

statements were purportedly private, were not disclosed to the general public, and did not

call into serious question plaintiff Hoey's personal characteristics that are central or

enduring in nature.  Moreover, Yvonne Smith's comments were purportedly about his job

performance. See Amended Complaint, ¶¶ 10(c) and (d).  For those reasons alone, the

plaintiff's claim should fail. *Id.*  The statements purportedly made by Chief Lanier and/or

Yvonne Smith are statements that do not rise to the level of a constitutional violation.

They are statements that provide commentary concerning Hoey's performance in the work place, which would not entitle him to relief, and dismissal is appropriate.

**5.    Plaintiff's Intentional and Negligent Infliction of Emotional Distress Claims Fail as Matter of Law.**

Plaintiff seeks to proceed against these defendants under theories of intentional and negligent infliction of emotional distress because he was demoted from the rank of Commander and returned to the rank of Captain.  See Amended Complaint, at ¶¶ 15-20. Because plaintiff did not have a property interest in the rank of Commander, and his demotion was lawful, plaintiff's common law tort claims fails as a matter of law.  Moreover, District of Columbia courts have held a heightened standard to intentional infliction of emotional distress claims in employment cases. See *Anderson v. Ramsey*, Civil Action No. 04-56, (April 19, 2006)(2006 U.S. Dist. LEXIS 21034 at pg 10.) *See also Howard University v. Best*, 484 A.2d 958 (D.C. 1984); *Drejza v. Vaccaro* 650 A.2d 1308 (D.C. 1984).  Courts in this jurisdiction are "especially skeptical of intentional infliction of emotional distress claims in an employment" context because "employer employee conflicts do no generally rise to the level of outrageous conduct"- even in cases where an employee is discharged. *Id.* at 9; *See also Kerrigan v. Britches of Georgetown, Inc*., 705 A.2d 624, 628 (D.C. 1997).  Courts require that the employer's behavior "must go beyond all bounds of decency" and be "intolerable in a civilized society." *Id at 10. See also Crowley v. North Am. Telecoms. Ass'n*, 691 A.2d 1169, 1172 (D.C. 1997).  Plaintiff has not pled sufficient facts to support his claim of intentional infliction of emotional distress.  *See Bell Atlantic Corp.*, 125 S.Ct. at 1965, holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Even if plaintiff were a Career Service employee, dismissal of these tort claims is appropriate because plaintiff's exclusive remedy is provided under the CMPA. In *District of Columbia v. Thompson* 593 A.2d 621, 634 (D.C. 1991), the D.C. Court of Appeals held that the CMPA constitutes the exclusive remedy for virtually all "instances where an employee claimed wrongful treatment cognizable under" the CMPA provisions addressing "performance ratings," "adverse actions," and employee "grievances." *Thompson,* 593 A.2d at 635. In *Thompson,* the plaintiff brought suit for emotional distress and defamation**,** based on twenty-two memoranda written by her supervisor during her two-year employment with the District. *Id.* at 625, 635. The court upheld the dismissal of those claims, writing:

> It would seem, therefore, from the purpose and text of CMPA, including its judicial review provisions, that the Council "plainly intended" CMPA to create a mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions – with a reviewing role for the courts as a last resort, not a supplementary role for the courts as an alternative forum.

*Id.* at 634 (footnote omitted).

The *Thompson* court also emphasized that the breadth of the CMPA—which covers any employee "grievance"—is expansive; it encompasses "'any matter under the control of the District government which impairs or adversely affects the interest, concern, or welfare of employees.'" *Thompson,* 593 A.2d at 626, n.6, quoting D.C. Official Code § 1-603.1(10). The court found that the D.C. Council, in enacting the CMPA, clearly intended to foreclose in-court litigation of all employee grievances "arising out of the employment relationship." *Thompson*, 593 A.2d at 624.

Plaintiff Hoey's challenge to his demotion, his claims of intentional and emotional distress and defamation (which should be treated as a common law defamation claim), like the claims of the plaintiff in *Thompson,* would fall within the exclusive

jurisdiction of the CMPA if he were a Career Service employee.  Plaintiff is administratively barred from seeking relief in this Court because the CMPA would provide him with his exclusive relief.  Accordingly, plaintiff's common law torts against these defendants must be dismissed as a matter of law.

### 6.      Punitive damages are not available against the District.

In *Smith v. District of Columbia*, 336 A.2d 831 (D.C. 1975), the District of Columbia Court of Appeals, after a lengthy discussion of the policy considerations and weight of authority against allowing punitive damages against municipalities, found that punitive damages were ***not*** available against the District absent a statute expressly authorizing it.  The court found that assessing punitive damages against the District (which would require payment by tax dollars) would be in conflict with the purpose of punitive damages because it would only serve to punish the taxpayers, who are the exact people who should benefit from such an award. *Id.*

While the Court in *Smith* mentioned in dicta that there may be a theoretical possibility that punitive damages might be available against the District of Columbia under certain undefined "extraordinary circumstances," this issue was resolved in favor of the District in *Teart v. WMATA*, 686 F.Supp. 12 (D.D.C. 1988).  In *Teart*, the Court first reiterated the long standing precedent that "[i]n the absence of express statutory authority, punitive damages are not recoverable against the District of Columbia."  *See Teart,* 686 F.Supp. at 13.  The *Teart* Court reviewed the "extraordinary circumstances" language included in the *Smith* decision, holding that this language was nothing but dicta, and stated specifically that ***no*** court had ever imposed punitive damages against the District.  *Id*. at 14.

The Court further held that "[t]his court will not create a baseline definition of a term which was formulated in dicta." *Id.* Accordingly, because existing case law does not allow for punitive damages against the District of Columbia, and, because even if there did exist a possibility for imposition of such damages under "extraordinary circumstances," clearly this case is not within such a category. Thus, the claim for punitive damages against the District must be dismissed.

### 7.     Punitive damages are not available against defendant Lanier.

Plaintiff seeks punitive damages against defendant Lanier.  However, the purpose of a punitive damages award, the *Smith* court held, is to deter wrongful behavior and to benefit those wronged by such behavior.  Plaintiff has failed to plead sufficient facts that even remotely suggest that Chief Lanier acted with "evil motive" or "actual malice" . See Amended Complaint. Chief Lanier has only acted within her prescribed statutory and regulatory authority to make difficult personnel decisions in the best interests of the District of Columbia and its citizenry.  Plaintiff's failure to plead any facts that would support any claim for punitive damages against defendant Lanier requires dismissal of plaintiff's claim for punitive damages.

### 8.     Plaintiff Is Not Entitled to Injunctive Relief.

Plaintiff seeks injunctive relief from the herein named defendants.  He asks this Court to "enjoin Defendants' demotion of him and order that he be restored to his rightful position of Commander with the Metropolitan Police Department , with restoration of all back pay, lost benefits, and the costs and attorneys' fees of this action."  See Amended Complaint, ¶¶ 24.  This Court should summarily deny plaintiff's requests for injunctive relief as he has failed to plead how he meets the standards by which injunctive relief may be granted.

In *DC v. Partido Revolucionaro Dominicano* 312 F. Supp. 2d 1, 11 (D.D.C. 2004), the United States Court for the District of Columbia opined that to determine whether to enter a permanent injunction, a court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction. Plaintiff has not satisfied the four factors set forth above. He is unlikely to be successful on the merits of his case since the Commander position is at-will and he served at the pleasure of Chief Lanier. Moreover, he has not pled that he will suffer irreparable injury absent an injunction. See Amended Complaint, generally. In balancing the hardships, the defendants will suffer harm if they are unable to enforce the District's regulations and make appropriate personnel decisions. Lastly, there is no evidence that the public would favor granting the requested injunction. Accordingly, plaintiff's requested injunctive relief should be denied.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Patricia Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____//Leah  Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor South
Washington, D.C.  20001

(202) 724-7854; (202) 727-6295

IN THE UNTED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 07-00919(JDB) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

ORDER

Upon consideration of the Defendants District of Columbia and Cathy Lanier's

Motion to Dismiss the Amended Complaint, the memorandum of points and authorities

in support thereof, any opposition thereto, the facts, the law and the record herein, it is

this ___ day of _____2007, and it is,

**ORDERED:** that the Defendants District of Columbia and Cathy Lanier's Motion

to Dismiss the Amended Complaint is hereby **GRANTED** for the reasons set forth in

their motion; and it is,

**FURTHER ORDERED:** that the complaint in Civil Action No. 07-00919 is

hereby **DISMISSED WITH PREJUDICE.**

_____
John D. Bates

United States District Court Judge

IN THE UNTED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vi. | )      Civil Action No. 07-00919(JDB) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

ORDER

Upon consideration of the Defendants District of Columbia and Cathy Lanier's Motion for Summary Judgment, the memorandum of points and authorities in support thereof, any opposition thereto, the facts, the law and the record herein, it is this __day of _____2007, and it is,

**ORDERED:** that the Defendants District of Columbia and Cathy Lanier's Motion for Summary Judgment is hereby **GRANTED** for the reasons set forth in their motion; and it is,

**FURTHER ORDERED:** that summary judgment is hereby entered in favor of the District of Columbia and Chief Cathy Lanier.


_____
John D. Bates
United States District Court Judge