UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBIN HOEY, :

    Plaintiff, : Case Number: 1:07-cv-00919
                          Judge John D. Bates

v. :

DISTRICT OF COLUMBIA, et. al., :

    Defendants. :

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
AMENDED MOTION TO DISMISS THE AMENDED COMPLAINT,
AND/OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robin Hoey, by and through his attorneys HANNON LAW GROUP, LLP, respectfully presents this Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Complaint, And/Or In the Alternative, Motion for Summary Judgment.

## INTRODUCTION

In 2004, after 20 years as a Career Service Officer with the Metropolitan Police Department ("MPD"), Robin Hoey was promoted from the rank of Inspector to the rank of Commander, and Commander Hoey took command of the Sixth District where he is held in high esteem. On April 19, 2007, Chief of Police Cathy Lanier demoted Robin Hoey, without explanation, from Commander to Captain and transferred him from the Sixth District to the D.C. Central Cellblock. The demotion was given immediate effect without cause, notice, or an opportunity to be heard.

Having been promoted through the ranks, Robin Hoey is a Career Service Employee of the Metropolitan Police Department. Under the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), Career Service employees are vested with a property interest in public employment; consequently, they cannot be disciplined absent a showing of cause. Further, the

CMPA requires that all members of the Career Service be given written notice and an opportunity to be heard prior to any disciplinary action including reductions in grade, reductions in pay, and demotions. The actions of Chief of Police Cathy Lanier are a clear violation of the CMPA and the District of Columbia Code provisions which govern this matter.

On May 16, 2007, Plaintiff filed an initial action against Defendants District of Columbia and Lanier pursuant to 42 U.S.C. § 1983. On August 20, 2007 Plaintiff amended his complaint to include a "defamation plus" claim based on statements made by Chief Lanier to Councilmember Alexander and by Chief Lanier's Assistant Yvonne Smith concerning his work performance and the issues concerning his demotion. Defendants filed their Motion to Dismiss the Amended Complaint, And/Or, In The Alternative, Motion for Summary Judgment on October 11, 2007.

## ARGUMENT

### I. FED. R. CIV. P. 12(b)(6) STANDARD FOR DISMISSAL.

Plaintiff Robin Hoey has amply alleged constitutional claims of due process and defamation against these Defendants. "When considering a Motion to Dismiss, the Court construes the facts in the complaint as true and construes all reasonable inferences in the light most favorable to the plaintiff." MacIntosh v. Bldg. Owners & Managers Ass'n Int'l, 355 F. Supp. 2d 223, (D.D.C. 2005) citing Swierkiewicz v. Sorema, 534 U.S. 506, 508 (2002). "A Motion to Dismiss is granted and the complaint dismissed only if no relief could be granted on those facts." See Sparrow v. United Air Lines Inc., 216 F.3d 1111, 1114 (D.C. Cir. 2002) (stating that complaints "need not plead law or match facts to every element of a legal theory") (quoting Krieger v. Fadely, 211 F.3d 134 (D.C. Cir. 2000).

Defendants cite <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965-66 (2007), a complex Sherman Act suit, in which the Supreme Court held that telephone subscribers failed to allege an unlawful agreement by their telephone companies. An unlawful agreement is a statutory element of the Sherman Act:

> [W]e hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

<u>Id</u>. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, at 94, 95) (footnote omitted). The First Amended Complaint suffers from none of the defects of the cases relied upon by Defendants. In this matter, the Complaint sufficiently alleges facts to support Plaintiff's claim and there is a "reasonably founded hope that the [discovery] process reveal relevant evidence to support the claim." <u>See</u> Defendants' Motion P. 8 <u>citing</u> <u>Bell Atlantic,</u> 127 S. Ct. at n.8, <u>quoting</u> <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005). Plaintiff has reasonable grounds to assert that discovery in this case will fail to produce any evidence demonstrating that Plaintiff was Excepted Service and therefore not entitled to due process. Rather, discovery is likely to produce evidence supporting Plaintiff's position that he is Career Service and entitled to due process before any adverse action may be taken against him.

    **II.**    **SUMMARY JUDGMENT STANDARD**

Summary judgment is to be granted when the evidence and pleadings demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>Beaty v. Republic of Iraq</u>, 2007 U.S. Dist. LEXIS 19191, 18-20 (D.D.C.

3

2007). See also Fed R. Civ. P. 56 (c). In determining whether summary judgment is appropriate, the Court will judge the evidence and facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. Hunter v. Rice, 2007 U.S. Dist. LEXIS 20859 (D.D.C 2007). See Waterhouse v. District of Columbia, 298 F.3d 989, 991 (D.C. Cir. 2002). Any opposition by the non-moving party to a motion for summary judgment must be supported by evidence which demonstrates a genuine issue for trial. Hunter v. Rice, 2007 U.S. Dist. LEXIS 20859. In the absence of a genuine issue of fact for jury determination, summary judgment may be granted. Id.

### III. DEFENDANTS DISTRICT OF COLUMBIA AND CHIEF OF POLICE CATHY LANIER ARE NOT ENTITLED TO DISMISSAL AND/OR SUMMARY JUDGMENT AS A MATTER OF LAW.

Several of Defendants' arguments as to Dismissal and/or Summary Judgment merely reiterate those arguments previously made in Defendants' Motion to Dismiss The Complaint, And/Or Motion for Partial Summary Judgment. Plaintiff would direct the Court's attention to Plaintiff's previously filed Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss the Complaint, And/Or, In the Alternative, Motion for Summary Judgment And In Support of Plaintiff's Cross Motion for Partial Summary Judgment.

### A. The Commander Position Is Not Per Se An Excepted Service/At Will Position. Plaintiff Has a Protected Property Interest In His Employment.

In response to Defendants' argument that Plaintiff's position as Commander is an Excepted Service/At Will position, the Plaintiff would direct the Court to their previously stated argument on this point in their Memorandum of Points and Authorities filed July 12, 2007. Plaintiff would further supplement that argument by restating certain key points of law and fact.

The D.C. Code clearly states that with respect to the Metropolitan Police Department "the Chief of Police may designate up to 1% of the total number of authorized positions within the Metropolitan Police Department as Excepted Service policy positions, no more than 10 of which may be filled with sworn members or officers." D.C. Code § 1-609.03 (a)(2). Given that statement of law, it is therefore a fact that all Commanders within the Metropolitan Police cannot be per se members of the Excepted Service. At present there are well more than 10 Commanders, Assistant Chiefs and Captains in the Department and per the language of the statute, all of these sworn officers may not be Excepted Service.

Furthermore, D.C. Code § 1-608.01(d-2) (1) is clear that there are two paths to becoming a Commander in the Metropolitan Police Department, through appointment or promotion. The personnel records of Plaintiff Robin Hoey clearly signify that he was promoted to his position of Commander and therefore remained a member of the Career Service. Discovery in this case would likely reveal that the Metropolitan Police Department could produce no documentation suggesting Plaintiff Hoey is anything other than Career Service. The Defendants therefore are not entitled to dismissal and/or summary judgment of Counts I, II, III, IV and IV of Plaintiff's Amended Complaint.

### B. Defendant Lanier is Not Entitled to Qualified Immunity.

Defendants' argument on the question of Chief Lanier's immunity merely restates their position originally presented in Defendants' Motion to Dismiss, And/Or, In The Alternative, Motion for Summary Judgment filed June 14. 2007. Plaintiff would therefore direct the Court to Plaintiff's Opposition filed July 12, 2007 for his opposition on this point. Plaintiff would reiterate however, that qualified immunity is defeated if an employee's actions are unreasonable,

"or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982).

In this case, Chief Lanier's comments to Councilmember Alexander after Plaintiff's demotion and Yvonne Smith's email to ANC Commissioner Moore on behalf of Chief Lainer, suggest a malicious intention on the part of the Defendants which does not fit within the realm of reasonable action protection by qualified immunity. Finally, dismissal at this point based on a defense on qualified immunity is premature in that discovery may reveal that Chief Lanier acted in full knowledge of Robin Hoey's status as a Career Service employee. Therefore, Chief Lanier is not entitled to qualified immunity from this suit.

### C. **Plaintiff Is Not Required to Exhaust His Administrative Remedies.**

Defendants' argument on the question of exhaustion of administrative remedies merely restates their position originally presented in Defendants' Motion to Dismiss, And/Or, In The Alternative, Motion for Summary Judgment filed June 14. 2007. Plaintiff has fully developed his opposition to Defendants' position on this point in his Reply to Defendants' Cross Motion for Partial Summary Judgment filed August 16, 2007. To summarize that position, Plaintiff would argue that he is not seeking relief through procedural due process and therefore Defendants' argument is irrelevant.

There is no process or administrative measure that Plaintiff is seeking be ordered as a result of this lawsuit. Rather, Plaintiff points to the DC Code, namely § 1-608(d-2)(1), and asserts that he is a member of the Career Service, vested with a property interest in his job, and entitled to immediate reinstatement to that position since he cannot be removed from that position without cause. Regardless of any exception to the general rule that exhaustion is not

required, Plaintiff's Count III and IV is not seeking procedural due process but rather a declaration on the meaning of the law and application of that meaning.

### D. Plaintiff Has Alleged Sufficient Facts to Sustain a "Defamation Plus" Claim.

Dismissal of Plaintiff's Defamation Plus claim is inappropriate at this stage as Plaintiff has sufficiently alleged the elements of the claim and dismissal is only appropriate if no relief could be granted based on the facts alleged. See Sparrow v. United Air Lines Inc., 216 F.3d 1111, 1114 (D.C. Cir. 2002) (stating that complaints "need not plead law or match facts to every element of a legal theory") (quoting Krieger v. Fadely, 211 F.3d 134 (D.C. Cir. 2000).

A plaintiff may prevail if he can demonstrate defamation, accompanied by an adverse employment action, or "foreclosure claims" in which the governments acts foreclosed potential job opportunities. See Fonville v. District of Columbia, 448 F. Supp. 2d 21, 29 (D.D.C. 2006)(Sullivan, J.). In this case, Plaintiff's Complaint states that along with demoting the Plaintiff in violation of his constitutional rights, the Defendants made several public comments concerning the Plaintiff that defamed both his personal and professional character. Defendants argue that Chief Lanier and Yvonne Smith's statements were "purportedly private" and "were not disclosed to the general public;" however, the email written by Yvonne Smith, cited by Plaintiff, was sent to Yvonne Moore, ANC Commissioner for 7B.

It is the role of Advisory Neighborhood Commissioner's to keep their communities informed on the issues of concern to them and Plaintiff Hoey's demotion was of great concern to the residents of 7B. Yvonne Smith's email to the ANC Commissioner was effectively communicating that defamatory message about Plaintiff Hoey to the public: i.e. the residents of 7B. Furthermore, Chief Lanier's statements concerning the Plaintiff were made to

Councilmember Yvette Alexander with the encouragement to pass the information along to citizens who inquired about Plaintiff Hoey's demotion. Although Chief Lanier's comments may not have been made directly to the public, it is clear it was the Defendants' intention to have that defamatory information communicated throughout the District in an effort to tarnish Plaintiff's personal and professional reputation in the community.

Defendants argue that that in order to sustain a claim of defamation, "the claim must call into serious question those personal characteristics that are central or enduring in nature and cannot amount to mere commentary concerning the person's job performance." See Defendants' Motion to Dismiss the Amended Complaint P. 15, citing Alexis, 44 F. Supp. 2d at 338, quoting Harrison v. Bowen, 815 F.2d 1505, 1518 (D.C. Cir. 1987). The comments made by Chief Lanier and Yvonne Smith certainly call into question personal characteristics that are enduring in nature and are not simply commentary on job performance. Chief Lanier commented to Councilmember Alexander as to the alleged existence of several sexual harassment claims against the Plaintiff, charges she knew to be unsubstantiated. It is exactly these types of false and inflammatory comments that go beyond commentary on a person's job performance and stigmatizes an employee, "by impugning their reputations or foreclosing their future job opportunities." Leonard v. District of Columbia, 794 A.2d 618, 627 (D.C. 2002).

When considering the facts pled in the Complaint as true and construing all reasonable inferences in the light most favorable to the Plaintiff, it is clear that dismissal of this claim is unwarranted. See generally, MacIntosh v. Bldg. Owners & Managers Ass'n Int'l, 355 F. Supp. 2d 223, (D.D.C. 2005) citing Swierkiewicz v. Sorema, 534 U.S. 506, 508. Plaintiff's Complaint has provided sufficient notice to the Defendants of the alleged claims and discovery on this point may well produce further evidence in support of Plaintiff's position. It is inappropriate at this

stage of the proceedings to dismiss Plaintiff's Defamation Plus Claim as the Defendants have failed to prove that Plaintiff has no possibility to succeed on the merits of the case.

      **E.**      **Plaintiff's Incorporates His Previous Arguments As To CMPA Preemption of Intentional and Negligent Infliction of Emotional Distress, Punitive Damages, and Injunctive Relief.**

Plaintiff incorporates his arguments stated in the Memorandum of Points and Authorities in Support of Partial Summary Judgment and in Opposition to Defendants' Motion to Dismiss, And/Or, in the Alternative for Summary Judgment as to why Defendant is not entitled to Dismissal or Summary Judgment on these points. The parties' respective positions on these points has been thoroughly briefed and presented to the Court in prior pleadings. Additionally, Plaintiff reasserts that the question of qualified immunity and punitive damages are best considered after discovery has allowed the parties to develop the factual elements of the case.

WHEREFORE, Plaintiff Robin Hoey respectfully requests that the Court deny Defendants' Motion to Dismiss the Amended Complaint, And/Or In The Alternative, Motion for Summary Judgment.

          Respectfully submitted,

          HANNON LAW GROUP, LLP


          */s/ J. Michael Hannon*
          J. Michael Hannon, #352526
          1901 18th Street, N.W.
          Washington, DC 20009
          (202) 232-1907
          (202) 232-3704 (facsimile)
          jhannon@hannonlawgroup.com

          *Attorneys for Plaintiff Robin Hoey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| ROBIN HOEY, | : | |
| Plaintiff, | : | Case Number: 1:07-cv-00919 |
| | | Judge John D. Bates |
| v. | : | |
| DISTRICT OF COLUMBIA, et. al., | : | |
| Defendants. | : | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN GENUINE DISPUTE**

In response to Defendants' Statement of Material Facts Not In Genuine Dispute in support of their Motion to Dismiss the Amended Complaint, And/Or, In the Alternative , Motion for Summary Judgment, the Plaintiff provides the following Statement of Material Facts In Dispute.

1. Statements concerning the reason for Plaintiff's discharged were publicly disseminated.

Respectfully submitted,

HANNON LAW GROUP, LLP

  */s/ J. Michael Hannon*
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorneys for Plaintiff Robin Hoey*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| ROBIN HOEY, | : | |
| Plaintiff, | : | Case Number: 1:07-cv-00919 |
| | | Judge John D. Bates |
| v. | : | |
| DISTRICT OF COLUMBIA, et. al., | : | |
| Defendants. | : | |

## **ORDER**

On consideration of Defendants' District of Columbia and Cathy Lanier's Motion to Dismiss the Amended Complaint, And/Or, In The Alternative, Motion for Summary Judgment, any opposition thereto, the facts, the law and record herein, it is, by the Court, this ____ day of _____ 2007,

**ORDERED**, that the Defendants' District of Columbia and Cathy Lanier's Motion to Dismiss the Amended Complaint, And/Or, In The Alternative, Motion for Summary Judgment is hereby, **DENIED.**

_____
THE HONORABLE JOHN D. BATES
District Judge

Copies to:

Leah Brownlee Taylor
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D.C.  20001

Patricia A. Jones
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D.C.  20001

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C.  20009