IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, )<br>And CATHY LANIER )<br>)<br>    Defendants. ) | Civil Action No. 07-00919(JDB)<br>Oral Argument Requested |

**DEFENDANTS DISTRICT OF COLUMBIA AND CATHY LANIER'S
SUPPLEMENT TO THEIR AMENDED MOTION TO DISMISS THE AMENDED
COMPLAINT, AND/OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT**

The Defendants District of Columbia and Chief Cathy Lanier, by and through the undersigned counsel, supplement their amended motion to dismiss Plaintiff's Amended Complaint and/or motion for summary judgment. As reasons for the supplement to the pending motions, the Defendants state the following:

1. The District of Columbia Court of Appeals has recently issued an opinion, *Sims v. District of Columbia*, 2007 D.C. App. Lexis 581 (D.C. October 4, 2007), which directly addresses the issues raised before this Court. See Opinion, hereto attached as Exhibit A.

2. The *Sims* Court held that an employee does not lose his rights under the career service unless he has waived those rights in writing.

3. The Court also held that if an employee does not waive his rights as a career service employee, he is not entitled to the position to which he was promoted.

4. Plaintiff did not possess a protected interest in the position of Commander because he did not waive his rights to remain in the career service, and he is not entitled to any damages or injunctive relief.

The Defendants District of Columbia and Chief Cathy Lanier have appended a Memorandum of Points and Authorities in support of this supplement.

                                              Respectfully submitted,

                                              LINDA SINGER
                                              Attorney General for the District of Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General
                                              Civil Litigation Division

                                              _____/s/ Patricia A. Jones_____
                                              PATRICIA A. JONES [428132]
                                              Chief, General Litigation, Section IV

                                              _____//Leah  Taylor_____
                                              LEAH BROWNLEE TAYLOR [488966]
                                              Assistant Attorney General
                                              441 Fourth St., N.W., 6th Floor South
                                              Washington, D.C.  20001
                                              (202) 724-7854; (202) 727-6295

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 07-00919(JDB) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
|       Defendant. | ) |

**DEFENDANTS' SUPPLEMENT TO THEIR STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

In support of their Motion for Summary Judgment, these defendants herein submit their supplement to their Statement of Material Facts Not in Genuine Dispute, and state as follows:

1.    Plaintiff does not allege that he signed a waiver of his career service rights as a Captain when he was promoted to Commander. *See* Amended Complaint.

2.    Any internal placement of a Career Service appointee to a position with less rights and benefits is not effective unless the employee has waived the rights and benefits in writing. *See* 6 DMR §833.2 (1985

3.    The Commander position is an Excepted Service position with less job protection, rights and benefits than a Career Service position. CITE TO EVIDENTIARY SUPPORT.

                                      Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia

        GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

   /s/ Leah Brownlee Taylor
LEAH BROWNLEE TAYLOR [0488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00919(JDB) |
| ) | Oral Argument Requested |
| THE DISTRICT OF COLUMBIA, ) | |
| And CATHY LANIER ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA AND CATHY LANIER'S SUPPLEMENT TO THEIR MOTION TO DISMISS THE AMENDED COMPLAINT, AND/OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

In support of their supplement to their Motion to Dismiss, and/or Motion for Summary Judgment, these defendants submit this memorandum of points and authorities.

I.   Preliminary Statement

On _____, plaintiff was promoted from the rank of Captain, a career service position, to the rank of Commander, an Excepted Service position.  CITE TO SUPPORT.  *See also,* D.C. Official Code § 1-608(d-2)(1); DPM 872.5.  Upon information and belief, plaintiff did not sign a written waiver of his career service rights.  CITE TO SUPPORT.

On January __, 2007, defendant Cathy Lanier assumed the position of Chief of the D.C. Metropolitan Police Department (hereafter "MPD").  CITE TO SUPPORT.  On April 19, 2007, as part of her efforts to reorganize/restructure MPD, defendant Lanier demoted plaintiff from the rank of Commander to the rank of Captain.  CITE TO SUPPORT.

The position of Commander is an excepted service, "at will," position within MPD. These persons serve at the pleasure of the MPD's Chief, and can be removed at any time without cause. The position of Commander is a position with less job protection and benefits than a career service position. CITE TO SUPPORT. Any internal placement of a Career Service appointee to a position with less rights and benefits is not effective unless the employee has waived the rights and benefits in writing. *See* 6 DMR §833.2 (1985).

On October 4, 2007, the Court of Appeals issued the decision *Sims v. District of Columbia*, 2007 D.C. App. Lexis 581, * 20 (D.C. October 4, 2007). Nathaniel Sims, a former employee of the District of Columbia, was terminated from an Excepted Service position and reassigned at a lower salary to a career service position. He appealed the Superior Court's decision that denied his petition for review of an order from the Office of Employee Appeals (OEA), which denied his grievance. The Court held that because plaintiff had not signed a written waiver of his career service rights, his promotion to the excepted service was invalid and he had no protected interest in the invalid promotion. As set forth below, the defendants are entitled to judgment as a matter of law on all claims set forth in plaintiff's Amended Complaint because plaintiff Hoey had no liberty rights in the Commander position from which he was demoted.

II.   Argument

    A.   Standard to be Applied for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The Supreme Court has recently clarified the standard by which a complaint challenged by a Rule 12(b)(6) motion must be judged. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (May 21, 2007), the Court held that, while a complaint

so attacked "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Slip op.* at 8 (citing, *inter alia*, *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

The Court specifically disavowed *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which innumerable courts have cited over the decades for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  The *Bell Atlantic* Court wrote:

> *Conley*'s "no set of facts language has been questioned, criticized, and explained away long enough. [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Bell Atlantic*, *supra*, 127 S.Ct. at 1969.

The Court has determined that for a complaint to survive a Rule 12(b)(6) motion to dismiss, there must be a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Id*. at n.8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

B.   Standard to be Applied Pursuant to Fed. R. Civ. P. 56

Pursuant to the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c).  *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Kitt v. Capital Concerts, Inc*., 742 A.2d 856, 858 (D.C. 1999).  No class of cases, including employment

discrimination claims, is exempt from this rule. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148 (2000); *Evans v. New York Botanical Garden*, 253 F. Supp. 2d 650, 657 (S.D.N.Y. 2003) ("The salutary purposes of summary judgment . . . apply no less to discrimination cases than to commercial or other areas of litigation.").

The mere existence of a factual dispute will not preclude summary judgment. Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and cannot be based on conclusory allegations, denials or opinions. *Crenshaw v. Georgetown University,* 23 F.Supp. 2d. 11 (D.D.C. 1998). The Supreme Court has expressly authorized early summary judgment when public officials face insubstantial claims such as those now before the Court. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982).

    C.    <u>Defendants District and Lanier Are Entitled to Dismissal and/or Summary Judgment As A Matter of Law</u>.

        1.    <u>Plaintiff's Promotion to the Excepted Service Position Was Invalid, and He Did Not Have a Protected Interest In the Commander Position.</u>

The appointment of a Career Service employee to a position that has less job protection, rights and benefits has no legal effect, i.e. it is invalid as a matter of law. *See Sims, supra*; *see also,* 6 DMR §833.2 (1985). This Court must be guided by the facts and holding in *Sims* as it is on point with the issues in this case. In *Sims*, the plaintiff challenged his demotion from his Excepted Service position as an Executive Director to a Career Service position, claiming that the District demoted him "without providing him the benefit of protections to which he claims to have been entitled" under the

Comprehensive Merit Personnel Act (hereafter "the CMPA"). *Id.* at *8. It was undisputed that the plaintiff did not waive his career service rights before accepting his promotion. Id. at *14. However, Sims contended that he held his Executive Director position as a Career Service employee and that the District's attempt to classify the Executive Director position as an Excepted Service position was erroneous. *Id.* at *8. On review from the District of Columbia Superior Court and Office of Employee Appeals ("OEA), the *Sims* Court adopted OEA's findings regarding plaintiff's appointment to an Excepted Service position. It ruled that plaintiff's appointment to the Executive Director position was invalid as a matter of law because his promotion violated 6 DMR §833.2, which governs changes to positions with less rights. *Id.*

The *Sims* Court held that the plaintiff was not legally entitled to the position to which he was promoted or to the pay. *Id.* In the instant case, plaintiff similarly argues that the position of Commander was a Career Service position, despite the fact that District regulations state unequivocally that "Assistant Chiefs of Police, Commanders and Inspectors **are excepted** [from Career Service], who serve at the pleasure of the Chief of Police. The Chief of Police has the discretion to return Assistant Chiefs of Police, Commanders and Inspectors to their previous rank/position."(emphasis added). *See* DPM § 872.5. Plaintiff did not waive his career service rights (as a Captain) when he accepted the position of Commander. Because the Commander position is at-will, with less job protection, rights and benefits than a career service position, the promotion was not effective. *See* 6 DMR §833.2 (1985). Plaintiff's promotion to the Commander position was therefore invalid and he had no property interest in the Commander position.

9

*See* 6 DMR §833.2 (1985). *See also, Sims, supra.* Plaintiff, therefore, is not entitled to any damages or injunctive relief.

                                           Respectfully submitted,

                                           LINDA SINGER
                                           Attorney General for the District of Columbia

                                           GEORGE C. VALENTINE
                                           Deputy Attorney General
                                           Civil Litigation Division

                                               /s/ Patricia A. Jones
                                           PATRICIA A. JONES [428132]
                                           Chief, General Litigation, Section IV

                                               //Leah  Taylor
                                           LEAH BROWNLEE TAYLOR [488966]
                                           Assistant Attorney General
                                           441 Fourth St., N.W., 6th Floor South
                                           Washington, D.C.  20001
                                           (202) 724-7854; (202) 727-6295

IN THE UNTED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00919(JDB) |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

ORDER

Upon consideration of the Defendants District of Columbia and Cathy Lanier's Motion to Dismiss the Amended Complaint, the memorandum of points and authorities in support thereof, their supplement, the facts, the law and the record herein, and any opposition thereto, it is this __ day of _____ 2007, and it is,

**ORDERED:** that the Defendants District of Columbia and Cathy Lanier's Motion to Dismiss the Amended Complaint is hereby **GRANTED** for the reasons set forth in their motion; and it is,

**FURTHER ORDERED:** that the complaint in Civil Action No. 07-00919 is hereby **DISMISSED WITH PREJUDICE.**

John D. Bates
United States District Court Judge

11

IN THE UNTED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-00919(JDB) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

ORDER

Upon consideration of the Defendants District of Columbia and Cathy Lanier's Motion for Summary Judgment, the memorandum of points and authorities in support thereof, the facts, the law and the record herein, and any opposition thereto, it is this _____day of _____ 2007, and it is,

**ORDERED:** that the Defendants District of Columbia and Cathy Lanier's Motion for Summary Judgment is hereby **GRANTED** for the reasons set forth in their motion; and it is,

**FURTHER ORDERED:** that summary judgment is hereby entered in favor of the District of Columbia and Chief Cathy Lanier.

                                                      John D. Bates
                                                      United States District Court Judge