**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| ROBIN HOEY, | : | |
| Plaintiff, | : | Case Number: 1:07-cv-00919 (JDB) |
| | | The Honorable John D. Bates |
| v. | : | |
| DISTRICT OF COLUMBIA, et. al., | : | |
| Defendants. | : | |

**PLAINTIFF'S  RESPONSE TO DEFENDANT'S**
**SUPPLEMENT TO THEIR MOTION TO DISMISS**
**THE COMPLAINT, AND/OR, MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robin Hoey, by and through his attorneys HANNON LAW GROUP, LLP, respectfully presents this Response to Defendants' Supplement to Their Amended Motion to Dismiss the Amended Complaint, And/Or, In The Alternative, Motion for Summary Judgment.

**INTRODUCTION**

On May 16, 2007, Plaintiff filed a civil action against Defendants District of Columbia and Chief Lanier pursuant to 42 U.S.C. § 1983.  On August 20, 2007 Plaintiff amended his complaint to include a "defamation plus" claim based on statements made by Chief Lanier to Councilmember Alexander and by Chief Lanier's Assistant Yvonne Smith concerning his work performance and the issues concerning his demotion.  Defendants filed a Motion to Dismiss the Amended Complaint, And/Or, In the Alternative, Motion for Summary Judgment on June 14, 2007.   Plaintiff filed his Motion for Partial Summary Judgment and Opposition to Defendant's Motion on July 12, 2007.  Defendants filed a Supplement to their Motion on December 28, 2007.  Plaintiff now provides this Court with his Response to Defendant's Supplement to Their Amended Motion.  Plaintiff's response addressed the recent decision of the D.C. Court of Appeals in Sims v District of Columbia and Judge Lim's Initial Decision in the Office of Employee Appeals in Plaintiff's administrative matter.

**ARGUMENT**

I.     **FED. R. CIV. P. 12(b)(6) STANDARD FOR DISMISSAL.**

Plaintiff respectfully directs this Court to his previously filed Opposition to the Defendants' Motion to Dismiss as to the applicable standard for dismissal in this case.

II.     **SUMMARY JUDGMENT STANDARD**

Plaintiff respectfully directs this Court to his previously filed Motion for Partial Summary Judgment for the appropriate summary judgment standard in this case. Plaintiff's argument for Summary Judgment on Count III (Declaration of Rights) and Count IV (Injunctive Relief) has been strengthened by Senior Administrative Judge Lim's Initial Decision, asserting that Plaintiff is a member of Career Service, and ordering MPD to reinstate Plaintiff to his previous rank of Commander.

III.     **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON COUNT III (DECLARATION OF RIGHTS) AND COUNT IV (INJUNCTIVE RELEIF)**

    A.     **The Office of Employee Appeals Has Determined That Plaintiff Is A Career Service Employee.**

On December 14, 2007, Senior Administrative Judge Lim of the Office of Employee Appeals issued an Initial Decision in Robin Hoey's case wherein he made several important conclusions about Plaintiff's personnel status. Judge Lim's decision recognized that D.C. law provides for both Career Service and Excepted Service Commander positions and asserted that Robin Hoey was a Career Service Commander, not subject to demotion without cause. Judge Lim's ruling was made with the benefit of extensive pleadings between the parties, as well as considerable evidence from Captain Hoey's personnel file. Judge Lim held that, "Employee was demoted without cause, and under the mistaken assumption by Agency that he was an 'at-will'

Excepted Service employee. Thus I conclude that Agency's action must be reversed and I thereby grant Employee's motion for summary judgment." OEA Initial Decision, P. 10.

In finding that Plaintiff was a Career Service employee, Judge Lim considered the same statutes, regulations and personnel records that are before this Court on this Motion. In his Findings of Fact section, Judge Lim noted two crucial facts:

> 7. Agency cannot produce any documents, nor does it claim it possesses any documents that would show Employee was ever appointed into an Excepted Service position.
>
> 8. In all its communications to Employee, Agency never asserts that Employee was demoted for cause.

OEA Initial Decision P. 2. These facts are vital to Judge Lim's ruling and to the Motion before this Court because they support Plaintiff's position that he is a Career Service employee, and was demoted without cause in violation of the Comprehensive Merit Protection Act, which states that Career Service employees have a statutory right to be discharged only for cause. See D.C. Code §1-617.1(b). Sims v. District of Columbia, 933 A.2d 305 (D.C. 2007), confirms that in the absence of any evidence suggesting Robin Hoey was appointed to an Excepted Service position, he is deemed to continue in Career Service.

Beyond considering Plaintiff's personnel records, Judge Lim examined the applicable statutory and regulatory scheme and determined, as Plaintiff argues in his Motion for Partial Summary Judgment before this Court that, "Career Service Inspectors and Commanders are promoted to their positions, while Excepted Service Inspectors and Commanders are appointed to their positions. The former may not be demoted by the Chief of Police without cause. The latter may be demoted without cause." OEA Initial Decision, P. 10. In reaching this conclusion, Judge Lim examined the D.C. Code including D.C. Code § 1-608.01(d-2)(1) which is the basis

3

for Plaintiff's position that Inspectors, Commanders, and Assistant Chiefs can be both promoted and appointed. Judge Lim reached the same conclusion as argued by Plaintiff, that not all Commanders are per se members of the Excepted Service, but rather that "Career Service Inspectors and Commanders are promoted to their positions." Id.

Judge Lim's decision acknowledges the interworkings between the Career Service statute and the Excepted Service, in particular the statute which limits the total number of authorized positions within the Metropolitan Police Department as Excepted Service policy positions to 1%, no more than 10 of which may be filled with sworn members of officers. D.C. Code § 1-609.03(a)(2). On its face, this statute makes the Defendants position that all Commanders (not to mention Inspectors) are members of the Excepted Service untenable, because the number of sworn officers in those positions easily exceeds the 1% allotment. As is clear from the applicable D.C. Codes concerning MPD personnel, *appointed* members of the Chief's command staff serve only at her pleasure while *promoted* officers retain the benefits of the CMPA, namely, demotion only for cause. As stated by Judge Lim, "the CMPA was instituted precisely so that Career Service government employees are promoted or punished based solely on merit, insulated from a superior's political whim and caprice." OEA Initial Decision, P. 9. It is exactly this sort of whim and caprice to which Robin Hoey was subjected.

> **B. The Opinion in Sims v. District of Columbia Supports Plaintiff's Position That He Is A Career Service Employee Who Cannot Be Demoted Without Cause.**

"In order to assure that a Career Service employee does not lose his or her protections unknowingly, an employee in the Career Service cannot be moved into the Excepted Service unless the employee first signs a waiver of his Career Service rights." Sims v. District of Columbia, 933 A.2d at 308. A simpler statement in support of Plaintiff's position could not be

made. The opinion undertook a thorough analysis of how a public employee becomes a member of the Excepted Service and confirms Plaintiff's position that he never became a member of the Excepted Service. The Defendants' reliance on Sims in support of their position is entirely misplaced, as Plaintiff Hoey was never asked to waive his rights as a Career Service employee, supporting his view that he remained Career Service and confirming what his personnel records all reflect. Leaving the Career Service was never for Hoey to accept the promotion to Commander.

In Sims, the D.C. Court of Appeals held that, "the District neglected to have Employee waive Career Service rights as required by the applicable personnel regulations and, as a result, Agency's action appointing Employee to the Excepted Service was rendered ineffective." Sims, 933 A.2d at 311. In their Supplement before this Court, Defendants attempt to use that holding to argue that because Plaintiff did not waive his Career Service rights, his promotion to Commander was invalid, and therefore he has no property interest in that position. See Defendant's Supplement P. 5. Such an argument, however, begs the question. Since Plaintiff Hoey was being promoted to a Career Service position, there would be no need for him to waive his rights. Defendants in essence require this Court to conclude that MPD made a mistake when it identified Robin Hoey as a Career Service Inspector and Commander, and also made a mistake in not having him waive his rights to Career Service protection. There is no evidence of that, even if such "errors" would entitle Defendants to judgment.

D.C. regulations provides that, "Any internal placement of a Career Service appointee to a position with less rights and benefits shall not be effective unless the employee has waived the rights and benefits in writing; and the waiver shall be made a permanent part of the employee's Official Personnel Folder." 6 DCMR § 8332.2. Given this language, the Defendant's position

5

that Plaintiff is an Excepted Service employee is a complete impossibility.  As the Defendant's Supplement itself points out, Plaintiff has never signed any waiver relinquishing his rights in the Career Service.  Judge Lim noted this as well: "It is undisputed that Agency never performed any act required to transform Employee's position into an Excepted Service one."  "Indeed, Agency does not deny that Employee's latest DC Form 1 indicated that he was *promoted to a Career Service Commander position*.  Agency itself admits it has nothing to show that Employee was ever appointed into an Excepted Service position." OEA Initial Decision P. 5.

Defendants argue that Plaintiff's paperwork is of no value to his legal argument; yet, they offer no documentation, as required by the statute and affirmed by Sims, to support their position that he is Excepted Service and has no property interest in his Commander position.  There is no disagreement that Plaintiff's prior position of Captain was in the Career Service.  See Defendant's Footnote 1.  There is no waiver of Career Service rights because he was promoted to Inspector and the Commander.  The Plaintiff is not, as suggested by the Defendant's Supplement seeking a, "grandfathered right to the Excepted Service position" but rather a declaration that he is a member of the Career Service, having never been appointed to the Excepted Service.

The Plaintiff acknowledges that the D.C. Code and Regulations allow for the appointment of Excepted Service Commanders.  Such appointed Commanders would need to relinquish any Career Service rights they may have.  The facts of Plaintiff's case however dictate that he was never appointed to the Excepted Service, and the holding of Sims simply affirms this position.  Judge Lim's decision on this point is not "contrary to existing statutory and regulatory law" as suggested by Defendants because it acknowledges that appointed Excepted Service Commanders may be still be demoted to Captain without cause at the Chief's discretion.  It is

6

exactly this flexibility in the language of 1-608.02(d-2) that allows for both appointed and promoted command staff, such as the position of Commander.

The D.C. Code does not allow the Chief of Police the unfettered discretion that Defendants now seek.  It limits that discretion to 1% of authorized positions within the Metropolitan Police Department.  To find that the Chief of Police can demote without cause any Inspector or Commander, whether they were appointed or promoted, "would be to render the distinction between Career Service employees and "at-will" employees meaningless."  OEA Initial Decision P. 9.

### C. Res Judicata Bars Defendants From Relitigating Plaintiff's Status

Under the legal doctrine of res judicata, one party in a legal proceeding is prevented from getting another day in court after receiving an unsatisfactory result to his/her claim. In the OEA matter, Defendants had an adequate opportunity to litigate the issue of Plaintiff's personnel status before Senior Administrative Judge Lim.  Judge Lim's Initial Decision becomes final once the parties either fail to file a Petition for Review with the Office of Employee Appeals within 35 calendar days of the issuance of the Initial Decision, or a Petition for Review is denied.  While the Defendants Supplemental Memorandum notes that the Initial Decision is not yet a Final Decision, any potential appeal by MPD of what may shortly become a Final decision does not change the finality of the OEA decision with regard to res judicata.

The U.S. District Court for the D.C. Circuit has held that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Arakawa v. Reagan, 666 F. Supp. 254, 262 (D.D.C. 1987), citing Allen v. McCurry, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980).

The <u>Arakawsa</u> court goes on to find that, "[t]his preclusive effect attaches to administrative proceedings when, as with proceedings before the MSPB, the administrative tribunal 'is acting in a judicial capacity and resolves issues of fact properly before it which the parties have had an adequate opportunity to litigate' and there is an opportunity for judicial review of adverse decisions." Id. (internal citations omitted).

Finally, should this Court choose not to give deference to Judge Lim's opinion before it becomes a Final Decision, there has been no information presented to this Court to lead it to a different conclusion than that reached by Judge Lim. This Court, as part of a larger constitutional rights claim, is being asked to make a declaration based on the same statutes, regulations, and documentary evidence upon which Judge Lim found in favor of the Plaintiff.

WHEREFORE, Plaintiff Robin Hoey respectfully requests that the Court deny Defendants' Motion to Dismiss the Amended Complaint, And/Or In The Alternative, Motion for Summary Judgment and Grant Plaintiff's Motion for Partial Summary Judgment on Count III (Declaration of Rights) and Count IV (Injunctive Relief).

Respectfully submitted,

HANNON LAW GROUP, LLP


*/s/ J. Michael Hannon*
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorneys for Plaintiff Robin Hoey*

Local Rule 7 Certification

On December 28, 2007 and in their pleading of December 28, 2007, Defendants consented to filing of Plaintiff's Response on or about January 8, 2008.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Plaintiff's Response to Defendant's Memorandum in Support of Their Motion to Dismiss the Amended Complaint, And/Or, In the Alternative Motion for Summary Judgment** was sent via electronic filing, this 9th day of January, 2008 to:

Leah Brownlee Taylor
Office of the Attorney General
441 Fourth Street, NW
6th Floor-South
Washington, DC 20001-2714

                                               */s/ J. Michael Hannon*
                                               J. Michael Hannon